IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| DARYL GREG SMITH, | § | Lead Case No. 21-60162-rbk |
| | § | |
| CANADIAN RIVER RANCH, LLC | § | Second Case No. 21-60163-rbk |
| | § | |
| Jointly Administered Debtors. | § | (Jointly Administered Under |
| | § | Case No. 21-60162-rbk) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LAND DOCTORS, INC. AS THE DEBTORS' REAL ESTATE BROKER EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

> **This pleading requests relief that may be adverse to your interests.**
>
> **If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**
>
> **A timely filed response is necessary for a hearing to be held.**

To the Honorable United States Bankruptcy Judge:

COME NOW the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-styled bankruptcy cases and file this the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Land Doctors, Inc. as the Debtors' Real Estate Broker Effective* Nunc Pro Tunc *to the Petition Date* (the "Application"), in support of which they would respectfully show as follows.

**RELIEF REQUESTED**

1.  The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), approving the employment and retention of Land Doctors, Inc. ("Land Doctors") as the Debtors' real estate broker effective *nunc pro tunc* to the Petition Date (as defined herein) with respect to approximately 11,084 acres located in McIntosh County, Oklahoma

(the "Property") on the terms described in the *Listing Agreement – Exclusive Right to Sell*, dated August 18, 2020 (the "Listing Agreement"), including any extension thereof, at the Debtors' sole discretion. A true and correct copy of the Listing Agreement is attached to the Order as Exhibit 1 and incorporated herein by reference. In support of this Application, the Debtors submit the declaration of Kelly Hurt, owner of Land Doctors (the "Declaration"), attached hereto as **Exhibit B**.

### JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Western District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Application constitutes a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 327 and 328 of the title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014, 2016, 9013, and 9014 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Local Rules").

### BACKGROUND

4. On April 9, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has ordered procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). A request for the appointment of a trustee in these chapter 11 cases is pending and is set for hearing on June 22, 2021; no committees have been appointed or designated.

### A. The Property

5. The Property is comprised of approximately 11,084 acres located in McIntosh County, Oklahoma, which were purchased in various tracts between December 2000 and February 2013.

6. The initial purchase of 10,497.35 acres was made by Debtor Daryl Greg Smith ("Daryl") and business partner Darren Keith Reed ("Keith")—together with their respective spouses, Karen A. Smith ("Karen," and together with Daryl, the "Smiths") and Julie Ann Reed ("Julie," and together with Keith, the "Reeds"). Of the initial acreage purchased, the Smiths acquired a 9/10th undivided interest and the Reeds acquired a 1/10th undivided interest. The remaining acreage comprising the Property was acquired through various purchases by (1) the Smiths and the Reeds together, with the parties acquiring respective 9/10 and 1/10 interests; (2) the Smiths, (3) Daryl, (4) Keith, and (5) Debtor Canadian River Ranch, LLC ("CRR, LLC").

### B. Divorce Proceedings

7. In 2015, Karen commenced divorce proceedings (the "Divorce Proceedings") in the 325th District Court for Tarrant County, Texas (the "Family Court"). In November 2019, the Family Court entered a Final Decree of Divorce (the "Divorce Decree"), which, among other things, ordered a division of community property, including, among other things, awarding to Daryl, as his sole and separate property—and divesting Karen of all right, title, interest, and claim to—100% of the community interest in CRR, LLC and in the Property.[1]

8. The Divorce Decree included the entry of a money judgment in favor of Karen (the "Money Judgment") and ordered Daryl to sign a note payable to Karen in the amount of the Money Judgment (the "Money Judgment Note"). The Divorce Decree ordered that the Money

---

[1] Karen retains an undivided 50% interest in the mineral acreage.

Judgment Note be secured by liens on certain property, including Daryl's interests in the Property, and appointed a receiver to effect such liens (the "Money Judgment Lien").

9. On February 7, 2020, the Family Court entered an *Order Appointing Substitute Receiver and Granting Specific Authority to Receiver*, which appointed Stanley W. Wright as the receiver (the "Receiver") in the Divorce Proceedings to effectuate the Money Judgment Lien. On February 7, 2020, Karen and the Receiver executed various deeds, which purported to convey Karen's interest in the properties, including the Property, to the Receiver "for and on behalf of" Daryl (the "Receiver Deeds"). The Receiver also executed mortgages on the properties to Karen to secure the Money Judgment Note (the "Receiver Mortgages"). The Receiver Deeds and the Receiver Mortgages were recorded in the respective counties, and the Receiver has been discharged.

### C. Retention of Land Doctors

10. Prepetition, the owners of the Property—Keith, Julie, and the Debtors—retained Land Doctors as real estate broker pursuant to the Listing Agreement to market and sell the Property in order to satisfy the Money Judgment. The Listing Agreement provides for a standard four percent (4%) commission to Land Doctors upon the sale of the Property (the "Brokerage Fee"). The Brokerage Fee is calculated off of the total sales price of the Property and shall be paid out of the proceeds of the sale. The Debtors believe that the Brokerage Fee is reasonable and is necessary to maximize the value of the Property.

11. Land Doctors has surveyed the Property and prepared a promotional video of the Property, which is posted on the Land Doctors' website.[2] Land Doctors has also listed the Property on the major land sites, such as Farm & Ranch Publishing, Lands of America, and LandWatch.

12. To date, Land Doctors' efforts have garnered interest from approximately ten potential purchasers and real estate brokers, and Land Doctors has conducted approximately five showings of the Property to interested parties. Land Doctors has received one verbal offer for the Property and is presently in discussions with a real estate broker regarding a potential written offer in the coming weeks.

## BASIS FOR RELIEF REQUESTED

13. The Debtors determined, in their sound business judgment, to retain an experienced broker to assist them with a value-maximizing sale of the Property. Accordingly, the Debtors seek to employ and retain Land Doctors pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Bankruptcy Local Rule 2014 to assist the Debtors with the sale of the Property.

14. A debtor in possession, subject to Court approval, may employ one or more professional persons that do not hold or represent interests adverse to the estate and that are disinterested persons to represent or assist the debtor in possession in carrying out the debtor in possession's duties. *See* 11 U.S.C. § 327(a). The professional person may be employed "on any reasonable terms and conditions of employment, including . . . on a fixed or percentage fee basis." 11 U.S.C. § 328(a). The application to retain such professional persons must include:

> the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and,

---

[2] Canadian River Rach, The Land Doctors, https://landdoctors.com/property/canadian-river-ranch-mcintosh-oklahoma/10167/.

to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

15. As described in further detail in the Declaration, Land Doctors began marketing the Property in August 2020. Land Doctors was founded in 2015 by Kelly Hurt. Land Doctors is locally owned and operated in Oklahoma, and Land Doctors has years of experience marketing and selling farm and ranch property, such as the Property, in Oklahoma. Land Doctors sold approximately 40 such properties in 2020 and currently has approximately 18 such properties under contract for marketing and sale.

16. Accordingly, the Debtors believe that Land Doctors is uniquely qualified to perform the services specified herein. Without Land Doctors' engagement, the Debtors would be unlikely to gain the maximum return on the sale of the Property. Furthermore, the compensation arrangement with Land Doctors is structured to provide Land Doctors with the incentive to obtain the highest possible price for the Property.

17. The Debtors respectfully submit that the retention and employment of Land Doctors as real estate broker under the terms of the Listing Agreement, including any extension thereof, at the Debtors' sole discretion, in connection with these chapter 11 cases is permitted by sections 327(a) and 328(a) of the Bankruptcy Code, and this Application meets the requirements of Bankruptcy Rule 2014. Such retention and employment is reasonable under the circumstances and is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

A. **Terms of Engagement**

18. Pursuant to the Listing Agreement, and subject to the Court's authorization, Land Doctors has agreed to serve as real estate broker to the Debtors and their estates.

19. Pursuant to the terms of the Listing Agreement, the Debtors propose to pay Land Doctors a brokerage fee equal to four percent (4%) of the total sales price for the sale of the Property. The Debtors submit that the terms and conditions of Land Doctors' retention as described herein, including the proposed compensation, are reasonable and in keeping with the terms and conditions typical for engagements of this size and character.

B. **Land Doctors' Disinterestedness**

20. To the best of the Debtors' knowledge, Land Doctors is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code. Land Doctors does not have any connection with or hold any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Declaration.

21. Specifically, Land Doctors:

   a. is not a creditor, equity security holder, or an insider of the Debtors;

   b. was not, within two years before the date of filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and

   c. does not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

22. The Debtors have been informed that Land Doctors will conduct an ongoing review of its files for the duration of its retention, and if any new relevant facts or relationships are discovered, Land Doctors will disclose such information to the Court.

23. The Debtors' knowledge, information, and belief regarding the matters set forth in this Application are based, and made in reliance upon, the Declaration and other information provided by Land Doctors.

24. The Debtors submit that the retention of Land Doctors on the terms and conditions set forth in the Listing Agreement, as summarized herein, is in the best interests of the Debtors, their estates and creditors, and all other parties in interest. The Listing Agreement is a commercially reasonable compensation and retention agreement for real estate brokers who provide similar services to those provided by Land Doctors. Moreover, Land Doctors has marketed the Property since August 2020 and has already communicated with approximately ten potential purchasers and real estate brokers, conducted approximately five showings of the Property to interested parties, and anticipates receiving a written offer in the coming weeks.

25. Furthermore, the Debtors believe that Land Doctors is a "disinterested person" and does not hold or represent any interest adverse to the estates, the Listing Agreement provides reasonable compensation to Land Doctors for the services to be provided, and Land Doctors will provide a substantial benefit to the Debtors by efficiently liquidating the Property, which will produce significant cash for the Debtors' estates. Accordingly, the Court should approve the Listing Agreement and the retention of Land Doctors pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Bankruptcy Local Rule 2014.

## NOTICE

26. The Debtors will provide notice to parties in interest, including: (a) the Office of the United States Trustee for the Western District of Texas; (b) the holders of the 20 largest unsecured claims against each of the Debtors; (c) all secured creditors of the Debtors; (d) all applicable government agencies to the extent required by the Bankruptcy Rules and the Bankruptcy Local Rules; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (f) counsel for any of the foregoing, to the extent known. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

27. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter the Order in substantially the form attached hereto and (b) grant the Debtors such other and further relief to which they may show themselves justly entitled.

RESPECTFULLY SUBMITTED this 19th day of May 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
500 North Akard St., Ste. 3800
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
tberghman@munsch.com

*Counsel to the Debtors
and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2021, a true and correct copy of the foregoing document was served upon the parties on the attached Matrix by United States Mail, first class, postage prepaid, or by electronic transmission through the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas to those parties in interest registered to receive such service.

*/s/ Thomas Berghman*
Thomas D. Berghman, Esq.