UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| DARYL GREG SMITH, | § | Case No. 21-60162-rbk |
| | § | |
| CANADIAN RIVER RANCH, LLC | § | Case No. 21-60163-rbk |
| | § | |
|     Debtors. | § | (Jointly Administered Under |
| | § | Case No. 21-60162-rbk) |

| | | |
|---|---|---|
| DARYL GREG SMITH and | § | |
| CANADIAN RIVER RANCH, LLC, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 21-06007-rbk |
| | § | |
| STANLEY W. WRIGHT and | § | |
| KAREN ANNETTE SMITH, | | |
|     Defendants | | |

**TRUSTEE'S EXPEDITED MOTION[1] FOR ORDER ((I) APPROVING ASSUMPTION OF SOLAR LEASE; (II) AUTHORIZING ENTRY INTO LEASE AMENDMENT; (III) PROVIDING PROTECTIONS FOR LESSEE; AND (IV) AUTHORIZING THE CHAPTER 11 TRUSTEE TO EXECUTE CERTAIN DOCUMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 70, MADE APPLICABLE TO THIS PROCEEDING THROUGH FEDERAL RULE OF BANKRUPTCY PROCEDURE 7070**

TO THE HONORABLE RONALD B. KING,
UNITED STATES BANKRUPTCY JUDGE:

      Gregory S. Milligan, chapter 11 trustee in the above-captioned bankruptcy cases (the "**Trustee**"), files this *Trustee's Expedited Motion for Entry of Order: (I) Authorizing Assumption of Solar Lease; (II) Authorizing Entry into Lease Amendment; (III) Providing Protections for Lessee; and (IV) Authorizing the Chapter 11 Trustee to Execute Certain Documents Pursuant to*

---

[1] This motion is being filed in both the main bankruptcy case and the adversary proceeding listed in the style above.

040122-15051/4844-5086-2833.5

*Federal Rule of Civil Procedure 70, Made Applicable to this Proceeding through Federal Rule of Bankruptcy Procedure 7070* (the "**Motion**"), and would respectfully show as follows:

## JURISDICTION, VENUE AND AUTHORITY

1. This Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Authority for the relief sought herein is pursuant to section 363, 365 and 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6003, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 70 of the Federal Rules of Civil Procedure made applicable to these proceedings pursuant to Rule 7070 of the Bankruptcy Rules.

## SUMMARY OF REQUESTED RELIEF

3. Caddoa Creek Ranch, LLC ("**Caddoa**") (which is 90% owned by Daryl Greg Smith) executed a Ground Lease Agreement (the "**Lease**") with Angus Solar, LLC ("**Angus**"), as amended by the First Amendment to Ground Lease Agreement dated July 22, 2020. The court presiding over the State Court Proceeding (the "**State Court**") (i) ordered the dissolution of Caddoa and (ii) appointed Stanley Wright as Receiver to act on behalf of Daryl Greg Smith. The Receiver recorded a deed that has clouded title to the property that is the subject of the Lease (the "**Subject Property**"). The Receiver cannot execute the Revised Deed and Ancillary Documents because he has been discharged under the order appointing. The Lease is beneficial to the Debtors' estates, and it is a high priority of the Trustee to preserve these economic benefits.

4. Angus requires clean title in order to move forward with the development of a solar photovoltaic power array on the Subject Property, and time is of the essence. The title company requires (a) the recordation of a corrected deed, (b) confirmation that the Lease is valid, along with

any amendments, (c) clarity regarding who can execute any amendments or estoppels in the future, (d) that the rights of Angus are superior to the lien in favor of Karen Smith, and (e) an order of the Court approving the foregoing.

5. The relief sought by the Trustee is in both the main case (lease assumption and related matters) and the adversary proceeding (related to title issues). Accordingly, the Trustee seeks entry of an order that, among other things, provides authority for the Trustee (i) to execute and deliver a corrected deed (the "**Revised Deed**") and other ancillary documents necessary to effectuate the transfers (the "**Ancillary Documents**"), (ii) assume the Lease and enter into the lease amendment (the "**Lease Amendment**"), and (iii) approve the subordination between Karen Smith in favor of Angus (collectively, the "**Transaction Documents**"). As the relevant parties represented to the Court at the July 6, 2021 status conference in this matter, they are diligently working towards finalizing and executing the Transaction Documents. Because negotiations are ongoing, the Trustee is attaching the proposed order approving the Motion, which has been approved by Angus and is substantially in the form the parties anticipate executing in the near future and with approval of this Court. With respect to the Transaction Documents, those remain in process and upon completion will be submitted under separate cover. To the extent there are any revisions to the proposed order or the Transaction Documents, the Trustee will file redlines with the Court in advance of the hearing and provide copies to the interested parties.

## BACKGROUND

**A.   The Debtors, the bankruptcy filing, and the appointment of the Trustee**

6. Daryl Greg Smith and Canadian River Ranch, LLC (the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on April 9, 2021 (the "**Petition Date**"). Smith's bankruptcy estate is defined hereby as the "**Smith Estate**" and CCR's bankruptcy estate is defined as the "**CCR Estate**". The

Smith Estate and the CCR Estate are collectively referred to as the "**Estates**". On June 29, 2021, the United States Trustee requested appointment of the Trustee in this matter, and the Court approved such appointment. *See* Dkt. No. 91. The Trustee has the duties set forth in sections 1106 and 1108 of the Bankruptcy Code.

7. Caddoa is a Colorado limited liability company, 90% owned by Smith and 10% owned by Darren Keith Reed ("**Reed**").

**B. The Lease**

8. On or about October 31, 2017, Caddoa, as landlord, and Angus, as tenant, entered into the Lease. The Lease relates to a proposed solar energy farm to be built and owned by Angus, or its affiliates, on certain land then owned by Caddoa, specifically: up to 1,300 acres, plus or minus, of real property located approximately 1 mile west of County Road 2490 and near the City of Valley Mills, Bosque County, Texas, within Property ID Number R07041, R25530, R06132, R25531, R25559, R06131, R35349, R35348, R06101, R25533, R05181, R06113, R25532, and R35350 (collectively, the "**Subject Property**").

9. On June 28, 2019, Caddoa and Angus executed that certain Memorandum of Lease, which Angus caused to be filed with Bosque County (the "**County**") and recorded against title to the Subject Property as instrument number 2019-02195 (the "**Lease Memorandum**").

10. The Subject Property is more fully described on Exhibit "A" to the Lease and on Exhibits "A" and "B" to the Lease Memorandum. To the extent of any conflict, the Subject Property as defined and identified in the Lease and the Lease Memorandum controls.

11. The recording of the Lease Memorandum against title to the Subject Property gives Angus an encumbrance, enforceable against the world, against the Subject Property, as well as easement interests in and to the Subject Property. Pursuant to Texas law and the terms of the

040122-15051/4844-5086-2833.5

Lease, any transfer by Caddoa of its interests in the Subject Property or the Lease shall remain subject to the Lease.

12. On July 22, 2021, Angus and Caddoa entered into the First Amendment to Ground Lease Agreement.

C. **The Debtor's pre-petition divorce proceeding**

13. Separately, and after extensive divorce proceedings between Smith and his ex-wife, Karen Annette Smith ("**K. Smith**"), on November 27, 2019, the 325th Judicial District Court for Tarrant County, Texas (the "**State Court**") entered that certain *Final Decree of Divorce* (the "**Judgment**") in Cause No. 325-584465-15 (the "**State Court Proceeding**"). The Judgment has not been stayed, although it remains subject to potential appeals and discretionary review, none of which are prejudiced by anything contained in the proposed order approving this Motion (the "**Order**") except that, notwithstanding anything that may occur in connection with the Judgment or the State Court Proceeding, in no event shall any right, title, or interest of Angus in and to the Subject Property and recognized in or conferred by the Order be prejudiced[2].

14. Among other things, the Judgment ordered Smith to (a) vote his interest in Caddoa to dissolve Caddoa, and (b) cause Caddoa to transfer the Subject Property to Smith and to Reed individually, with Smith holding a 90% undivided interest in the Subject Property and Reed holding the remaining 10% undivided interest in the Subject Property. The Judgment orders that such transfers and the 90% interest that Smith held in the Subject Property would be subject to a lien in favor of K. Smith to secure the Judgment.

---

[2] To the extent this Motion is approved and the Order entered, Angus' possession rights under the Lease shall not be disturbed absent an event of default under the Lease.

040122-15051/4844-5086-2833.5

### (i) The appointment of the State Court receiver and the property transfers

15. Smith did not timely comply with the Judgment's order to effectuate the foregoing transfers. Accordingly, through subsequent proceedings in the State Court Proceeding, the State Court appointed Stanley W. Wright ("**Wright**") as a receiver for Smith for the limited purposes of (a) effectuating the transfers of certain properties, including the Subject Property, to Smith and to Reed and (b) recording deed of trust liens against such properties, including the Subject Property, in favor of K. Smith to secure the Judgment (the "**K. Smith Liens**").

16. On February 7, 2020, Wright, acting on the instructions of the State Court and in the stead of Smith, executed and recorded a Special Warranty Deed (the "**Transfer Deed**") to effectuate the transfer of the Subject Property to Smith and to Reed. Upon the execution and recording of the Transfer Deed, the State Court discharged Wright as Receiver, which terminated the authority granted to him by the State Court to act as a receiver.

17. The Transfer Deed provides that the "grantee" is "Stanley W. Wright, not in his individual capacity, but solely in his capacity as court-appointed receiver . . . for and on behalf of Daryl Greg Smith." The Transfer Deed also transferred an undivided ten percent (10%) interests in the Subject Property to Reed.

18. The splitting of legal title and equitable title on account of the requirement that Wright execute the Transfer Deed led to confusion and concern as to the Estates' ability, absent the resolutions hereinafter provided, to provide clean title to and thus monetize the Subject Property.

19. Prior to the appointment of the Trustee, the Debtors requested that Wright file a corrected Transfer Deed pursuant to the Judgment; however, Wright lacks the authority to do so because he has already been discharged as Receiver pursuant to the State Court's appointing him. As a result, Wright, in his capacity as Receiver (the capacity in which he executed the Transfer

Deed) is legally incapable of executing and filing a corrected Transfer Deed and therefore cannot effectuate a corrected Transfer Deed.

**D.     The proposed assumption of the Lease by the Trustee**

20.     All interests of Smith in Caddoa and in the Subject Property are property of the Smith Estate.

21.     All rights of Smith as the 90% owner of the Subject Property under the Lease are property of the Smith Estate and all obligations under the Lease are obligations of the Smith Estate, pursuant to the terms of the Lease, the recording of the Lease Memorandum, and section 102(2) of the Bankruptcy Code.  The transfer of the Subject Property to Smith and Reed, and the granting of the K. Smith Liens, are all subject to the Lease, and all rights under the Lease are superior to the rights of K. Smith under the K. Smith Liens because the Lease Memorandum is recorded and is prior in time.

22.     The Lease is an unexpired lease or executory contract of the Smith Estate, since it is a pre-existing charge and encumbrance against the Subject Property, and since the transfer of the Subject Property from Caddoa to Smith was expressly subject to the Lease pursuant to the terms of the Lease and the Lease Memorandum.  As such, and even though Smith is not a party to the Lease, the Lease is a "lease of the debtor" within the meaning of section 365 of the Bankruptcy Code.

23.     The assumption of the Lease is a proper exercise by the Trustee of his business judgment, and such assumption is in the best interests of the Smith Estate.

24.     The Trustee, Smith, Reed, and Angus have prepared that certain Second Amendment to Ground Lease (the "**Lease Amendment**") to clarify the ownership of the Subject Property, the identity of the lessor, and the rights of Angus.  Entering into the Lease Amendment

is a proper exercise by the Trustee of his business judgment, and entering into the same is in the best interests of the Smith Estate.

25. All prerequisites and conditions to the assumption of the Lease and to the entry into the Lease Amendment have been satisfied. The Lease, as amended by the Lease Amendment, is referred to herein as the "**Amended Lease**". Subject to the rights of Angus, Smith and Reed under the Order, the Amended Lease may be sought to be assignable by Smith and the Smith Estate to Caddoa, and the Subject Property shall remain subject to potential transfer by Smith and the Smith Estate to Caddoa, subject to the rights of K. Smith under the K. Smith Liens.

26. Angus is leasing property of the Smith Estate under the Amended Lease and the Order in good faith, for reasonably equivalent value, and without any collusion, bad faith, or secret agreement. Accordingly, Angus is entitled to the full protections of section 363(m) of the Bankruptcy Code.

## RELIEF REQUESTED

27. By this Motion, the Trustee seeks entry of the Order, which authorizes (i) the assumption of the Lease; (ii) the entry into the Lease Amendment, (iii) providing protections for Angus, and (iv) the Trustee to execute certain documents to effectuate the transactions set forth above, pursuant to Federal Rule of Civil Procedure 70, as made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 7070.

## BASIS FOR RELIEF

28. Pursuant to sections 105(a), 362, 363, and 365 of the Bankruptcy Code, the Trustee hereby seeks the entry of the Order, authorizing the Trustee to assume and perform the Smith Estate's obligations under the Amended Lease. The Trustee also requests, to the extent it applies, a waiver of any stay of the effectiveness of the Order under Bankruptcy Rule 6004(h).

A.  **The Assumption of the Lease and Execution of the Amended Lease should be Approved Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code**

29. The Bankruptcy Code authorizes a debtor or trustee to "assume or reject an executory contract or unexpired lease of the debtor," subject to approval by the court. *See* 11 U.S.C. § 365(a); *In re Mirant Corp.*, 378 F.3d 511, 517-18 (5th Cir. 2004). Courts reviewing a debtor's decision to assume or reject an executory contract or unexpired lease apply a business judgment standard. *See Richmond Leasing Co. v. Capital Bank, N.A. (In re Richmond Leasing Co.)*, 762 F.2d 1303, 1309 (Bankr. N.D. Tex. 2009); *In re Market Square Inn, Inc.*, 978 F.2d 116, 121 (3d Cir. 1992) (the "resolution of [the] issue of assumption or rejection will be a matter of business judgment by the bankruptcy court"); *Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 573 (1984); *see also In re Pisces Energy, LLC,* 2009 WL 7227880, at *6 (Bankr. S.D. Tex. 2009). Debtors receive considerable discretion in determining whether to assume or reject an executory contract. *In re Pisces Energy*, 2009 WL at *6 ("In the absence of a showing of bad faith or an abuse of business discretion, the debtor's business judgment will not be altered."); *In re Continental Airlines Corp.*, 57 B.R. 845, 851 (Bankr. S.D. Tex. 1985) (same).

30. Once "the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986); *see also Computer Sales Int'l v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (Bankr. D. Del. 2003) (explaining that under the business judgment standard, a court should defer to the debtor's contract rejection, "unless that decision is the product of bad faith or a gross abuse of discretion"). Rather, there is "a presumption that in making a business decision the directors of a corporation acted on

an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Gantler v. Stephens*, 965 A.2d 695, 705-06 (Del. 2009); *see also In re Norma Res., Inc.*, 2011 WL 5357895 (Bankr. S.D. Tex. Nov. 7, 2011) (holding that the business judgment rule "is in effect a presumption that if the directors of the corporation make an informed decision that the disadvantages outweigh the advantages, the decision is reasonable.").

31. Accordingly, so long as a debtor (or trustee acting in their stead) exercises "reasonable" business judgment, a court should approve the proposed assumption or rejection. *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *Group of Inst. Investors v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943); *In re Pilgrim's Pride Corp.*, 403 B.R. 413, 421 (Bankr. N.D. Tex. 2009); *In re Idearc Inc.*, 423 B.R. 138, 157 (Bankr. N.D. Tex. 2009).

32. Further, assumption of an executory contract is appropriate where such assumption would benefit a debtor's estate. *See In re Food City, Inc.*, 94 B.R. 91, 93-94 (Bankr. W.D. Tex. 1988); *In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) ("Section 365 enables the [debtor] to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not."); *Burtch v. Masiz (In re Vaso Active Pharms., Inc.)*, 500 B.R. 384, 397-98 (Bankr. D. Del. 2013).

33. Assuming the Lease constitutes a use of property of the estate in a manner consistent with section 363(b) of the Bankruptcy Code and an assumption pursuant to section 365 of the Bankruptcy Code. Authorization to enter into the Lease Amendment is a transaction outside of the ordinary course of business that can also be approved by this Court pursuant to section 363 of the Bankruptcy Code. Both of the referenced sections of the Bankruptcy Code are predicated on the prudent exercise of business judgment by a chapter 11 trustee.

34. The Trustee's decision to assume the Lease is an exercise of his sound business judgment. First, as described above, the Lease is a valuable asset of the estate. Second, the preservation of this opportunity is beneficial to all stakeholders in the case. Third, the benefits to be derived from performance will result in a stream of rental income that will create long-term liquidity. Fourth, performance does not require the expenditure of funds by the Smith Estate.

35. This Court and others have approved debtors' assumption of prepetition leases on numerous occasions, analyzing the debtors' assumption decisions in the context of whether reasonable business judgment was exercised. Where, as here, the Trustee has acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the debtor, courts have appropriately deferred to these managerial decisions. *See, e.g., In re CHC Group LTD.*, No. 16-31854 (BJH) (Bankr. N.D. Tex. Jan. 25, 2017); *In re Juniper GTL, LLC*, No. 16-31959 (Bankr. S.D. Tex. June 13, 2016); *In re Magnum Hunter Res. Corp.*, No. 15-12533 (KG) (Bankr. D. Del. Feb. 9, 2016); *In re New Gulf Res., LLC*, No. 15-12566 (BLS) (Bankr. D. Del. Feb. 4, 2016).

B. **The Trustee has Satisfied the Requirements of Section 365(b)(1)(A)-(C)**

36. Section 365(b)(1) of the Bankruptcy Code requires, among other things, that a debtor cure any existing defaults under an executory contract or unexpired lease and that a debtor provide adequate assurance of future performance prior to the contract or lease being assumed. *See* 11 U.S.C. 365(b)(1)(A)-(C). Here, there are no cure amounts required to be paid and the Smith Estate is a landlord with minimal performance requirements. In light of the foregoing, the Trustee believes that no adequate assurance is required, and the Trustee has satisfied section 365(b)(1)(A)-(C) of the Bankruptcy Code.

**C.     This Court Can Authorize the Trustee to Execute and Deliver the Revised Deed and Ancillary Documents Pursuant to Rule 7070 of the Bankruptcy Rules**

37.    Pursuant to Fed. R. Civ. P. 70 ("**Civil Rule 70**"), made applicable to the captioned adversary under Fed. R. Bankr. P. 7070 ("**Rule 7070**"), this Court can enter an order that authorizes the Trustee to execute the Revised Deed and Ancillary Documents. The Rule provides, in relevant part, as follows:

> (a) **Party's Failure to Act; Ordering Another to Act**. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.

Fed. R. Bankr. P. 7070(a).

38.    Rule 7070 and Civil Rule 70 are operative after a judgment has been entered. See *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 218, 65 S. Ct. 113. 89 L. Ed. 2d 1566 (1945) ("Rule 70 of the Rules of Civil Procedure, which permits the issue of a writ of attachment or sequestration against the property of a disobedient party to compel satisfaction of a judgment, is operative only after a judgment is entered"); *In re 2920 ER, L.L.C.*, 2015 U.S. App. LEXIS 5442 (5th Cir. Apr. 2, 2015) (per curiam) (same, quoting *De Beers*).

39.    Civil Rule 70 by its terms requires a failure to comply with a judgment requiring the conveyance, delivery of a deed or other document, or performance of another specific act. But the failure to provide such an opportunity has been held to constitute harmless error, if error at all; hence, compliance with the judgment is a ministerial act. See *Texas Extrusion Corp. v. Corp. (In re Texas Corp.)*, 844 F.2d 1142, 1153 (5th Cir.) (approving use of Rule 7070 and Civil Rule 70; if there was error in failing first to give losing party a chance to Rule 7070 order, it was harmless error, as execution of conveyance was a ministerial act).

40. Civil Rule 70 by its terms also requires a failure to perform "within the time specified." But Rule 7070 has been applied even where the court did not previously impose a specific time deadline. See *Flinn v. Rains (In re Rains)*, 338 B.R. 99, 103 (Bankr. E.D. Cal. 2006). A Rule 7070 order can be entered if, under any view of what constitutes a reasonable time, that time has already come and gone. See *Rains*, 338 B.R. 99, 103; *Sanford*, 403 B.R. 831, 840 (in context of construing a local court rule which did not specify the time by which a party had to take action, declaring that court did not need to decide how many days or weeks would constitute a reasonable time, because the extended length of time that had passed was "patently unreasonable").

41. Here, the Judgment entered in the State Court Proceeding required a transfer of the Subject Property by the Receiver. While that transfer was effectuated, it was done incorrectly, and needs to be fixed. The Receiver has stated (correctly) that he has no authority because he has already been discharged. Accordingly, he has no authority to sign the Revised Deed and Ancillary Documents.

42. Civil Rule 70 contemplated the circumstance confronting the Trustee. This Court can authorize the Trustee to execute the Revised Deed and Ancillary Documents. The Revised Deed and Ancillary Documents will be in a form approved by the title company, Angus and the other parties.

**D.      Request for Relief Pursuant to Bankruptcy Rules 6004(h) and 6006(d)**

43. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property…is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). Bankruptcy Rule 6006(d) further provides that an "order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of fourteen (14) days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6006(d).

44. In light of the current circumstances, the significance of the Amended Lease in the reorganization efforts of the Debtors and the need for certainty to Angus, the transaction described herein must be consummated as soon as practicable. Accordingly, the Trustee requests that the order granting this Motion be effective immediately upon entry of each such order and that the 14-day stay periods under Bankruptcy Rules 6004(h) and 6006(d) be waived.

## NO PRIOR REQUEST

45. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Trustee respectfully request that the Court enter the proposed order submitted herewith, and grant him such other, further and different relief as the Court deems appropriate.

    Respectfully submitted,

    WALLER LANSDEN DORTCH & DAVIS, LLP

By:   */s/ Morris D. Weiss*
    Morris D. Weiss
    Texas Bar No. 21110850
    William R. "Trip" Nix, III
    Texas Bar No. 24092902
    100 Congress Ave., Suite 1800
    Austin, Texas 78701
    Telephone: (512) 685-6400
    Facsimile: (512) 685-6417
    morris.weiss@wallerlaw.com
    trip.nix@wallerlaw.com

    PROPOSED COUNSEL TO GREGORY S. MILLIGAN, CHAPTER 11 TRUSTEE

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served upon all parties on the attached service list by first class mail or electronically via the Court's ECF system and electronically via the Court's ECF system and/or via email on the parties listed below on July 9, 2021.

**Proposed Counsel to Debtors**
Munsch Hardt Kopf & Harr, P.C.
Davor Rukavina, Esq.
Thomas D. Berghman, Esq.
500 North Akard St., Ste. 3800
Dallas, Texas 75201
Email: drukavina@munsch.com
Email: tberghman@munsch.com

**Counsel for Karen Annette Smith**
E. P. Keiffer
Kevin McCullough
Zach Levick
Rochelle McCullough, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
pkeiffer@romclaw.com
kdm@romclaw.com
zlevick@romclaw.com

**Counsel to Darren Keith Reed**
Rene Escobedo
6800 Park Ten Blvd, Suite 135-E
San Antonio, TX 78213
rene.escobedo@rre-law.com

**Counsel to Angus Solar**
Timothy A. Million
Husch Blackwell LLP
600 Travis Street, Suite 2350
Houston, TX 77002-2629
Tim.Million@huschblackwell.com

**Counsel to Stanley W. Wright, former Receiver in Divorce Proceeding**
Christopher Arisco
Padfield & Stout
420 Throckmorton St. Suite 1210
Fort Worth, Texas 76102
carisco@PadfieldStout.com

      */s/ Morris D. Weiss*
      Morris D. Weiss

040122-15051/4844-5086-2833.5