**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| DARYL GREG SMITH, | § | Case No. 21-60162-rbk |
| | § | |
| CANADIAN RIVER RANCH, LLC | § | Case No. 21-60163-rbk |
| | § | |
| Debtors. | § | (Jointly Administered Under |
| | § | Case No. 21-60162-rbk) |

**ORDER: (I) APPROVING ASSUMPTION OF SOLAR LEASE;**
**(II) AUTHORIZING ENTRY INTO LEASE AMENDMENT;**
**(III) PROVIDING PROTECTIONS FOR LESSEE; AND (IV) AUTHORIZING THE**
**CHAPTER 11 TRUSTEE TO EXECUTE CERTAIN DOCUMENTS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 70, MADE APPLICABLE TO THIS**
**PROCEEDING THROUGH FEDERAL RULE OF BANKRUPTCY PROCEDURE 7070**

CAME ON FOR HEARING the *Trustee's Expedited Motion for Entry of Order: (i) Authorizing Assumption of Solar Lease; (ii) Authorizing Entry into Lease Amendment; (iii) Providing Protections for Lessee; and (iv) Authorizing the Chapter 11 Trustee to Execute Certain Documents Pursuant to Federal Rule of Civil Procedure 70, Made Applicable to this Proceeding through Federal Rule of Bankruptcy Procedure 7070* (the "**Motion**"), filed in the

above styled and numbered jointly administered Chapter 11 case (the "**Bankruptcy Cases**") by Greg Milligan, in his capacity as Chapter 11 Trustee for the estates of Daryl Greg Smith ("**Smith**") and Canadian River Ranch, LLC ("**CCR**", with Smith, the "**Debtors**"), the debtors and Plaintiffs herein.

Based upon the evidence at said hearing, the Court makes the following findings of fact and conclusions of law[1]:

1.     On April 9, 2021, the Debtors filed their voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), thereby creating their respective bankruptcy estates and initiating the Bankruptcy Cases.  Smith's bankruptcy estate is defined hereby as the "**Smith Estate**" and CCR's bankruptcy estate is defined as the "**CCR Estate**". The Smith Estate and the CCR Estate are collectively referred to as the "**Estates**".

2.     On June 29, 2021, an order was entered approving the appointment of Gregory S. Milligan as Chapter 11 Trustee (the "**Trustee**") for the Estates. The Trustee has the duties set forth in sections 1106 and 1108 of the Bankruptcy Code.

3.     Caddoa Creek Ranch, LLC ("**Caddoa**") is a Colorado limited liability company, 90% owned by Smith and 10% owned by Darren Keith Reed ("**Reed**").

4.     On or about October 31, 2017, Caddoa, as landlord, and Angus Solar, LLC ("**Angus**"), as tenant, entered into that certain *Ground Lease Agreement* (the "**Lease**"), as amended by the First Amendment to Ground Lease Agreement dated July 22, 2020.  The Lease relates to a proposed solar energy farm to be built and owned by Angus, or its affiliates, on certain land then owned by Caddoa, specifically: up to 1,300 acres, plus or minus, of real property located

---

[1] The findings and conclusions set forth herein and in the record of the Hearing constitute the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

approximately 1 mile west of County Road 2490 and near the City of Valley Mills, Bosque County, Texas, within Property ID Number R07041, R25530, R06132, R25531, R25559, R06131, R35349, R35348, R06101, R25533, R05181, R06113, R25532, and R35350 (collectively, the "**Subject Property**").

5.      On June 28, 2019, Caddoa and Angus executed that certain *Memorandum of Lease*, which Angus caused to be filed with Bosque County (the "**County**") and recorded against title to the Subject Property as instrument number 2019-02195 (the "**Lease Memorandum**").

6.      The Subject Property is more fully described on Exhibit "A" to the Lease and on Exhibits "A" and "B" to the Lease Memorandum and, in all events, the Subject Property as defined and identified in the Lease and the Lease Memorandum will control.

7.      The recording of the Lease Memorandum against title to the Subject Property gives Angus an encumbrance, enforceable against the world, against the Subject Property, as well as easement interests in and to the Subject Property.  Pursuant to Texas law and the terms of the Lease, any transfer by Caddoa of its interests in the Subject Property or the Lease shall remain subject to the Lease.

8.      Separately, and after extensive divorce proceedings between Smith and his ex-wife, Karen Annette Smith ("**K. Smith**"), on November 27, 2019, the 325th Judicial District Court for Tarrant County, Texas (the "**State Court**") entered that certain *Final Decree of Divorce* (the "**Judgment**") in Cause No. 325-584465-15 (the "**State Court Proceeding**").  The Judgment has not been stayed, although it remains subject to potential appeals and discretionary review, none of which are prejudiced by anything contained in this Order except that, notwithstanding anything that may occur in connection with the Judgment or the State Court Proceeding, in no event shall

any right, title, or interest of Angus in and to the Subject Property and recognized in or conferred by this Order be prejudiced.

9.      Among other things, the Judgment ordered Smith to (a) vote his interest in Caddoa to dissolve Caddoa, and (b) cause Caddoa to transfer the Subject Property to Smith and to Reed individually, with Smith holding a 90% undivided interest in the Subject Property and Reed holding the remaining 10% undivided interest in the Subject Property.  The Judgment orders that such transfers and the 90% interest that Smith held in the Subject Property would be subject to a lien in favor of K. Smith to secure the Judgment.

10.      Smith did not comply with the Judgment's order to effectuate the foregoing transfers.  Accordingly, through subsequent proceedings in the State Court Proceeding, the State Court appointed Stanley W. Wright ("**Wright**" or the "**Receiver**") as a receiver for Smith for the limited purposes of (a) effectuating the transfers of certain properties (the "**Properties**"), including the Subject Property, to Smith and to Reed and (b) recording deed of trust liens against such Properties, including the Subject Property, in favor of K. Smith to secure the Judgment (the "**K. Smith Liens**").

11.      Thereafter, on or about February 7, 2020, Wright, acting on the instructions of the State Court and in the stead of Smith, executed and caused to be recorded that certain *Special Warranty Deed* (the "**Transfer Deed**") to effectuate the transfer of the Subject Property to Smith and to Reed.  Upon the execution and recording of the Transfer Deed, the State Court discharged Wright as Receiver, which terminated his authority to act as a receiver granted to him by the State Court.

12.      The Transfer Deed provides that the "grantee" is "Stanley W. Wright, not in his individual capacity, but solely in his capacity as court-appointed receiver . . . for and on behalf of

Daryl Greg Smith." The Transfer Deed also transferred an undivided ten percent (10%) interests in the Subject Properties to Reed.

13.     The splitting of legal title and equitable title on account of the requirement that Wright execute the Transfer Deed led to confusion and concern as to the Estates' ability, absent the resolutions hereinafter provided, to provide clean title to and thus monetize the Subject Property.

14.     Prior to the appointment of the Trustee, the Debtors requested that Wright file a corrected Transfer Deed pursuant to the Judgment; however, Wright lacks the authority to do so because he has already been discharged as Receiver pursuant to the order that appointed him. As a result, Wright, in his capacity as Receiver (the capacity in which he executed the Transfer Deed), is legally incapable of executing and filing a corrected Transfer Deed and therefore cannot effectuate a corrected Transfer Deed.

15.     Nothing in this Order shall constitute any finding or conclusion with respect to any heretofore made assertions by the Debtors as to the appropriateness or lawfulness of the State Court's actions, orders, or Judgment, and all rights regarding the same, including on any appeal or ancillary litigation for discretionary review, are preserved; except that, notwithstanding anything that may occur in connection with the Judgment or the State Court Proceeding, in no event shall any right, title, or interest of Angus, and its successors and assigns, in and to the Subject Property and recognized in or conferred by this Order, the Lease or the Lease Amendment be prejudiced.

16.     All interests of Smith in Caddoa and in the Subject Property are property of the Smith Estate.

17.     All rights of Smith as the 90% owner of the Subject Property under the Lease are property of the Smith Estate and all obligations under the Lease are obligations of the Smith Estate,

pursuant to the terms of the Lease, the recording of the Lease Memorandum, and section 102(2) of the Bankruptcy Code. The transfer of the Subject Property to Smith and Reed, and the granting of the K. Smith Liens, are all subject to the Lease, and all rights under the Lease are superior to the rights of K. Smith under the K. Smith Liens because the Lease Memorandum is recorded and is prior in time.

18.     The Lease is an unexpired lease or executory contract of the Smith Estate, since it is a pre-existing charge and encumbrance against the Subject Property, and since the transfer of the Subject Property from Caddoa to Smith was expressly subject to the Lease pursuant to the terms of the Lease and the Lease Memorandum. As such, and even though Smith is not a party to the Lease, the Lease is a "lease of the debtor" within the meaning of section 365 of the Bankruptcy Code.

19.     The assumption of the Lease is a proper exercise by the Trustee of his business judgment, and such assumption is in the best interests of the Smith Estate.

20.     The Trustee, Smith, Reed, and Angus have prepared that certain *Second Amendment to Ground Lease* (the "**Lease Amendment**") to clarify the ownership of the Subject Property, the identity of the lessor, and the rights of Angus. Entering into the Lease Amendment is a proper exercise by the Trustee of his business judgment and entering into the same is in the best interests of the Smith Estate.

21.     All prerequisites and conditions to the assumption of the Lease and to the entry into the Lease Amendment have been satisfied. The Lease, as amended by the Lease Amendment, shall be referred to herein as the "**Amended Lease**". Subject to the rights of Angus, Smith and Reed under this Order, the Amended Lease shall remain assignable by Smith and the Smith Estate

to Caddoa, and the Subject Property shall remain subject to potential transfer by Smith and the Smith Estate to Caddoa, subject to the rights of K. Smith under the K. Smith Liens.

22.     Angus is leasing property of the Smith Estate under the Amended Lease and this Order in good faith, for reasonably equivalent value, and without any collusion, bad faith, or secret agreement.  Accordingly, Angus is entitled to the full protections of section 363(m) of the Bankruptcy Code.

23.     The Court has jurisdiction over the Motion and all matters in this Order under 28 U.S.C. § 1334.  Such jurisdiction is core under 28 U.S.C. § 157(b)(2).  Venue of the Bankruptcy Cases before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

24.     Due, sufficient, and proper notice of the Motion and of the hearing thereon was provided by the Trustee to all parties with an interest in the Motion and this Order, including, but not limited to, Smith, K. Smith, Reed, Caddoa, Angus, and Wright.  Cause exists to grant all relief provided for in this Order, and such relief is in the best interests of the Estates.  Any factual predicates for granting any such relief have been satisfied.

25.     Notwithstanding the potential retention of legal title in and to the Subject Property by Wright, the Court has exclusive *in rem* jurisdiction over the whole of the Subject Property under 28 U.S.C. § 1334(e), including to make all findings of fact and conclusions of law, and to cause this Order to be recorded against the Subject Property and to be enforceable against the same both *in rem* and *in personam* as against all parties.  The Court has the authority to enter this Order pursuant to 11 U.S.C. §§ 105(a), 363, 365, and 543, and Rule 70 of the Federal Rules of Civil Procedure made applicable by Bankruptcy Rule 7070.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, DECREED, and DETERMINED :

That the Motion is GRANTED as set forth herein;

## I.   Matters Regarding the Lease

A.    The Amended Lease is ASSUMED by the Estate and shall be binding on the Estate according to its terms;

B.    The Lease Amendment is APPROVED and the Trustee is authorized and directed to execute and deliver the Lease Amendment in the form attached hereto as **Exhibit 1**, whereafter the same or a memorandum thereof may be recorded against the Subject Property by either the Trustee or Angus;

C.    With the assumption of the Amended Lease, all rights, powers, interests, title, and obligations of Angus and its successors and assigns under the Amended Lease shall be fully enforceable as against the world, including, without limitation, against Smith, the Estates, Reed, Wright and K. Smith, and fully enforceable against the Subject Property *in rem*, notwithstanding any absence by them of any approval of any transaction provided for herein or in the Amended Lease, such approval not being required given the Court's exclusive *in rem* jurisdiction over the Subject Property;

D.    The Trustee is authorized to execute and deliver any additional amendments, estoppels, affidavits or other documents as may be reasonably required for Angus to obtain financing for the construction and operation of the solar facility to be located on the Subject Property, including any such documents as may be required for Angus' title company (the "**Title Company**") to issue a title policy insuring Angus' leasehold interest in the Subject Property and insuring the lien of Angus' construction lender against such leasehold interest;

E.    To the extent that the Amended Lease requires further modification or amendment in order to effectuate the economic terms set forth therein, for so long as the Trustee is authorized

to act on behalf of the Debtors, the Trustee shall be authorized to take all actions as Landlord pursuant to the Amended Lease (and as defined therein).  From and after the date the Trustee is no longer authorized to act on behalf of the Debtors, then Smith (or his legal successor) shall be authorized to take all actions as Landlord pursuant to the Amended Lease.

F.      Reed, Caddoa, Wright and K. Smith, and all transferees and assigns thereof, and all agents, attorneys, and representatives thereof, are **PERMANENTLY ENJOINED** and **PROHIBITED** from contesting, questioning, or challenging -  whether by legal process (except through appealing this Order), by recording any instrument against the Subject Property, by taking any action before any governmental authority, or by making any public statement - any and all rights, interests, and title of Angus and its successors and assigns under the Amended Lease, and any and all rights, title, and interest of Angus and its successors and assigns in and to the Subject Property.

## II.    Seniority of Amended Lease

G.      The rights of Angus and its successors and assigns shall in all respects be superior to the rights of K. Smith or any other purported lienholders in respect of the Subject Property.  The Trustee, K. Smith and Angus are hereby authorized and directed to deliver and execute the Subordination Agreement attached hereto as **Exhibit 2**.

H.      Reed, Caddoa, Wright and K. Smith, and all transferees and assigns thereof, and all agents, attorneys, and representatives thereof are **PERMANENTLY ENJOINED** and **PROHIBITED** from exercising in any way any legal title that any such party may have in the Subject Property to contest, challenge, question, seek to limit, or seek to take away any and all rights of Angus and its successors and assigns under the Lease or Lease Amendment, or in and to the Subject Property;

I.     Nothing herein prejudices any and all rights of K. Smith on account of the K. Smith Liens, subject to the automatic stay, and nothing herein enjoins K. Smith from exercising all rights under the K. Smith Liens, subject to the automatic stay, except that, for the avoidance of any doubt, any foreclosure by K. Smith of any lien against the Subject Property shall be subject to all rights, interests, and title of Angus and its successors and assigns in and to the Subject Property;

J.     Nothing in this Order recognizes or calls into question the validity, extent, and priority of the K. Smith Liens, or prejudices any and all issues, arguments, and rights regarding the same, including any and all rights of the Trustee to challenge the same as may be otherwise appropriate.

### III.     Reservation of Rights

K.     Without necessarily deciding that any proceeds of the Lease and Lease Amendment are "cash collateral" under section 363(a) of the Bankruptcy Code, to the extent that the Trustee receives such proceeds, all rights under section 363 of the Bankruptcy Code with respect to any holder of an interest in cash collateral are preserved, and the Trustee shall not use any such proceeds pending the entry of further order of the Court;

L.     In light of Reed having consented to the entry of this Order and to the Lease Amendment, no further proceeding with respect to Reed's interest in the Subject Property is necessary, and Reed retains any and all rights he has with respect to any proceeds of the Lease and Lease Amendment, which rights shall not constitute cash collateral with respect to his 10% undivided interest, provided that in no event shall Reed have any rights or claims against Angus or its successors and assigns for any proceeds of the Lease or Lease Amendment if Angus performs thereunder by sending any applicable payments to the Trustee, or if the Trustee is no longer authorized to act on behalf of the Debtors, to Daryl Greg Smith;

M.     Smith reserves the right to seek to convey his interest in the Subject Property to Caddoa under a potential Chapter 11 plan or otherwise, and nothing in this Order prejudices or prevents any issue with respect to the same;

N.     This Order may be recorded against the Subject Property, and the County is directed and ordered to accept the same for recording, whereafter this Order shall govern and control as to all issues expressly provided for herein, and shall be binding on the world.

## IV.    Corrective Transfer Deed

O.     The Trustee, pursuant to Rule 70 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7070, is authorized and directed to deliver and execute the corrected Transfer Deed (the "**Corrected Transfer Deed**") attached hereto as **Exhibit 3**.

## V.    Miscellaneous

P.     **Effectiveness of All Actions.** All actions contemplated by this Order are hereby authorized to be taken without further application to or order of the Court.

Q.     **Approval of Payment Satisfaction Documents**. The Bankruptcy Court approves the Lease Amendment, the Subordination Agreement and the Corrected Transfer Deed (collectively, the "**Approved Documents**"). The Trustee shall have no personal liability for executing the Approved Documents. The Trustee is authorized to execute and deliver such other documents as Angus, its successors or assigns, or the Title Company may deem necessary to implement the transactions contemplated by the Lease Amendment, and shall perform, execute, and deliver or cause to be delivered and undertake any and all further acts, deeds, and assurances as may reasonably be required to consummate the transactions contemplated in the Lease Amendment.

R.    **Effect of Conflict**. The provisions of the Lease Amendment and this Order shall be construed in a manner consistent with each other so as to effect the purpose of each; *provided, however*, that if there is determined to be any inconsistency between any provision of the Lease Amendment and any provision of this Order that cannot be so reconciled, then solely to the extent of such inconsistency, the provisions of this Order shall govern and any provision of this Order shall be deemed a modification of the Lease Amendment and shall control and take precedence. The provisions of this Order are integrated with each other and are non-severable and mutually dependent.

S.    The order authorizes the use, sale or lease of property and this order shall be immediately effective upon entry and shall not be stayed pursuant to Bankruptcy Rule 6004(h).

T.    This Court shall retain jurisdiction to the maximum extent possible to interpret and to enforce this Order.

###

APPROVED AS TO FORM AND CONTENT, AND ENTRY REQUESTED BY:

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s/ *Morris D. Weiss*
Morris D. Weiss
Texas Bar No. 21110850
William R. "Trip" Nix, III
Texas Bar No. 24092902
100 Congress Ave., Suite 1800
Austin, Texas 78701
Telephone:  (512) 685-6400
Facsimile:  (512) 685-6417
Email:  morris.weiss@wallerlaw.com
        trip.nix@wallerlaw.com

PROPOSED ATTORNEYS FOR GREGORY S. MILLIGAN,
CHAPTER 11 TRUSTEE


MUNSCH HARDT KOPF & HARR, P.C.

By: /s/
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
500 North Akard St., Ste. 3800
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
tberghman@munsch.com

PROPOSED COUNSEL TO THE DEBTORS


By: /s/
E. P. Keiffer (SBN 11181700)
Kevin McCullough (SBN 00788005)
Zach Levick (SBN 24119380)
ROCHELLE MCCULLOUGH, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone: (214) 953-0182
Facsimile: (214) 953-0185

pkeiffer@romclaw.com
kdm@romclaw.com
zlevick@romclaw.com

COUNSEL FOR KAREN ANNETTE SMITH


By: /s/
TIMOTHY A. MILLION
Texas Bar No. 24051055
Husch Blackwell LLP
600 Travis St Ste 2350
Houston, TX 77002-2629
Telephone: (713) 525-6221
Facsimile: (713) 647-6884
Tim.Million@huschblackwell.com

COUNSEL TO ANGUS SOLAR, LLC


By: /s/
Rene Escobedo
State Bar No. 00785849
6800 Park Ten Blvd, Suite 135-E
San Antonio, TX 78213
Telephone: (210) 349-2224
Facsimile: (210) 223-3815
rene.escobedo@rre-law.com

COUNSEL TO DARREN KEITH REED