The relief described hereinbelow is SO ORDERED.

Signed August 16, 2021.

_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

**ORDER APPROVING APPLICATION TO APPROVE RETENTION AND EMPLOYMENT OF KEEN-SUMMIT CAPITAL PARTNERS LLC, LAND DOCTORS, INC., AND RANCH MASTERS AS REAL ESTATE BROKERS FOR THE TRUSTEE**

CAME ON FOR CONSIDERATION, the *Trustee's Application to Approve Retention and Employment of Keen-Summit Capital Partners LLC, Land Doctors, Inc., and Ranch Masters as Real Estate Brokers for the Trustee* (the "**Application**")[1] filed by the Trustee in the Chapter 11 Cases, seeking an order (i) authorizing the retention and employment of Keen-Summit, Land Doctors, and Ranch Masters as real estate brokers to the Trustee in accordance with the terms and conditions set forth in Retention Agreement with respect to the Property, (ii) approving the terms

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

040122-15051/4841-8418-2516.5      Page 1

and conditions under which the Brokers will be retained and compensated as set forth in the Retention Agreement, (iii) waiving certain reporting requirements of Bankruptcy Rule 2016 and Local Rule 2016, and (iv) granting such other and further relief as the Court deems just and proper; having considered the Application, this Court finding that (A) the Brokers (i) do not hold or represent an interest adverse to the estates and (ii) are each a "disinterested person", (B) the Application and declarations in support are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and (C) the relief requested in the Application is in the best interests of the Debtors' estates; and this court having jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and it appearing that no other or further notice of the Application is required; it is hereby

ORDERED that the Application is APPROVED; and it is further

ORDERED that the Trustee is authorized to retain and employ the Brokers as real estate brokers, effective as of the date of the Retention Agreement, pursuant to the terms of the Retention Agreement and Section 328(a) of the Bankruptcy Code; and it is further

ORDERED that the terms and conditions of the Retention Agreement are approved in all respects and the Brokers and Trustee have full authority to do that which is necessary to effectuate all terms and conditions of the Retention Agreement; and it is further

ORDERED that the Brokers shall be compensated for their services and reimbursed for their expenses upon the filing and approval in the Chapter 11 Cases of such interim and final applications as may be appropriate; and it is further

ORDERED that the Brokers' compensation under the Retention Agreement shall be subject to the standard of review of section 328(a) of the Bankruptcy Code and not any other standard, including that provided in section 330 of the Bankruptcy Code; and it is further

ORDERED that the information requirements of Bankruptcy Rule 2016 and Local Rule 2016 are waived and that the Brokers shall not be required to keep or submit time records; and it is further

ORDERED that any objection to this order must be filed within twenty-one (21) days from the date of this Order. If an objection is received from the United States Trustee, any creditor or party-in-interest, the Trustee shall request a hearing before the Court; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order and neither the Trustee or Brokers shall be required to seek authorization from any other jurisdiction with respect to the relief granted by this order.

###

*Prepared and submitted by*:

WALLER LANSDEN DORTCH & DAVIS, LLP

Morris D. Weiss
100 Congress Avenue, 18th Floor
Austin, TX 78701
Telephone: 512/685-6400
Telecopier: 512/685-6417
Morris.Weiss@wallerlaw.com

COUNSEL FOR THE TRUSTEE