UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

**APPLICATION TO APPROVE RETENTION AND EMPLOYMENT OF WEAVER AND
TIDWELL, L.L.P. AS ACCOUNTANT AND TAX RETURN PREPARER
FOR THE TRUSTEE PURSUANT TO 11 U.S.C. §§327(a) AND 328**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief
requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE RONALD B. KING,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Gregory S. Milligan (the "**Trustee**"), chapter 11 trustee in the above-captioned bankruptcy cases, and files this *Application to Approve Retention and Employment of Weaver and Tidwell, L.L.P. as Accountant and Tax Return Preparer for the Trustee Pursuant to 11 U.S.C. §§327(a) and 328* (the "**Application**"), and would respectfully show as follows.

### RELIEF REQUESTED

1.      The Trustee seeks entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "**Order**") (a) authorizing the retention and employment of Weaver and Tidwell, L.L.P. (the "**Firm**"), a Texas limited liability partnership licensed to perform accounting services in the State of Texas, on an hourly basis to assist the Trustee by performing certain professional tax accounting services in all matters related to (i) filing Forms 1065, U.S. Return of Partnership Income for Debtor Canadian River Ranch, LLC ("**CRR**"), (ii) filing federal, state and local tax

returns, reports and/or forms for Debtor Daryl Greg Smith ("**Smith**"), (iii) filing the Texas Franchise Tax Returns for CRR, and (iv) consulting and attending to any matters related to these tasks (collectively, the "**Tax Matters**"), in accordance with the terms and conditions as set forth in that certain retention agreement dated July 29, 2021 (the "**Retention Agreement**"), a copy of which is attached hereto as **Exhibit B**, (b) approving the terms and conditions under which the Firm will be retained and compensated as set forth in the Retention Agreement, and (c) granting such other and further relief as the Court deems just and proper.

2. In support of this Application, the Trustee submits the declaration of Robert J. Nowak (the "**Nowak Declaration**"), a copy of which is attached hereto as **Exhibit C**.

<u>**JURISDICTION AND VENUE**</u>

3. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 327(a), 328(a), and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014, 2016, 9013, and 9014 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "**Local Rules**").

5. The Trustee confirms his consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

<u>**BACKGROUND**</u>

6.      Smith and CRR (collectively, the "**Debtors**") each filed a voluntary petition for relief under the Bankruptcy Code on April 9, 2021 (the "**Petition Date**").

7.      On May 18, 2021, the Court ordered that the Debtors' cases (the "**Chapter 11 Cases**") be jointly administered. *See* Order Granting Debtors' Motion for Joint Administration [Doc. 29].

8.      On June 29, 2021, the United States Trustee requested appointment of the Trustee in this matter, and the Court approved such appointment. *See* Order Approving Appointment of Gregory S. Milligan as Chapter 11 Trustee [Doc. 91].

<u>**THE FIRM'S QUALIFICATIONS**</u>

9.      The Trustee has selected the Firm because its members have extensive experience in matters relating to the Tax Matters.

10.      Robert J. (Rob) Nowak, CPA, a partner of the Firm, will be designated by the Firm as the lead accountant and will supervise the services performed for the Trustee by the Firm as set forth in <u>Exhibit B</u> and this Application.

11.      The Firm and Robert J. (Rob) Nowak, CPA, specifically, frequently and successfully handle similar issues for tax payers outside of bankruptcy. The Firm and Mr. Nowak have significant experience in handling tax matters of this type. The Trustee believes that the Firm and Mr. Nowak are well qualified to assist the Trustee, and that retaining the Firm is necessary.

12.      The Firm has experience representing debtors in bankruptcy proceedings and other distressed and insolvency proceedings. Recently, the Firm provided assistance with similar tax services in *In re Interchem USA, Inc.*, Case No. 19-31920-H3-7 (EVR), in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

## RETENTION AGREEMENT[1]

**A.      The Firm's Services**

13.      As set forth in the Retention Agreement, the Trustee seeks to engage the Firm to provide services in connection with the Tax Matters.

14.      The Firm will render tax accounting services including, but not limited to:

    a.   Assisting in the Tax Matters;

    b.   Preparing for and attending IRS hearings;

    c.   Participating in negotiations with the IRS; and

    d.   Conducting conferences and consultations as may be necessary.

15.      The Firm's internal policies require all client engagements, including the Retention Agreement, to explicitly identify the years of returns that will be prepared and filed. This information is included as an exhibit to the Retention Agreement. Because the Trustee does not yet know if the preparation and filing of other or further years' tax returns will be required for the Debtors' estates, the Trustee requests authority to amend the Retention Agreement, as needed, to expand the scope of tax services provided pursuant to the same compensation and reimbursement terms set forth below.

**B.      Compensation**

16.      The Firm intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code and the rules and orders of this Court.

17.      The Firm may be paid fees and expenses by the Trustee consistent with the terms set forth herein. The Trustee understands the Firm will bill its customary hourly rates and its

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention Agreement.

customary reimbursements as charged to bankruptcy and non-bankruptcy clients. The Trustee understands that the hourly rates of accountants range from $165 to $500 per hour. These rates are adjusted from time to time. The Firm is customarily reimbursed for all expenses incurred by it in connection with representation of a client in a given matter that would not have been incurred except for representation of a particular client.

### THE FIRM'S DISINTERESTEDNESS

18. To the best of the Trustee's knowledge, except as may otherwise be set forth herein and in the Nowak Declaration, the Firm (a) is not a creditor, equity security holder or insider of the Debtors, (b) is not and was not, within 2 years before the Petition Date, a director, officer or employee of the Debtors, (c) does not hold or represent any interest materially adverse to the interests of the Debtors' estate or any class of creditors or equity security holders, and (d) is not related to any judge of this Court, the Trustee, or any employee of the Trustee.

19. Accordingly, the Trustee believes that the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and its retention is permissible under sections 327 and 328 of the Bankruptcy Code.

### BASIS FOR RELIEF

20. The Trustee seeks authority to employ and retain the Firm as accountant and tax return preparer under section 327 of the Bankruptcy Code, which provides that a trustee is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [Debtors] in carrying out the [Debtors'] duties under this title." 11 U.S.C. § 327(a). As set forth in the Nowak Declaration, the Firm is a disinterested person.

21. The Court should approve the Trustee's engagement of the Firm because its members have extensive experience in matters relating to the Tax Matters. The Trustee believes

that the Firm can provide the required accounting expertise to allow the Trustee to handle these matters effectively and prudently. The Firm should be employed as a professional person pursuant to section 327 of the Bankruptcy Code, with its compensation subject to the standard of review of section 328(a) of the Bankruptcy Code and not any other standard, including that provided in section 330 of the Bankruptcy Code.

22. Additionally, the Trustee believes the terms and conditions of the Retention Agreement are reasonable in light of, among other things: (a) industry practice, (b) market rates charged for comparable services both in and out of the chapter 11 context, (c) the Firm's substantial experience with respect to accounting and tax return preparation services and (d) the services to be performed by the Firm.

23. The Firm is well qualified to perform all services contemplated by the Retention Agreement, and to represent the interests of the Debtors' estates in these Chapter 11 Cases. The Trustee requires the Firm's services to maximize the value of the Debtors' estates for all parties in interest and respectfully submits such retention should be approved as set forth herein.

## NOTICE

24. The Trustee will provide notice to parties in interest, including: (a) the Debtors; (b) the Office of the United States Trustee for the Western District of Texas; (c) the holders of the 20 largest unsecured claims against each of the Debtors; (d) all secured creditors of the Debtors; (e) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (g) counsel for any of the foregoing, to the extent known. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

25.    No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court (a) enter the Order substantially in the form attached hereto and (b) grant the Trustee such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Gregory S. Milligan
    Gregory S. Milligan,
    Chapter 11 Trustee to Daryl Greg Smith and
    Canadian River Ranch, LLC

WALLER LANSDEN DORTCH & DAVIS, LLP

By:    /s/ Morris D. Weiss
    Morris D. Weiss
    Texas Bar No. 21110850
    Courtney K. Stone
    Texas Bar No. 24093208
    100 Congress Ave., Suite 1800
    Austin, Texas 78701
    Telephone:  (512) 685-6400
    Facsimile:  (512) 685-6417
    morris.weiss@wallerlaw.com
    courtney.stone@wallerlaw.com

COUNSEL TO GREGORY S. MILLIGAN,
CHAPTER 11 TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served upon all parties on the attached service list by first class mail or electronically via the Court's ECF system on August 23, 2021.

/s/ Morris D. Weiss
Morris D. Weiss

## SERVICE LIST

**Debtors**
Daryl Greg Smith
Canadian River Ranch, LLC
5826 Cooksey Lane
Waco, TX 76706

**Counsel to Debtors (via ECF)**
Thomas Daniel Berghman
Davor Rukavina
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Ste. 3800
Dallas, TX 75201

**United States Trustee (via ECF)**
Shane P. Tobin
Office of the United States Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701

**Chapter 11 Trustee (via ECF)**
Gregory S. Milligan
3800 N. Lamar Blvd., Suite 200
Austin, Texas 78756

**Creditors**
Andrew F. Stasio
Stasio & Stasio, P.C.
303 Main Street, Suite 302
Fort Worth, Texas 76102

Angus Solar, LLC
c/o Cypress Creek Renewables,
LLC
3402 Pico Blvd
Santa Monica, CA 90405

Bank of America
Attn: Bankruptcy Department
475 Cross Point Pkwy
PO Box 9000
Getzville, NY 14068-9000

Bank of America, N.A.
P O Box 982284
El Paso, TX 79998-2238

Boomer State Outdoors, LLC
12384 West 81st Street
South Sapulpa, OK 74066-8141

Bosque County
c/o Tara LeDay
P.O. Box 1269
Round Rock, TX 78680

Canadian River Ranch Partnership
5826 Cooksey Ln
Robinson, TX 76706

Catherine Aileen Smith
5826 Cooksey Lane
Waco, TX 76706

Central TX Radiological
Associates, PA
3206 4th Street
Longview, TX 75605

Central TX Radiological
Associates, PA
3206 4th Street
TX 75695

City of Fort Worth
10000 Throckmorton Street
Fort Worth, TX 76102

Darren Keith Reed and Julie Reed
601 S Llano St
Whitney, TX 76692

Discover Bank
PO Box 385908
Minneapolis, MN 55438-5908

Dolcefino Consulting
3701 Kirby Dr., Ste. 560
Houston, TX 77098

Dolcefino Consulting
Freedman Price & Anziani PC
1102 West Avenue, Suite 200
Austin, TX 78701

Eric Grantham
Stipe Law Firm
343 E Carl Albert Pkwy
McAlester, OK 74501

Farm Credit of Western Oklahoma
513 S. Mission St.
Anadarko, OK 73005

Freedman & Price, P.C.
1102 West Avenue, Ste. 200
Austin, TX 78701

Gary L. Nickelson
Law Office of Gary L. Nickelson
5201 W. Freeway, Ste. 100
Fort Worth, TX 76107

Greg A. Farrar
Farrar & Farrar PC
2021 S. Lewis Ave., Ste. 420
Tulsa, OK 74104

Griffith, Jay & Michel
2200 Forest Park Blvd.
Fort Worth, TX 76110-1732

Hanszen Laporte, LLP
14201 Memorial Drive
Houston, TX 77079

Hill County
c/o Tara LeDay
P.O. Box 1269
Round Rock, TX 78680

Hill County Tax Assessor
PO Box 412
Hillsboro, TX 76645

Hockley County Cattle Company,
Inc.
P.O. Box 825
Levelland, TX 79336

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

James C. Hodges
26522 East 21st Street, Ste. 4
Tulsa, OK 74114

Jessica L. Brown, PLLC
9450 SW Gemini Dr. #99088
Beaverton, OR 97008-7105

Karen Annette Smith
700 Nettleton Dr.
Southlake, TX 76092

KELCIE A. HIBBS
Loe, Warren, Hibbs & Lawrence, PC
4420 W. Vickery Blvd, Suite 200
Fort Worth, TX 76107

Law Offices of Elizabeth 'Betsy' Parmer
309 W. 7th St., Ste. 900
Fort Worth, TX 76102

Lazy K Cattle Company, LLC
2956 Via Esperanza
Edmond, OK 73013

Lazy K. Cattle Company, LLC
Dylan Charles Edward
Rosell Law Group LLP
101 North Robinson Ave., Suite 700
Oklahoma City, OK 73102

Mark Cochran
101 W. Randol Mill Road, Ste 110
Arlington, TX 76011

North Texas Tollway Authority
PO Box 660244
Dallas, TX 75266-0244

Office of the Attorney General
Child Support Division
PO Box 12017
Austin, TX 78711

Paul B. Cason
Goodwin/Lewis
PO Box 312
Oklahoma City, OK 73101

Peov Linda Hem
Law Office of Linda Hem, PLLC
10300 North Central Expressway
Suite 235
Dallas, Texas 75231

Providence Health Network
Frost-Arnett Company
PO Box 198988
Nashville, TN 37219

Shawn R. Redman
Couch, Conville & Blitt LLC
3501 N. Causeway Blvd., Ste. 800
Metairie, LA 70002

Stipe Law Firm
343 E Carl Albert Pkwy
Mcalester, OK 74501

T Mobile/T-Mobile USA Inc
by American InfoSource as agent
PO Box 248848
Oklahoma City, OK 73124-8848

T-Mobile
Credence Resource Management, LLC
17000 Dallas Parkway, Ste. 204
Dallas, TX 75248

Terry Terry Law, PLLC
300 Throckmorton, Suite 500
Fort Worth, Texas 76102

Texas Taxing Authorities
c/o Tara LeDay
P.O. Box 1269
Round Rock, TX 78680

Tina Horn
PO Box 154729
Waco, TX 76715

Trustee Jeremy R. Pruett
301 Commerce St., Ste. 1500
Fort Worth, TX 76102

V. Wayne Ward, P.C.
Trinity Plantation Building
1201 E. Belknap
Fort Worth, Texas 7610

White Bluff Property Owners' Association
20022 Misty Valley Cir
Whitney, TX 76692

Whitney ISD
c/o Perdue Brandon Fielder et al
500 East Border Street, Suite 640
Arlington, TX 76010

Whitney ISD Tax Office
305 S San Jacinto St, PO Box 592
Whitney, TX 76692

William R. Korb
Bourland, Wall & Wenzel, P.C.
301 Commerce, Ste. 1500
Fort Worth, TX 76102

**Parties Requesting Service (via ECF)**
Eboney Cobb
Perdue, Brandon, Fielder, Collins & Mott
500 E. Border Street, Suite 640
Arlington, TX 76010

Mark Cochran
c/o Mark B. French
1901 Central Drive, Ste. 704
Bedford, TX 76021

Edwin Paul Keiffer
Rochelle McCullough, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201

Jason M. Rudd and Scott Lawrence
Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 500
Dallas, TX 75204

Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P. O. Box 1269
Round Rock, TX 78680

Griffith, Jay & Michel, LLP
c/o Mark J. Petrocchi
2200 Forest Park Blvd.
Fort Worth, TX 76110

Steve Stasio
Stasio & Stasio, P.C.
303 Main Street, Suite 302
Fort Worth, Texas 76102

Marc W. Taubenfeld
McGuire, Craddock & Strother, P.C.
500 N. Akard Street, Suite 2200
Dallas, TX 75201

David G. Tekell
Tekell & Tekell, LLP
400 Austin Avenue, Suite 1000
Waco, TX 76701

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

**ORDER APPROVING APPLICATION TO APPROVE RETENTION
AND EMPLOYMENT OF WEAVER AND TIDWELL, L.L.P.
AS ACCOUNTANT AND TAX RETURN PREPARER
<u>FOR THE TRUSTEE PURSUANT TO 11 U.S.C. §§327(a) AND 328</u>**

CAME ON FOR CONSIDERATION, the *Trustee's Application to Approve Retention and Employment of Weaver and Tidwell, L.L.P. as Accountant and Tax Return Preparer for the Trustee Pursuant to 11 U.S.C. §§327(a) and 328* (the "**Application**")[1] filed by the Trustee in the Chapter 11 Cases, seeking an order (i) authorizing the retention and employment of Weaver and Tidwell, L.L.P. (the "**Firm**") as accountant and tax return preparer to the Trustee in accordance

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

with the terms and conditions set forth in Retention Agreement, (ii) approving the terms and conditions under which the Firm will be retained and compensated as set forth in the Retention Agreement, and (iii) granting such other and further relief as the Court deems just and proper; having considered the Application, this Court finding that (A) the Firm (i) does not hold or represent an interest adverse to the estates and (ii) is a "disinterested person", (B) the Application and declaration in support are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and (C) the relief requested in the Application is in the best interests of the Debtors' estates; and this court having jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and it appearing that no other or further notice of the Application is required; it is hereby

ORDERED that the Application is APPROVED; and it is further

ORDERED that the Trustee is authorized to retain and employ the Firm as accountant and tax return preparer, effective as of the date of the Retention Agreement, pursuant to the terms of the Retention Agreement and Section 328(a) of the Bankruptcy Code; and it is further

ORDERED that the terms and conditions of the Retention Agreement are approved in all respects and the Firm and Trustee have full authority to do that which is necessary to effectuate all terms and conditions of the Retention Agreement; and it is further

ORDERED that the Trustee is authorized to execute amendments to the Retention Agreement, as needed, to provide for the preparation and filing of additional tax returns and consulting services in connection therewith; and it is further

ORDERED that the Firm shall be compensated for its services and reimbursed for its expenses upon the filing and approval in the Chapter 11 Cases of such interim and final applications as may be appropriate; and it is further

ORDERED that the Firm's compensation under the Retention Agreement shall be subject to the standard of review of section 328(a) of the Bankruptcy Code and not any other standard, including that provided in section 330 of the Bankruptcy Code; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order and neither the Trustee or the Firm shall be required to seek authorization from any other jurisdiction with respect to the relief granted by this order.

### ###

*Prepared and submitted by*:

WALLER LANSDEN DORTCH & DAVIS, LLP

Morris D. Weiss
100 Congress Avenue, 18th Floor
Austin, TX 78701
Telephone:  512/685-6400
Telecopier:  512/685-6417
Morris.Weiss@wallerlaw.com

COUNSEL TO GREGORY S. MILLIGAN,
CHAPTER 11 TRUSTEE

**<u>Exhibit B</u>**

**Retention Agreement**



July 29, 2021

Gregory S. Milligan, Chapter 11 Trustee for the
Estates of Daryl Greg Smith and Canadian River Ranch, LLC
P.O. Box 90099
Austin, TX 78709

Dear Mr. Milligan:

Solely in your capacity as a duly appointed Chapter 11 Trustee ("Trustee") for the Estates of Daryl Greg Smith and Canadian River Ranch, LLC (collectively, the "Taxpayers", and each individually a "Taxpayer"), you have requested that Weaver and Tidwell, L.L.P. ("Weaver", "our", "us", and "we") provide the Taxpayers with certain tax compliance services. We understand that your appointment as Trustee was made in bankruptcy case nos. 21-60162-RBK-11 and 21-60163-RBK-11 in the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court").

We are pleased to confirm our acceptance and understanding of this engagement by means of this letter.

## Scope of Our Services

We will prepare the return(s) listed on the attached exhibit from information furnished to us by or on behalf of the Taxpayer(s) and provide any necessary consulting services in connection therewith. If the Taxpayer(s) have taxable activity in any other jurisdiction, please inform us in writing immediately, as we are responsible for preparing only the specific return(s) listed in the attached exhibit. Our engagement does not include a responsibility to determine whether the Taxpayer(s) may have other filing obligations. If we become aware of any other filing requirements, we will tell you and may be available to assist the affected Taxpayer(s) with the preparation of the appropriate return(s) at your request. Performance of any services, preparation of any other returns, or any other actions on our part not described herein will require a separate engagement letter or an amendment to this engagement letter.

We will not audit or otherwise verify the data submitted for this engagement. Accordingly, our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist. If, during our work, we discover information that affects prior-year return(s), we will make you aware of the facts. However, we cannot be responsible for identifying all items that may affect prior-year return(s). If any Taxpayer(s) become aware of such information during the year, please contact us to discuss the best resolution of the issue.

We will use our professional judgment in preparing the return(s). Whenever we are aware that a possibly applicable tax law is unclear or that there are conflicting interpretations of the law by authorities (e.g., tax agencies and courts), we will explain the possible positions that may be taken on the return(s) to you. We will follow whatever position you request on the return(s) so long as it is consistent with the codes, regulations, and interpretations that have been promulgated, and, if necessary, the position is adequately disclosed. If the relevant taxing authority should later contest

Weaver and Tidwell, L.L.P.

Mr. Gregory S. Milligan
July 29, 2021

Page 2 of 10

the position taken, there may be an assessment of additional tax plus penalties and interest. We assume no liability for any such assessments.

*Information Specific to Federal (U.S.) Tax Return Preparation (if applicable)*

The Internal Revenue Code and regulations impose disclosure standards on both the preparer of a return and on the taxpayer, as well as penalties for failure to comply with those standards. To avoid exposure to such penalties, it may be necessary in some cases to make certain disclosures on the return concerning positions taken therein. Without disclosure on the return itself of the specific position taken on a given issue, we must have a reasonable belief that the position satisfies the substantial-authority standard. If we do not have that reasonable belief, we must be satisfied that there is at least a reasonable basis for the position, and in such case, the position must be formally disclosed on Form 8275 or 8275-R (which would be filed along with the return). If we do not believe there is a reasonable basis for the position, either the position cannot be taken or we cannot sign the return and must withdraw from the engagement.

Rob Nowak is the engagement partner for the services specified in this letter, and is responsible for supervising our services performed as part of this engagement.

## Authorized Representative of the Taxpayer(s)

The Taxpayer(s) are our client(s) for this engagement and we understand the Trustee ("you" and "your") is a representative with authority not only to enter into this engagement letter on behalf of the Taxpayer(s), subject to approval of the Bankruptcy Court, but also to take—or direct others to take—the actions on behalf the Taxpayer(s) which are required for us to complete this engagement.

We will take our direction from and provide notifications required for this engagement to you on all matters related to this engagement until we are provided with written notification from the Taxpayer(s) to the contrary or we identify information which in our opinion reasonably raises a question of your continuing authority. We will thereafter take our direction from the replacement designee identified by the Taxpayer(s). In any event, the Taxpayer(s) will remain bound to the terms and obligations in this engagement letter. We reserve the right to suspend or terminate this engagement in event of the absence of—or a dispute concerning the identity of—an individual with such authority.

## Taxpayer(s)' Responsibilities

It is the Taxpayer(s)' responsibility to provide all the information required for the preparation of a complete and accurate return. If you have questions about the information the Taxpayer(s) should provide, we will discuss with you the requirements and help you to identify the information needed. The timeliness of the Taxpayer(s)' cooperation is essential to our ability to complete this engagement. Specifically, we must receive sufficient information from which to prepare the return(s) within a reasonable period of time prior to the applicable filing deadline. Accordingly, if we do not receive all of the information from the Taxpayer(s), as noted above, within forty-five

Mr. Gregory S. Milligan
July 29, 2021

Page 3 of 10

(45) days of the applicable filing deadline, it may be necessary for us to pursue an extension of the due date of the return(s), and we reserve the right to suspend our services or withdraw from this engagement.

We will rely in good faith, without further verification, upon information the Taxpayer(s) provide to us and information provided by third parties on the Taxpayer(s)' behalf, including representations as to facts and the existence of supporting documentation. We are not being engaged to verify independently the accuracy of those representations or the existence of underlying supporting documentations. The Taxpayer(s) should retain all the documents, cancelled checks, and other data that form the basis of income and deductions. These records may be necessary to prove the accuracy and completeness of the return(s) to a taxing authority. It is also the responsibility of an authorized representative of the Taxpayer(s), not us, to carefully examine and approve the completed return(s) before signing them on behalf of the Taxpayer(s) and filing them with the taxing authorities. We are not responsible for the disallowance of deductions due to inadequate documentation, nor for the resulting taxes, penalties and interest.

The Taxpayer(s) have the final responsibility for the return(s) and, therefore, the Taxpayer(s) should designate a suitable representative to review them carefully before filing them.

If you choose to have us file the return(s) on the Taxpayer(s)' behalf, the taxing authorities may require that we file the return(s) electronically. We will provide the Taxpayer(s) with the form(s) necessary to authorize us to electronically file on the Taxpayer(s)' behalf. By signing the (those) form(s), the signatory will be declaring, under penalties of perjury, that they are an authorized representative of the applicable Taxpayer, that they have examined the return(s) and that, to the best of their knowledge and belief, the return(s) is (are) true, correct, and accurate. **After the return(s) is (are) reviewed, the form(s) must be returned to us before the return(s) can be filed.** We are not responsible for any penalties and interest incurred as a result of the Taxpayer(s)' failure to timely return to us the signed form(s).

## Additional Services

The return(s) may be selected for examination by the taxing authorities. The Taxpayer(s) agree to immediately notify us upon the receipt of any correspondence from any agency about the return(s) covered by this engagement letter. This engagement does not include responding to inquiries or examinations by taxing authorities or other third-parties.

Government examinations will almost always include questions about bartering transactions, foreign bank accounts and other foreign financial assets, as well as questions about deductions that require strict documentation such as travel and entertainment expenses, charitable contributions, and expenses for business use of autos and computers. In the event of an examination, a taxpayer may be requested to produce documents, records, or other evidence to substantiate the items of income and deductions shown on a tax return. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of such government tax examination, we will be available upon written request to represent the

Mr. Gregory S. Milligan
July 29, 2021

Page 4 of 10

Taxpayer(s) during the examination and/or during any appeal. Any such representation would be performed at our standard rates and may be the subject of, and governed by, a separate engagement letter.

## Fees and Invoicing

Our fees will be based upon the amount of time required to provide these services, the complexity of the work to be performed, and market conditions. It is understood that neither our fees nor the payment thereof will be contingent upon the results of this engagement. Our work will be billed in 10th of an hour increments.

In addition to the fee for our services, reasonable and necessary out-of-pocket expenses we incur (such as parking, reproduction and printing, postage and delivery, and out-of-market travel, meals, and accommodations) will be billed at cost. The total amount stated on each invoice will also include a separate administrative and technology charge calculated as three percent (3.0%) of the fee for our services. The charge represents an estimated allocation of our support personnel, telecommunication, and technology infrastructure expenses.

We will also invoice for reasonable and necessary time and out-of-pocket expenses we incur to respond to any request (such as a subpoena, summons, court order, or administrative investigative demand) pertaining to this engagement in a legal matter to which we are not a party. Our time to facilitate the response will be billed at our then-current standard hourly rates, and our expenses (including attorney's fees) will be billed at cost. If we agree to perform additional substantive services related to or arising out of the request, such matters may be the subject of a new engagement letter.

Our invoices are payable on presentation and will be directed to your attention. We understand that payment of our invoices is subject to Bankruptcy Court approval. If invoices are not paid within one hundred twenty (120) days of the invoice date, this engagement will be placed on hold and we will stop work until the balance is brought current, or we may withdraw from this engagement (and any other engagements for the Taxpayer(s)).

The Taxpayer(s) acknowledge and agree that we are not required to continue work in the event of failure to pay on a timely basis for services rendered as required by this engagement letter. The Taxpayer(s) further acknowledge and agree that in the event we stop work or withdraw from this engagement as a result of failure to pay on a timely basis for services rendered as required by this engagement letter, we shall not be liable for any damages that occur as a result of our ceasing to render services.

Either party may terminate this engagement at any time with ten (10) days written notice to the other party. If the engagement is terminated, our engagement will be deemed to have been completed upon written notification of termination even if we have not completed our services, and the Taxpayer(s) agree to pay us for time expended and expenses incurred through the date of termination.

Mr. Gregory S. Milligan
July 29, 2021

Page 5 of 10

## Ethical Conflict Resolution

In the unlikely event that circumstances occur which we in our sole discretion believe could create a conflict with either the ethical standards of our firm or the ethical standards of our profession in continuing our engagement, we may suspend our services until a satisfactory resolution can be achieved or we may resign from the engagement. We will notify you of such conflict as soon as practicable, and we will discuss with you any possible means of resolving the conflict prior to suspending our services.

## Documentation and Confidentiality

Privacy laws prohibit our firm from disclosing tax return information to third parties for purposes other than the preparation and filing of the related tax return without specific, written authorization from the taxpayer. If we are asked to disclose any privileged information, unless we are required to disclose the information by law, we will not provide such disclosure until the affected Taxpayer(s) has (have) had an opportunity to argue that the communication is privileged. Any and all reasonable expenses that we incur—including legal fees—that are a result of attempts to protect any information as privileged will be paid by the affected Taxpayer(s).

It is our policy to keep records related to this engagement for a minimum of ten years after the respective return is filed. However, we do not keep a client's original records – we will return those to you upon the completion of the engagement. Our records, other than a copy of the return(s), are our property, and we will provide copies of such documents at our discretion, unless required by law, and if compensated for any time and costs associated with the effort. When records are returned or provided, it is the Taxpayer(s)' responsibility to retain and protect the records for possible future use, including potential examination by governmental or regulatory agencies. By signing this engagement letter, the Taxpayer(s) acknowledges and agrees that upon the expiration of ten years, we are free to destroy all records related to the respective return(s).

*Information Specific to Federal (U.S.) Tax Return Preparation (if applicable)*

The Internal Revenue Service ("IRS") permits a taxpayer to authorize us to discuss with the IRS, on a limited basis, aspects of a return for up to one year after the return's due date. The taxpayer's consent to such a discussion is evidenced by checking a box on the return. Unless you tell us otherwise, we will check that box authorizing the IRS to discuss the return with us. Once elected, the authorization cannot be revoked. Please note that our firm will not receive separate copies of IRS notices; therefore, you must provide our firm with copies of any notices you receive from the IRS.

## Limitations on Liability and Indemnifications

We and the Taxpayer(s) and anyone signing this engagement letter on their behalf, solely in their capacity as a fiduciary of the Taxpayer(s), (the "Taxpayer Parties") do not intend this engagement or engagement letter to be for the benefit of any third-party. Unless you inform us in writing, we are not aware of the identity of any third-parties to which any of our work product will be supplied

Mr. Gregory S. Milligan
July 29, 2021

Page 6 of 10

and we do not anticipate any such third-parties' reliance upon our professional services unless expressly stated herein.

During the course of the engagement, we may communicate via fax, email, or other electronic mechanism. Please be aware that communication in those mediums contains a risk of misdirected or intercepted communications.

By providing us with information to prepare the return, the providing Taxpayer confirms that to the best of its knowledge all of the information is accurate and complete.

The Taxpayer Parties hereby release, indemnify, and hold us and our partners, employees, and contractors, and each of their heirs, executors, personal representatives, successors and assigns ("Our Representatives") harmless from and against any liability and costs, including related liabilities, losses, damages, costs, expenses, and attorneys' fees, resulting from: (i) knowing misrepresentations by any of the Taxpayer Parties or the officers, employees, or others acting or purporting to act on their behalf, (ii) information that was intentionally withheld or concealed from us, or (iii) interception, unintentional disclosure, unauthorized use, or failed delivery of electronic communications transmitted or received by us in connection with this engagement.

Our and Our Representatives' total aggregate liability pertaining to this engagement and engagement letter to the Taxpayer Parties shall be limited to one (1) times the amount of our fees (excluding any reimbursable expenses) that party paid to us for the services in question. In no event shall we or Our Representatives be liable for indirect, incidental, consequential, special, multiple, exemplary, or punitive losses or damages—even if advised of their possible existence.

The Taxpayer Parties agree to only look to the limited liability partnership, Weaver and Tidwell, L.L.P., for satisfaction of any claim or cause of action arising from this engagement or engagement letter. In no event will our partners, directors, employees, or agents be liable to you for any liability, damages, expenses, or losses of any nature, caused by or resulting from the engagement, engagement letter, or use of our work product.

All limitations on liability and indemnifications contained herein shall apply to the fullest extent permissible by applicable laws and professional standards (including, without limitation, any applicable rules and interpretations of the AICPA and IRS), regardless of the cause of action (whether contract, negligence, or otherwise), except as finally determined to have resulted solely from our fraud, gross negligence, or willful misconduct.

## Dispute Resolution Procedure including Jury Waiver

We and the Taxpayer Parties agree that no claim arising out of or relating to this engagement or engagement letter shall be filed more than two years after the earlier of the termination of this engagement or the date of the delivery of our work product in question, if any. This limitation applies and begins to run even if you have not suffered any damage or loss, or have not become aware of the existence or possible existence of a dispute.

4845-8536-0628.5

Mr. Gregory S. Milligan
July 29, 2021

Page 7 of 10

If a dispute arises out of or relates to this engagement or engagement letter, or the breach thereof, and if the dispute cannot be settled through negotiation, we and the Taxpayer Parties agree first to try in good faith to settle the dispute by mediation before resorting to litigation. In such event, the parties will attempt to agree upon a location, mediator, and mediation procedures, but absent such agreement any party may require mediation in Dallas, TX, administered by the AAA under its Commercial Mediation Procedures.

This engagement letter and all disputes between us and one or more of the Taxpayer Parties shall be governed by, resolved, and construed in accordance with the laws of the State of Texas, without regard to conflict-of-law principles. Any action arising out of or relating to this engagement or engagement letter shall only be brought in, and we and the Taxpayer Parties each agree to submit and consent to the exclusive jurisdiction of, the Bankruptcy Court.

We and each of the Taxpayer Parties hereby irrevocably waive any right to trial by jury in any proceeding arising out of or relating to this engagement or this engagement letter.

Whenever possible, this engagement letter shall be interpreted in such a manner as to be effective and valid under applicable laws, regulations, or published interpretation, but if any term of this engagement letter is declared illegal, unenforceable, or unconscionable, that term shall be severed or modified and the remaining terms of the engagement letter shall remain in force. We and the Taxpayer Parties agree that the court should modify any term declared to be illegal, unenforceable, or unconscionable in a manner that will retain the intended term as closely as possible.

## Miscellaneous

We may at times provide documents marked as drafts. Those documents are for review purposes only and should not be distributed or relied upon in any way. They should be destroyed as soon as possible.

We inform the Taxpayer(s) that we have non-CPA licensees who may provide services pertaining to this engagement.

This engagement letter sets forth all of the agreed upon terms and conditions of our engagement with respect to the matters covered herein, and supersedes any that may have come before. This engagement letter may not be amended or modified except by further writing signed by all the parties.

Mr. Gregory S. Milligan
July 29, 2021

Page 8 of 10

We appreciate the opportunity to assist you and look forward to working with you and your team.

Sincerely,

*Weaver and Tidwell, L.L.P.*

**WEAVER AND TIDWELL, L.L.P.**

Please sign and return a copy of this letter to indicate Taxpayer(s) acknowledgment of, and agreement with, the arrangements for our engagement as described herein, including each party's respective responsibilities. By signing below, the signatory also represents that they have been authorized to execute this agreement by the Taxpayer(s); however we understand final approval of this agreement is required by the Bankruptcy Court. Work cannot begin until we receive the signed letter.

Signature: _____

Printed Name: Gregory S. Milligan, Chapter 11 Trustee

Date:   August 23, 2021

Mr. Gregory S. Milligan
July 29, 2021

Page 9 of 10

**EXHIBIT – LIST OF RETURN(S) TO BE PREPARED FOR IDENTIFIED TAXPAYER(S)**

| Year(s) | Description of the Return(s) |
|---------|------------------------------|
| **Canadian River Ranch, LLC** | |
| 2020-2022 | Form 1065, U.S. Return of Partnership Income |
| | Texas Franchise Tax Return |
| **Daryl Greg Smith** | |
| 2020-2022 | Form 1040, U.S. Individual Income Tax Return |

Mr. Gregory S. Milligan
July 29, 2021

Page 10 of 10

## EXHIBIT – STANDARD HOURLY RATES

| LEVEL | HOURLY RATE |
|---|---|
| Intern | $165/Hour |
| Associate 1 | $195/Hour |
| Associate 2 | $210/Hour |
| Senior 1 | $235/Hour |
| Senior 2 | $250/Hour |
| Senior 3 | $260/Hour |
| Manager 1 | $280/Hour |
| Manager 2 | $310/Hour |
| Senior Manager 1 | $350/Hour |
| Senior Manager 2 | $385/Hour |
| Director | $415/Hour |
| Partner | $500/Hour |

**Exhibit C**

**Nowak Declaration**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

**DECLARATION OF ROBERT J. NOWAK IN SUPPORT OF APPLICATION TO
APPROVE RETENTION AND EMPLOYMENT OF WEAVER AND TIDWELL, L.L.P.
AS ACCOUNTANT AND TAX RETURN PREPARER
FOR THE TRUSTEE PURSUANT TO 11 U.S.C. §§327(a) AND 328**

Pursuant to 28 U.S.C. § 1746, I, Robert J. Nowak, hereby declare and state as follows:

## FOUNDATION

1.      I am a partner in the accounting firm of Weaver and Tidwell, L.L.P. (the "**Firm**").

I am a certified public accountant licensed by the State of Texas. I submit this declaration (this

"**Declaration**"), pursuant to sections 327(a) of title 11 of the United States Code (the "**Bankruptcy**

**Code**"), Rules 2014 and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**"), Rule 2014 of the Local Rules for the United States Bankruptcy Court for the Western

District of Texas (the "**Local Rules**"), in support of the *Application to Approve Retention and*

*Employment of Weaver and Tidwell, L.L.P. as Accountant and Tax Return Preparer for the Trustee*

*Pursuant to 11 U.S.C. §§327(a) and 328* (the "**Application**").[1] Unless otherwise stated in this

Declaration, I have personal knowledge of the facts set forth herein.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings set forth in the Application.

## THE TRUSTEE'S RETENTION OF THE FIRM

2.　　The Firm is a Texas limited liability partnership licensed to perform accounting services in the State of Texas with an office in Houston, Texas.

3.　　The Trustee and the Firm executed an engagement letter (the "**Engagement Letter**") defining the Firm's engagement, a true and correct copy of which is attached to the Application as **Exhibit B**. The Engagement Letter sets forth the scope of the Firm's services and terms of compensation.

## SERVICES TO BE PROVIDED

4.　　The Trustee seeks to employ the Firm on an hourly basis to act as the Trustee's accountant and tax return preparer in order to prepare and file tax returns on behalf of the Debtors and provide consulting services in connection therewith. It is intended that the Firm will render the following services:

(a)　prepare and file (after receiving authorization) the 2020-2022 Form 1065, U.S. Return of Partnership Income for Debtor Canadian River Ranch, LLC ("**CRR**");

(b)　prepare and file (after receiving authorization) all necessary federal, state and local tax returns, reports and/or forms for the years 2020-2022 for Debtor Daryl Greg Smith ("**Smith**");

(c)　prepare and file (after receiving authorization) the 2020-2022 Texas Franchise Tax Reports for CRR;

(d)　provide consulting services in connection with the specified prepared returns; and

(e)　prepare and file additional returns as the Trustee and Firm may agree to pursuant to any future amendments to the Engagement Letter.

5.　　The Trustee requires knowledgeable counsel to provide these essential professional services. The Firm has stated its desire and willingness to act as the Trustee's accountant.

## THE FIRM'S FEES FOR SERVICES TO BE RENDERED
## IN CONNECTION WITH THE ENGAGEMENT LETTER

6.      Except as described herein, pursuant to the terms and conditions of the Engagement Letter and subject to the Court's approval, the Firm intends to (a) charge for its services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered, and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

7.      The Firm's current hourly rates range from $165 to $500 per hour. The Firm's hourly rates are set at a level designed to compensate the Firm fairly for the work of its accountants and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

8.      A list of the standard hourly rates for the professionals currently expected to provide services to the Debtor is attached as an exhibit to the Engagement Letter.

9.      The Firm will maintain detailed, contemporaneous records of time spent, as well as any actual and necessary expenses incurred, in connection with the rendering of the services described above. Notwithstanding the foregoing, the Firm acknowledges its compensation will be subject to approval by this Court.

10.     The Firm intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the procedures set forth in the applicable provisions of sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, as those procedures may be modified or supplemented by order of this Court. The Firm has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with the Chapter 11 Cases, other than as permitted pursuant to section 504 of the Bankruptcy Code. The Firm also intends to make a reasonable effort to comply with the U.S.

Trustee's request for information and additional disclosures as set forth in the U.S. Trustee Fee Guidelines, both in connection with this Application and the interim and final fee applications to be filed by the Firm in these Chapter 11 Cases.

11.     It is the Firm's policy to charge its clients for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also the Firm's policy to charge its clients only the amount actually incurred by the Firm in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, and photocopying.

12.     The Trustee's professionals work, and will continue to work, under the direction of the Trustee. I understand that the Trustee is committed to minimizing duplication of services to reduce professional costs, among other things. To that end, the Firm will work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

### THE FIRM'S DISINTERESTEDNESS

13.     To the best of my knowledge, information, and belief, (a) the Firm has no connection with the Debtors or the Trustee except as disclosed herein, (b) the Firm does not represent, and has not represented any entity other than the Trustee in the Chapter 11 Cases; (c) the Firm does not have any connection with the United States Trustee for the Western District of Texas, or any person employed by the Office of the United States Trustee for the Western District of Texas, and (d) the Firm does not have any connection with the Debtors' creditors, any other party in interest, or their respective attorneys and accountants except as disclosed herein.

14.     To check and clear conflicts, and in preparing my declaration, the Firm performed an electronic search of its database to determine if disclosure of potential affiliations and conflicts

were required by the Bankruptcy Rules. Based on the search of names, the Firm concluded it has

the following connection with the Debtors, Trustee, and the other potentially interested parties:

- The Firm has been and currently is retained by the Trustee (outside his capacity as Chapter 11 Trustee in these Chapter 11 Cases) in matters wholly unrelated to these Chapter 11 Cases. The Firm does not believe this connection constitutes a conflict of interest or renders the Firm an "interested" party and thus is providing this information solely out of an abundance of caution.

15.    I am confident that our diligence has resulted, to the greatest extent possible, in the

disclosure of all potential conflicts. However, despite the efforts described herein to identify and

disclose the Firm's connections with parties in interest in the Chapter 11 Case, I am unable to state

with absolute certainty that every client representation or other connection has been disclosed. In

this regard, if the Firm discovers additional information that requires disclosure, the Firm will file

a supplemental disclosure with the Court. Additionally, to the extent that issues may arise which

would cause the Debtors or the Trustee to be adverse to any of the Firm's clients, the Firm will

obtain and disclose waivers or, to the extent that it would not be appropriate for the Firm to

represent the Trustee with respect to such matters, other counsel employed by the Trustee will

represent the Trustee in connection with such matters.

16.    Based upon information available to me at this time, I believe that the Firm is a

"disinterested person" pursuant to section 101(14) of the Bankruptcy Code, and that the Firm does

not hold or represent an interest adverse to the Debtors, their estates or the Trustee, as required by

section 327(a) of the Bankruptcy Code with respect to the matters for which it is being retained.

17.    No promises have been received by the Firm or any member or associate thereof as

to payment or compensation in connection with this case other than in accordance with the

provisions of the Bankruptcy Code and the Bankruptcy Rules. Other than with members and

regular associates of the Firm, the Firm has no agreement with any other entity to share with such entity any compensation received by the Firm.

      18.     Consistent with the U.S. Trustee Fee Guidelines, I state as follows:

- The Firm has not agreed to a variation of its standard or customary billing arrangements for this engagement.

- None of the Firm's professionals included in this engagement have varied their rate based on the geographic location of the Chapter 11 Cases.

      19.     The foregoing constitutes the statement of the Firm pursuant to sections 327(a) and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(a).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August __, 2021

_____
Robert J. Nowak