IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| In re: | § | Lead Case No. 21-60162-rbk |
| | § | Second Case No. 21-60163-rbk |
| DARYL GREG SMITH and | § | |
| CANADIAN RIVER RANCH, LLC | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered Under |
| | § | Case No. 21-60162-rbk) |

**MOTION TO RECONSIDER ORDER APPROVING APPLICATION TO
APPROVE EMPLOYMENT OF REAL ESTATE BROKERS FOR THE TRUSTEE**

TO THE HONORABLE RONALD B. KING, CHIEF U.S. BANKRUPTCY JUDGE:

COME NOW Daryl Greg Smith ("Smith") and Canadian River Ranch, LLC (together with Smith, the "Debtors"), the debtors in the above styled and numbered jointly administered Chapter 11 bankruptcy case (the "Bankruptcy Case"), and file this *Motion to Reconsider* (the "Motion") the *Order Approving Application to Approve Retention and Employment of Keen-Summit Capital Partners LLC, Land Doctors, Inc., and Ranch Masters as Real Estate Brokers for the Trustee* [Docket No. 156] (the "Order"), respectfully stating as follows:

## I.    SUMMARY

1.    On Friday, August 13, 2021, the chapter 11 trustee filed an application to retain and employ real estate brokers. On Monday, August 16, 2021, the Court entered the Order granting the application without a hearing and without an opportunity for parties to object to the retention. The Order provides the real estate brokers with a greater commission than previously negotiated for and agreed to by the Debtors, approves the employment of an insider of the Debtors and provides him with a guaranteed commission irrespective of his involvement in procuring a buyer, and provides for the retroactive reimbursement of marketing expenses under an expired prepetition listing agreement, all at the expense of the Debtors' estates and in an amount that will likely be

hundreds of thousands of dollars.  The Court should reconsider the application and amend the Order to cure these defects.

## II.  **BACKGROUND**

### A.  THE LISTING AGREEMENT

2.      The Debtors together with Darren Keith Reed ("Reed") and Julie Ann Reed (collectively, the "Owners") are the owners of approximately 11,412 acres located in McIntosh County, Oklahoma, comprised of various tracts of land that were purchased between December 2000 and February 2013 (the "Property").  Reed is Smith's business partner and served as the manager of Canadian River Ranch, LLC within the two years before the filing of this Bankruptcy Case.

3.      Prior to commencing the Bankruptcy Case, the Owners retained Land Doctors, Inc. ("Land Doctors") as real estate broker with respect to the Property on the terms described in the *Listing Agreement – Exclusive Right to Sell*, dated August 18, 2020 (the "Listing Agreement"), a copy of which is attached to the proposed order attached to the Debtors' Application (as defined below).

4.      The Listing Agreement provided for a standard four percent (4%) commission to Land Doctors upon the sale of the Property (the "Brokerage Fee").  *See* Listing Agreement ¶ 3.  If Reed procured a buyer for the Property, the Brokerage Fee would be split between Land Doctors and Reed, with Reed earning 2.5% and Land Doctors earning 1.5% of the total sales price.  *See* Listing Agreement ¶ 3.e.  If Land Doctors procured the buyer for the Property, Reed would not be entitled to any portion of the Brokerage Fee, and in no event would the Brokerage Fee exceed four percent (4%).  The Listing Agreement did not provide for any reimbursement of marketing expenses to Land Doctors.

**B.**       <u>THE DEBTORS' APPLICATION</u>

5.        On May 19, 2021, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Land Doctors, Inc. as the Debtors' Real Estate Broker Effective Nunc Pro Tunc to the Petition Date* (the "<u>Debtors' Application</u>").  Karen Annette Smith filed a limited objection to the Debtors' Application [Docket No. 47] (the "<u>Limited Objection</u>"), arguing against the commission sharing provision in the Listing Agreement on the grounds that Reed "is an insider of the Debtor, business partner of Debtor-Smith, and served as an officer of Debtor-CR Ranch within the two years prior to the Petition Date."  *See* Limited Objection ¶ 10.

6.        On June 29, 2021, Gregory S. Milligan was appointed as chapter 11 trustee in the Bankruptcy Case (the "<u>Trustee</u>") [Docket No. 91].  On August 4, 2021, the Trustee filed a *Notice of Withdrawal* [Docket No. 151], withdrawing the Application and allowing the Listing Agreement to expire pursuant to its own terms on August 16, 2021.  When the Listing Agreement expired, no commission or reimbursement was due to Land Doctors.

**C.**       <u>THE TRUSTEE'S APPLICATION</u>

7.        On August 13, 2021, the Trustee filed an *Application to Approve Retention and Employment of Keen-Summit Capital Partners, LLC, Land Doctors, Inc., and Ranch Masters as Real Estate Brokers for the Trustee* [Docket No. 155] (the "<u>Trustee's Application</u>"), which sought entry of an order authorizing the retention and employment of Keen-Summit Capital Partners LLC ("<u>Keen-Summit</u>"), Land Doctors, and Ranch Masters[1] (together with Keen-Summit and Land Doctors, the "<u>Brokers</u>") as real estate brokers to the Trustee.  On the following business day, the Court entered the Order approving the Application without a hearing.

---

[1]        Reed is the Owner/Broker of Ranch Masters.  *See* Trustee's Application, Ex. E, Reed Declaration ¶ 1.

8. The Order authorizes the retention and employment of the Brokers in accordance with the terms and conditions as set forth in that certain retention agreement dated August 11, 2021 (the "Retention Agreement"), a copy of which is attached as Exhibit B to the Trustee's Application. In contrast to the four percent (4%) Brokerage Fee provided for in the Listing Agreement, the Retention Agreement provides for a transaction fee that ranges from 4.5% to 6.0% (the "Transaction Fee"). *See* Retention Agreement § III.A. In particular, the Transaction Fee will be:

- 4.5% if either Land Doctors or Keen-Summit procures a buyer (Land Doctors will receive 2.0% of the gross proceeds, Keen-Summit will receive 2.0% of the gross proceeds, and Ranch Masters will receive 0.5% of the gross proceeds);

- 5.5% if Ranch Masters procures a buyer ((Land Doctors will receive 2.0% of the gross proceeds, Keen-Summit will receive 2.0% of the gross proceeds, and Ranch Masters will receive 1.5% of the gross proceeds); and

- 6.0% of a third-party broker procures a buyer (Land Doctors will receive 2.0% of the gross proceeds, Keen-Summit will receive 2.0% of the gross proceeds, Ranch Masters will receive 0.5% of the gross proceeds, and the third-party broker will receive 1.5%).

Notably, whereas Reed would not have received any portion of the 4% Brokerage Fee under the Listing Agreement if Land Doctors procured the buyer for the Property, under the Retention Agreement, Ranch Masters (and Reed, as its Owner/Broker) will receive at least 0.5% of the gross proceeds, irrespective of whether he procures a buyer for the Property.

9. Furthermore, whereas Land Doctors would not have been reimbursed for any marketing costs under the Listing Agreement, the Retention Agreement provides that "Land Doctor [sic] will be reimbursed for its actual out-of-pocket marketing costs from its previous marketing of the Property as itemized on the attached Schedule B." *See* Retention Agreement § IV.D. The Retention Agreement does not attach an itemization of Land Doctors' previous marketing expenses, so the Debtors are unable to determine the cost to their estates.

### III.     ARGUMENT AND AUTHORITIES

10.      Under Bankruptcy Rule 9023, incorporating Federal Rule of Civil Procedure 59, the Court may reconsider its prior approval for any reason at equity, if a new trial is sought within 14 days of the entry of an order. Fed. R. Bankr. P. 9023.  Under Bankruptcy Rule 9024, incorporating Federal Rule of Civil Procedure 60(b), reconsideration is available for, among other things, "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  Here, the Trustee's Application was granted without a hearing and without the opportunity for the Debtors to object. The Debtors timely bring this Motion within 14 days of the entry of the Order so that the Court may consider the Debtors' objections and reconsider its prior approval of the Trustee's Application.

11.      The Retention Agreement provides for a materially greater compensation to the Brokers to the detriment of the Debtors' estates.  Although the Debtors had previously negotiated for and agreed to a Brokerage Fee of four percent (4%), the Transaction Fee provided for by the Retention Agreement ranges from 4.5% at a minimum up to 6.0%.  By way of example, if the Property sells at the listing price in the Listing Agreement of $23,165,560, the higher Transaction Fee provided by the Retention Agreement will cost the Debtors' estates between $115,827.80 and $463,311.20 beyond what the earlier Listing Agreement provided.  Some of this increased cost to the Debtors' estates is due to the Retention Agreement providing Reed with guaranteed compensation, regardless of whether he procures a buyer.  Again using the listing price from the Listing Agreement, the Retention Agreement would guarantee Reed at least $115,827.80 upon a sale of the Property, even if he does nothing to procure the buyer.  Finally, the Retention Agreement provides for reimbursement of Land Doctors' marketing expenses under the expired Listing Agreement, which did not provide for any similar reimbursement.  The exact cost of this

reimbursement to the Debtors' estates is not known because the Retention Agreement does not attach the indicated schedule.

12.     The Trustee's employment of Reed is also impermissible because Reed is an "insider" of the Debtors.  The Trustee may not employ a professional person that is not a disinterested person to represent or assist him in carrying out the Debtors' duties.  *See* 11 U.S.C. § 327(a).  "By forbidding employment of all interested persons, section 327 prevents individual bankruptcy courts from having to make determinations as to the best interest of the debtors in these situations."  *Childress v. Middleton Arms, Ltd. P'ship*, 934 F.2d 723, 725 (6th Cir. 1991) (holding that real estate corporation was not a disinterested person and could therefore not be appointed to assist trustee in selling debtors' property).  Here, Reed is not a "disinterested person" because, as Smith's business partner and the manager of Canadian River Ranch, LLC within the two years before the filing of this Bankruptcy Case, Reed is an "insider" of the Debtors.  *See* 11 U.S.C. § 101(14), (31).  Therefore, the Trustee may not employ Reed as a real estate broker.

13.     The Court can remedy these defects by reconsidering approval of the Application and amending the Order to provide a 4% cap to the Transaction Fee provided for by the Retention Agreement, removing the guaranteed compensation to Reed, denying the application to employ Reed as a real estate broker, and eliminating the reimbursement of expenses incurred by Land Doctors under the expired Listing Agreement.

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request that the Court enter an order (i) reconsidering its approval of the Application, (ii) providing a 4.0% cap to the Transaction Fee paid to the Brokers, (iii) removing any provision that provides a Transaction Fee to Reed where he does not procure the buyer for the Property, (iv) removing the provision that provides for reimbursement of Land Doctors' previous marketing expenses, and (v) granting such other and further relief to Counsel as is just and proper.

RESPECTFULLY SUBMITTED this 30th day of August, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas D. Berghman*
      Davor Rukavina, Esq.
      Texas Bar No. 24030781
      Thomas D. Berghman, Esq.
      Texas Bar No. 24082683
      500 North Akard St., Ste. 3800
      Dallas, Texas 75201
      Telephone: (214) 855-7500
      Facsimile: (214) 978-4375
      drukavina@munsch.com
      tberghman@munsch.com

**ATTORNEYS FOR THE DEBTORS**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2021, a true and correct copy of the foregoing document was served upon the parties on the attached Matrix by first class mail or by electronic transmission through the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas.

By: */s/ Thomas D. Berghman*
      Thomas D. Berghman, Esq.