IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| In re:<br><br>DARYL GREG SMITH and<br>CANADIAN RIVER RANCH, LLC<br><br>Debtors. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | (Jointly Administered Under<br>Case No. 21-60162-rbk)<br><br>Chapter 11 |

## STATEMENT BY DARYL GREG SMITH OF ISSUES ON APPEAL

COMES NOW Daryl Greg Smith (the "Debtor"), one of the debtors in the above styled and numbered jointly administered Chapter 11 bankruptcy case (the "Bankruptcy Case"), and, with respect to his *Notice of Appeal* at docket no. 252, hereby files his *Statement of Issues on Appeal* (the "Statement").

With respect to the Bankruptcy Court's *Order Regarding Limited Objection to Debtor's Claimed Exemptions* [docket no. 243] (the "Exemption Order"):

1. Whether the Bankruptcy Court erred in entering the Exemption Order because it permitted Karen Annette Smith ("K. Smith") and Gregory S. Milligan, Trustee (the "Trustee") to present evidence and argument against the Debtor's exemption of his membership interests in Caddoa Creek Ranch, LLC ("Caddoa") that were: (i) outside the pleading filed by K. Smith objecting to the same and in which pleading the Trustee was permitted to join; and (ii) otherwise time barred as they were outside such pleading and did not relate-back to such pleading?

2. Whether the Bankruptcy Court erred in entering the Exemption Order by misapplying the correct burden of proof on the value of Caddoa, insofar as the Bankruptcy Court found that the value of certain litigation claims owned by Caddoa exceeded the applicable exemption limit even though neither K. Smith nor the Trustee presented any evidence on the value of such litigation claims?

3. Whether the Bankruptcy Court erred in entering the Exemption Order by finding that certain litigation claims owned by Caddoa exceeded the exemption limit when the Bankruptcy Court had previously, by final and non-appealable order, concluded that said litigation claims were barred by *res judicata* and/or collateral estoppel, such that said litigation claims had no value.

4. Whether the Bankruptcy Court erred in entering the Exemption Order by finding that the value of Caddoa exceeded the exemption limit, including: (i) by improperly finding value to an alleged account receivable of Caddoa; (ii) by failing to take into account the value of Caddoa's offsetting liabilities, which reduced the value of Caddoa to $1.0 or less; and (iii) by ascribing a hypothetical future value to Caddoa which is not permitted when valuing an exemption and which there was no evidence of.

With respect to the Bankruptcy Court's *Order Approving Second Amendment to Operating Agreement of Caddoa Creek Ranch, LLC* [docket no. 245] (the "Approval Order"):

5. Whether the Bankruptcy Court erred in entering the Approval Order, if the Exemption Order is otherwise reverse, because, in such instance, Caddoa would not be property of the estate and the Bankruptcy Court would have no jurisdiction or authority over its internal governance.

The Debtor reserves the right to amend or supplement this Statement.

RESPECTFULLY SUBMITTED this 7th day of December, 2021.

       **MUNSCH HARDT KOPF & HARR, P.C.**

       By: /s/ Davor Rukavina
            Davor Rukavina, Esq.
            Texas Bar No. 24030781
            500 North Akard St., Ste. 3800
            Dallas, Texas 75201
            Telephone: (214) 855-7500
            Facsimile: (214) 978-4375

       **ATTORNEYS DARYL GREG SMITH**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 7th day of December, 2021, true and correct copies of this document were electronically served by the Court's ECF system on the following:

Eboney Delane Cobb on behalf of Creditor Whitney ISD
ecobb@pbfcm.com, rgleason@pbfcm.com

Ruben Rene Escobedo on behalf of Interested Party Darren Keith Reed
rene.escobedo@rre-law.com

Mark B. French on behalf of Creditor Mark Cochran
mark@markfrenchlaw.com, Sarah@markfrenchlaw.com

Edwin Paul Keiffer on behalf of Creditor Karen Annette Smith
pkeiffer@romclaw.com, bwallace@romclaw.com

Edwin Paul Keiffer on behalf of Defendant Karen Annette Smith
pkeiffer@romclaw.com, bwallace@romclaw.com

Scott D. Lawrence on behalf of Creditor Farm Credit of Western Oklahoma
scott.lawrence@wickphillips.com, brenda.ramirez@wickphillips.com

Tara LeDay on behalf of Creditor Texas Taxing Authorities
tleday@mvbalaw.com,
vcovington@mvbalaw.com;alocklin@mvbalaw.com;bankruptcy@mvbalaw.com;pbowers@mvbalaw.com;vjames@mvbalaw.com

Gregory S. Milligan
gmilligan@harneypartners.com

William R Nix, III on behalf of Trustee Gregory S. Milligan
trip.nix@wallerlaw.com, sherri.savala@wallerlaw.com

Mark J. Petrocchi on behalf of Creditor Griffith, Jay & Michel, LLP
mpetrocchi@lawgjm.com, mkidd@lawgjm.com

Steve Stasio on behalf of Attorney Andrew F. Stasio, Jr.
steve.stasio@stasiolawfirm.com

Marc W. Taubenfeld on behalf of Creditor Bommer State Outdoors, LLC
mtaubenfeld@mcslaw.com, scotton@mcslaw.com

Marc W. Taubenfeld on behalf of Creditor Boomer State Outdoors, LLC
mtaubenfeld@mcslaw.com, scotton@mcslaw.com

David G. Tekell on behalf of Creditor Tekell and Tekell LLP
david@tekell-law.com, carolyn@tekell-law.com

Shane P. Tobin on behalf of U.S. Trustee United States Trustee - WA12
shane.p.tobin@usdoj.gov,
brian.r.henault@usdoj.gov;Carolyn.Feinstein@usdoj.gov;carey.a.tompkins@usdoj.gov;roxana.peterson@usdoj.gov;gary.wright3@usdoj.gov;deborah.a.bynum@usdoj.gov;aubrey.thomas@usdoj.gov

United States Trustee - WA12
ustpregion07.au.ecf@usdoj.gov

Morris D. Weiss on behalf of Trustee Gregory S. Milligan
morris.weiss@wallerlaw.com, sherri.savala@wallerlaw.com;annmarie.jezisek@wallerlaw.com

                      By: /s/ Davor Rukavina
                            Davor Rukavina, Esq.