**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

**MOTION FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT
AGREEMENT BETWEEN, *INTER ALIA*, THE TRUSTEE AND
DAVID TEKELL AND TEKELL & TEKELL, LLP PURSUANT TO
<u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019</u>**

TO THE HONORABLE RONALD B. KING,
UNITED STATES BANKRUPTCY JUDGE:

Gregory S. Milligan, chapter 11 trustee in the above-captioned bankruptcy cases (the "**Trustee**") files this *Motion for Entry of an Order Approving the Settlement Agreement Between, inter alia, the Trustee, David Tekell and Tekell & Tekell, LLP Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "**Motion**"). In further support of this Motion, the Trustee respectfully represents as follows:

<u>**RELIEF REQUESTED**</u>

1.      The Trustee seeks entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "**Order**") approving the settlement agreement (the "**Settlement Agreement**"), a true and correct copy of which is attached hereto as **<u>Exhibit B</u>**, between, *inter alia*, the Trustee, David Tekell and Tekell & Tekell, LLP (collectively "**Tekell**"; and together with the Trustee and the other signatories to the Settlement Agreement, the "**Parties**").

## JURISDICTION AND VENUE

2. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9019 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "**Local Rules**")

4. The Trustee confirms his consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

**General Background**

5. Daryl Greg Smith ("**Smith**") and Canadian River Ranch, LLC ("**CRR**") (collectively, the "**Debtors**") each filed a voluntary petition for relief under the Bankruptcy Code on April 9, 2021 (the "**Petition Date**").

6. On May 18, 2021, the Court ordered that the Debtors' cases (the "**Chapter 11 Cases**") be jointly administered. *See* Order Granting Debtors' Motion for Joint Administration [Doc. 29].

7. On June 29, 2021, the United States Trustee requested appointment of the Trustee in this matter, and the Court approved such appointment. *See* Order Approving Appointment of Gregory S. Milligan as Chapter 11 Trustee [Doc. 91].

**Background of the Dispute**

8.      On August 27, 2020, Tekell filed a lawsuit in the 170th Judicial District Court of McLennan County, Texas (the "**Lawsuit**"). In the Lawsuit, Tekell brought claims for breach of contract related to legal services rendered in connection with Smith's divorce action (the "**Legal Services**") against CRR and several affiliates of CRR, including Caddoa Creek Ranch, LLC ("**Caddoa**"). CRR and the other defendants filed counterclaims against Tekell for negligence, breach of contract, and breach of fiduciary duty related to the Legal Services rendered by Tekell.

9.      On September 28, 2020, Caddoa filed its Original Petition in Intervention and Intervenor's Counterclaim in the Lawsuit (the "**Intervention**"). In the Intervention, Caddoa asserted claims against Tekell for negligence, breach of contract, and breach of fiduciary duty related to the Legal Services rendered by Tekell. On May 7, 2021, Smith, in his 90% membership interest in Caddoa, intervened in the Lawsuit, pleading his claims against Tekell in the alternative to Caddoa's claims in intervention.

10.     On June 22, 2021, Tekell filed a proof of claim in the CRR case, in the amount of $219,057.48 (the "**Tekell Claim**"). Claim No. 2-1. The basis of the Tekell Claim are the fees allegedly owed for the Legal Services. Pursuant to the retention agreement between Tekell, CRR, Caddoa, and other affiliated entities (the "**Retention Agreement**"), the representation of the parties was joint, which arguably creates joint and several liability among all signatories to the Retention Agreement, including CRR.

11.     After the filing of the bankruptcy petition and the appointment of the Chapter 11 Trustee, the Trustee worked with counsel for Tekell to obtain a severance of the claims by and against CRR and Smith (the "**Severed Claims**"). The request for severance was granted, and the Severed Claims were severed into a new cause, Cause No. 2021-2541-4, in the 170th Judicial District Court of McLennan County, Texas, which is currently stayed pursuant to 11 U.S.C. § 362

and the order of severance. The claims asserted by Caddoa are not stayed and are set for trial on April 11, 2022.

12.     On August 27, 2021, the Trustee filed his Motion Seeking Approval of Second Amendment to Operating Agreement of Caddoa, seeking authorization to execute the Operating Agreement and appointing the Trustee as manager of Caddoa (the "**Caddoa Motion**"). Dkt. No. 180. On November 17, 2021, the Court granted the Caddoa Motion. Dkt. No. 245.  Pursuant to the Caddoa Motion, the Trustee was appointed the manager of Caddoa (the "**Manager**").

13.     Caddoa has limited funds, and the Manager has done a cost benefit analysis of the claims of Caddoa and believes it is prudent to settle the Lawsuit on the terms set forth in the Settlement Agreement. The Trustee also believes it is prudent to reduce the Tekell Claim filed in the CRR bankruptcy.  Absent a settlement, the Trustee would need to object to the Tekell Claim and effectively have a mini trial in this Court, which would be expensive, time consuming, and with an uncertain outcome due to the potential joint and several nature of the obligations under the Retention Agreement.

### THE SETTLEMENT AGREEMENT

14.     The material terms and conditions of the Settlement Agreement are as follows[1]:

(a)     Caddoa, through the Manager, agrees to a full and final release and discharge of all claims asserted or which could have been asserted against Tekell by Caddoa related to Tekell's representation of Caddoa in Cause No. 325-584465-15, *In the Matter of the Marriage of Karen Annette Smith and Daryl Greg Smith and in the Interest of their children* filed in the 325th Judicial District Court in Tarrant County, Texas ("**Smith Divorce Matter**"), post-judgment proceedings in the Smith Divorce Matter, and any appeals taken from the Smith Divorce Matter (collectively, the "**Smith Related Matters**").

---

[1] Capitalized terms used in this section but not otherwise defined in this Motion shall have the meaning ascribed to them in the Settlement Agreement.  The summary set forth herein is qualified in its entirety by the Settlement Agreement.  To the extent of any inconsistency between this summary and the Settlement Agreement, the Settlement Agreement shall control.

(b)     In exchange for the mutual covenants and agreements in the Settlement Agreement, including the releases and discharges of claims by the Manager, Tekell's professional liability carrier (the "**Carrier**") agrees to pay on Tekell's behalf the sum of $30,000.00 to Caddoa via ACH bank transfer on the Closing Date.

(c)     The Manager of Caddoa, will file, or cause to be filed, a motion to dismiss with prejudice all claims asserted or which could have been asserted against Tekell by Caddoa in the Lawsuit in the form attached thereto within three (3) business days following entry of the Approval Order, provided that the effectiveness of the Approval Order has not been stayed for any reason.

(d)     Tekell agrees to a full and final release and discharge of all claims asserted or which could have been asserted against Caddoa by Tekell related to fees and expenses owed to Tekell arising from Tekell's representation of Caddoa in the Smith Related Matters as set forth in the Tekell Action. The release is only of Caddoa and does not extend to any other person or entity represented by Tekell in the Smith Divorce Matter (the "**Excluded Parties**"). Tekell agrees not to assert a claim in the future against Caddoa related to his representation of Caddoa in the Smith Divorce Matter.

(e)     Tekell agrees to file an amended proof of claim in the CRR bankruptcy case, reducing the amount of the claim from $219,057.48 to $21,905.74 for fees and expenses owed to him arising from his representation of CRR in the Smith Divorce Matter (the "**Reduced Amount**"); provided, however, if the distribution to unsecured creditors in the CRR Bankruptcy Proceeding is less than one hundred percent (100%), then the Reduced Amount will be increased by fifty percent (50%) to $32,858.61 (the "**Adjusted Reduced Amount**"). The approval of the Reduced Amount and the Adjusted Reduced Amount shall be included in the Approval Order and Tekell will have an allowed Claim in such amount.

(f)     Tekell agrees to the continued abatement of the claims asserted by Tekell against CRR in the Lawsuit. Tekell agrees to dismiss those claims with prejudice within three (3) business days following entry of the Approval Order, provided that the effectiveness of the Approval Order has not been stayed for any reason.

(g)     CRR agrees to a full and final release and discharge of all claims asserted or which could have been asserted against Tekell by CRR related to Tekell's representation of CRR in the Smith Related Matters.

(h)     CRR agrees to file a motion to dismiss with prejudice its claims asserted against Tekell in the Lawsuit, and now pending in the severed Cause No. 2021-2541-4 within three (3) business days following entry of the Approval Order, provided that the effectiveness of the Approval Order has not been stayed for any reason.

(i)     The Trustee agrees he will file, or cause to be filed, the pleadings and papers in the CRR Case, including but not limited to a Rule 9019 motion to compromise controversies (the "**Motion to Compromise**"), required to obtain bankruptcy court approval for the global settlement set forth in this Agreement. Tekell agrees to

cooperate in the preparation of the Motion to Compromise and the presentation of same in the CRR Case, as needed (including testimony in support). The Parties will use their commercially reasonable best efforts to obtain entry of an order approving the Motion to Compromise on or before March 10, 2022 (the "**Approval Order**").

15.    The Trustee on behalf of CRR believes that the Settlement Agreement is in the best interests of CRR, its creditors, and other parties in interests.  The Manager believes the Settlement Agreement is in the best interests of Caddoa.

## BASIS FOR RELIEF

16.    Rule 9019 of the Bankruptcy Rules authorizes bankruptcy courts to approve compromises and settlements that are "fair, equitable, and in the best interest of the estate." *In re Derosa-Grund*, 567 B.R. 773, 784 (Bankr. S.D. Tex. 2017); *see In re Wright*, 545 B.R. 541, 561 (Bankr. S.D. Tex. 2016).

17.    The Fifth Circuit in *Matter of Cajun Elec. Power Co-op., Inc.,* stated that bankruptcy judges must consider the following factors when evaluating a settlement: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise. 119 F.3d 349, 356 (5th Cir. 1997); *see also In re Jackson Brewing Co.,* 624 F.2d 599, 602 (5th Cir. 1980). Furthermore, the Fifth Circuit has expanded upon the third factor by adding that courts must consider "[w]hether the compromise serves the paramount interest of creditors with proper deference to their reasonable views" and "[t]he extent to which the settlement is truly the product of arms-length bargaining and not of fraud or collusion." *In re Roqumore,* 393 B.R. 474, 480 (Bankr. S.D. Tex. 2008) (citing to *Cajun Elec. Power Co-op.,* 119 F.3d at 356, and *In re Foster Mortgage Corp.,* 68 F.3d 914, 917 (5th Cir. 1995)).

18.     Although the trustee or debtor bears the burden of establishing that the balance of the factors supports a finding that the compromise is fair, equitable, and in the best interest of the estate, the trustee's or debtor's burden is not high. *See In re Derosa-Grund*, 567 B.R. at 785; *In re Roqumore,* 393 B.R. at 480. The trustee need only show that the decision to compromise or settle falls within the range of reasonable litigation alternatives. *See In re Derosa-Grund*, 567 B.R. at 785; *In re Roqumore,* 393 B.R. at 480.

19.     Ultimately, the decision to approve a compromise lies within the discretion of the trial judge who need not "conduct a mini-trial to determine the probable outcome of any claims waived in the settlement." *In re Wright*, 545 B.R. at 561 (citing *Cajun Elec. Power Co-op.,* 119 F.3d at 355).

20.     **Probability of success**. The probability of success is uncertain with respect to a potential objection to the Tekell Claim in the CRR bankruptcy case, in which the Trustee would seek to eliminate or reduce CRR's obligation to Tekell. CRR is a signatory to the Retention Agreement, and is arguably liable for all fees having accrued thereunder. *See K-Bar Servs. v. English*, No. 03-05-00076-CV, 2006 Tex. App. LEXIS 2787, 2006 WL 903735, at *5 (Tex. App.—Austin Apr. 7, 2006, no pet.) (mem. op.) ("[j]oint and several liability arises in contract … based upon the relationship between the parties and the existence of what amounts to joint promises"). Accordingly, the outcome of any objection to the Tekell Claim is uncertain.

21.     Similarly, the outcome of the affirmative claims of CRR and Caddoa against Tekell are uncertain. Those claims allege that Tekell's failure to make certain legal arguments and take certain actions in the Smith Related Matters resulted in Caddoa being dispossessed of real property it owned. However, Caddoa's property was transferred to the equity owners of Caddoa (90% to

Smith and 10% to Reed), making a showing of damages difficult for Caddoa, and more difficult for CRR who was not disposed of any property.

22.     **Complexity**. A claim objection by the Trustee to the Tekell Claim will require significant time and expense. Such an objection would require the Trustee to prevail on its legal position that the Retention Agreement does not create joint and several liability for CRR. To the extent the Trustee is able to prevail on that legal position, he would need significant discovery concerning what time entries of Tekell are attributable to work he did for CRR as opposed to the other signatories on the Retention Agreement.

23.     Additionally, the affirmative claims of CRR and Caddoa would also require significant time and expense to prosecute. The Trustee (and Caddoa) would have to show that (1) there was malpractice committed by Tekell; and (2) that the ultimate outcome of the Smith Related Matters would have been different if Tekell had acted differently. *See e.g., Cantu v. Horany*, 195 S.W.3d 867, 873 (Tex. App.-Dallas 2006, no pet.) ("In a legal malpractice action, a plaintiff is required to prove that the attorney's breach proximately caused his injuries. If the legal malpractice case arises from prior litigation, the plaintiff must prove that 'but for' the attorney's breach of his duty, the plaintiff would have prevailed in the underlying case."). Such a showing is incredibly factually intensive, and would require significant discovery and expenditure of time by the Trustee and his counsel, and could very possibly result in no recovery at all. Furthermore, legal malpractice cases require proof not only of breach of the standard of care, but also causation of injury. *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113 (Tex. 2004). As the Texas Supreme Court has noted, "[b]reach of the standard of care and causation are separate inquiries, however, and an abundance of evidence as to one cannot substitute for a deficiency of evidence as to the other. Thus, even when negligence is admitted, causation is not presumed." *Id*. at 119-20. Because

expert testimony, and therefore the retention of an expert, is required to establish the standard of care, Caddoa would face another significant layer of expense in prosecuting its claims against Tekell. *See Gallagher v. Wilson*, 2010 Tex. App. Lexis at *10 (Tex. App. Fort Worth, August 26, 2010, no pet.) ("A plaintiff must generally present expert testimony to establish the breach and causation elements of a legal malpractice claim") (citing *Alexander*, 146 S.W.3d at 117, 119-20).

24.     **Interest of the Creditors**. The compromise results in at least **<u>an 80% reduction</u>** of the Tekell Claim (and perhaps as much as 90%). The savings on such reduction will inure to the benefit of the other CRR creditors.

25.     **Other factors weighing in favor of settlement**. The settlement is a result of negotiations between the Trustee and his counsel, who are court appointed fiduciaries, and counsel for Tekell. Additionally, this settlement allows Trustee to stop spending time on the Caddoa litigation and a potential objection to the Tekell Claim, and to instead focus on monetizing estate assets such that creditors can be paid.

26.     This settlement is effectively a tri-party agreement among (1) Tekell; (2) CRR; and (3) Caddoa, that required the agreements and consideration given by all three parties to be acceptable to all such parties. The Trustee evaluated the Settlement Agreement in his capacities as Trustee of CRR *and* as manager of Caddoa and concluded, in both instances, that the Settlement Agreement was fair and reasonable for the reasons provided herein. *See supra*, ¶¶ 20-25. All of the terms of the Settlement Agreement were negotiated at arms' length, and the Trustee did not favor either CRR or Caddoa over one another. As detailed herein, it is advantageous for both CRR (who receives at least an 80% reduction of the Tekell Claim) and Caddoa (who is receiving $30,000 and does not have to continue to fund the Lawsuit) to enter into this Settlement Agreement

and resolve their disputes with Tekell. CRR and Caddoa both benefit from the terms contemplated in the Settlement Agreement.

27.     As noted, the Settlement Agreement requires that this Court enter an order approving this Motion before March 10, 2022.  The Trustee also requests that, to the extent applicable to the relief requested in this Motion, the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Trustee seeks in this Motion is necessary for the efficient administration of the CRR estate. Accordingly, the Trustee respectfully submits that ample cause exists to justify the (a) finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and (b) waiving of the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

28.     Accordingly, the Trustee believes that the Settlement Agreement is fair, equitable, and in the best interest of the CRR estate, and requests that it be approved.  Further, the Trustee in his capacity as Manager of Caddoa also believes that the Settlement Agreement is fair, equitable, and in the best interest of Caddoa.

### <u>NO PRIOR REQUEST</u>

29.     No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: February 14, 2022
Austin, Texas

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: */s/ Morris D. Weiss*

    Morris D. Weiss
    Texas Bar No. 21110850
    Courtney K. Stone
    Texas Bar No. 24093208
    William R. "Trip" Nix
    Texas Bar No. 24092902
    100 Congress Ave., Suite 1800
    Austin, Texas 78701
    Telephone: (512) 685-6400
    Facsimile: (512) 685-6417
    Email:    morris.weiss@wallerlaw.com
                courtney.stone@wallerlaw.com
                trip.nix@wallerlaw.com

    COUNSEL TO GREGORY S. MILLIGAN,
    CHAPTER 11 TRUSTEE

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing document has been served upon all parties on the attached service list electronically via the Court's ECF system or by first class mail on February 14, 2022.

    */s/ Morris D. Weiss*
    Morris D. Weiss

# LIMITED SERVICE LIST

**Debtors**
Daryl Greg Smith
Canadian River Ranch, LLC
5826 Cooksey Lane
Waco, TX 76706

**Counsel to Debtors (via ECF)**
Thomas Daniel Berghman
Davor Rukavina
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Ste. 3800
Dallas, TX 75201

**United States Trustee (via ECF)**
Shane P. Tobin
Office of the United States Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701

**Chapter 11 Trustee (via ECF)**
Gregory S. Milligan
3800 N. Lamar Blvd., Suite 200
Austin, Texas 78756

**Secured Creditors**
Farm Credit of Western Oklahoma
513 S. Mission St.
Anadarko, OK 73005

Farm Credit Of Western Oklahoma, ACA
Brian McEntire, VP/Branch Manager Tuttle
PO Box 790, 4955 Farm Credit Dr.
Tuttle, OK 73089

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Karen Annette Smith
700 Nettleton Dr.
Southlake, TX 76092

**20 Largest Unsecured Creditors (Combined)**
Bank of America
Attn: Bankruptcy Department
475 Cross Point Pkwy
P. O. Box 9000
Getzville, NY 14068

Boomer State Outdoors, LLC
12384 West 81st Street South
Sapulpa, OK 74066-8141

Catherine Aileen Smith
5826 Cooksey Lane
Waco, TX 76706

Central TX Radiological Associates, PA
3206 4th Street
Longview, TX 75695

City of Fort Worth
10000 Throckmorton Street
Fort Worth, TX 76102

Discover Bank
P. O. Box 385908
Minneapolis, MN 55438-5908

Dolcefino Consulting
3701 Kirby Dr., Suite 560
Houston, TX 77098

Griffith, Jay & Michel
2200 Forest Park Blvd.
Ft. Worth, TX 76110

Hanszen Laporte, LLP
14201 Memorial Drive
Houston, TX 77079

Hockley County Cattle Company, Inc.
P.O. Box 825
Levelland, TX 79336

Jessica L. Brown, PLLC
9450 SW Gemini Dr., #99088
Beaverton, OR 97008-7105

Law Offices of Elizabeth Parmer
309 W. 7th St., Ste 900
Ft. Worth, TX 76102

Lazy K Cattle Company, LLC
2956 Via Esperanza
Edmond, OK 73013

Lazy K. Cattle Company, LLC
Dylan Charles Edward
Rosell Law Group LLP
101 North Robinson Ave., Suite 700
Oklahoma City, OK 73102

North Texas Tollway Authority
PO Box 660244
Dallas, TX 75266

Providence Health Network
Frost-Arnett Company
PO Box 198988
Nashville, TN 37219

Stipe Law Firm
343 E Carl Albert Pkwy
Mcalester, OK 74501

Tekell & Tekell, LLP
400 Austin Avenue, Suite 1000
Waco, TX 76701

T-Mobile
Credence Resource Management LLC
17000 Dallas Pkwy., Ste 204
Dallas, TX 75248

**Parties Requesting Service**
**(via ECF)**
Eboney Cobb
Perdue, Brandon, Fielder, Collins & Mott
500 E. Border Street, Suite 640
Arlington, TX 76010

Mark Cochran
c/o Mark B. French
1901 Central Drive, Ste. 704
Bedford, TX 76021

Edwin Paul Keiffer
Rochelle McCullough, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201

Jason M. Rudd and Scott Lawrence
Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 500
Dallas, TX 75204

Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P. O. Box 1269
Round Rock, TX 78680

Griffith, Jay & Michel, LLP
c/o Mark J. Petrocchi
2200 Forest Park Blvd.
Fort Worth, TX 76110

Steve Stasio
Stasio & Stasio, P.C.
303 Main Street, Suite 302
Fort Worth, Texas 76102

Marc W. Taubenfeld
McGuire, Craddock & Strother, P.C.
500 N. Akard Street, Suite 2200
Dallas, TX 75201

David G. Tekell
Tekell & Tekell, LLP
400 Austin Avenue, Suite 1000
Waco, TX 76701

Ruben Rene Escobedo
6800 Park Ten Blvd.
Suite 135-E
San Antonio, TX 78213

J. Michael McBride, Esq.
J. Michael McBride, P.C.
6420 Southwest Blvd., Ste. 112
Fort Worth, TX 76109

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

**ORDER APPROVING THE SETTLEMENT AGREEMENT BETWEEN, INTER ALIA,
THE TRUSTEE AND DAVID TEKELL AND TEKELL & TEKELL, LLP PURSUANT
TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

CAME ON FOR CONSIDERATION, the *Motion for Entry of an Order Approving the Settlement Agreement Between, inter alia, the Trustee and David Tekell and Tekell & Tekell, LLP Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "**Motion**")[1] filed by the Trustee in the CRR Case, seeking an order approving the Settlement Agreement and granting such other and further relief as the Court deems just and proper (including the authorization of the Manager to enter into, execute and deliver the Settlement Agreement on behalf of Caddoa); having considered

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Motion, this Court finding that the Settlement Agreement is fair, equitable, and in the best interests of the Trustee and the CRR estate; and this court having jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; it is hereby[2]

ORDERED that the Motion is GRANTED; and it is further

ORDERED that pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rule 9019, and Local Rule 9019, the Settlement Agreement is hereby approved; and it is further

ORDERED that the Parties are authorized to take any and all actions in order to effectuate the Settlement Agreement, including the execution and delivery and/or filing (as the case may be) of the exhibits to the Settlement Agreement; and it is further

ORDERED that Tekell shall have an allowed claim the CRR bankruptcy case in the amount of $21,905.74 for fees and expenses owed to him arising from his representation of CRR in the Smith Divorce Matter (the "**Reduced Amount**"); provided, however, if the distribution to unsecured creditors in the CRR Bankruptcy Proceeding is less than one hundred percent (100%), then the Reduced Amount will be increased by fifty percent (50%) to $32,858.61 (the "**Adjusted Reduced Amount**"); and it is further

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at a hearing conducted on this matter.

ORDERED that notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

ORDERED that the Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

### ###

*Prepared and submitted by*:

WALLER LANSDEN DORTCH & DAVIS, LLP

Morris D. Weiss
100 Congress Avenue, 18th Floor
Austin, TX 78701
Telephone:  512/685-6400
Telecopier:  512/685-6417
Morris.Weiss@wallerlaw.com

COUNSEL TO GREGORY S. MILLIGAN
CHAPTER 11 THE TRUSTEE

# EXHIBIT B

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "**Agreement**") is entered into as of the Effective Date and is by and among (A) Gregory S. Milligan, in his capacities as (i) Chapter 11 Trustee (the "**Trustee**") for the estate of Canadian River Ranch, LLC ("**CRR**") and (ii) Caddoa Creek Ranch, LLC ("**Caddoa**"), by and through its manager (the "**Manager**") and (B) David Tekell and Tekell & Tekell, LLP (collectively "**Tekell**") (the Trustee, Manager, CRR, Caddoa and Tekell are referred to collectively as the "**Parties**").

## RECITALS

**WHEREAS** on April 9, 2021, CRR filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Western District of Texas, Waco Division (the "**Bankruptcy Court**"), Case No. 21-60163-RBK-11 (the "**CRR Case**");

**WHEREAS**, Caddoa has intervened in Cause No. 2020-2691-4, *Tekell & Tekell, L.L.P. v. C2S Property Holdings, LLC, et al,* filed in the 170th Judicial District Court of McLennan County, Texas (the "**Tekell Action**") related to Tekell's representation of Caddoa in connection with Cause No. 325-584465-15, *In the Matter of the Marriage of Karen Annette Smith and Daryl Greg Smith and in the Interest of their children* filed in the 325th Judicial District Court in Tarrant County, Texas ("**Smith Divorce Matter**"; and collectively along with post-judgment proceedings in the Smith Divorce Matter and any appeals taken from the Smith Divorce Matter, the "**Smith Related Matters**");

**WHEREAS**, CRR has been severed from the Tekell Action into severed Cause No. 2021-2541-4 (the "**Severed Tekell Action**"), filed in the 170th Judicial District Court of McLennan County, Texas, which action is now abated;

**WHEREAS**, Tekell filed a proof of claim in the CRR Case in the amount of $219,057.48 [Claim#2-1] (the "**Claim**") for fees and expenses owed to Tekell arising from his representation of CRR in the Smith Divorce Matter;

**WHEREAS**, the Parties have reached a settlement and compromise related to the Tekell Action, the Severed Tekell Action and the Claim as set forth herein;

**NOW, THEREFORE,** by and through this Agreement, the Parties desire to compromise and settle the above-described matters between them on the terms and conditions set forth herein.

## AGREEMENT

1.      **Recitals.** The Parties hereby acknowledge and agree that each and all of the recitals set forth above are true and correct and are incorporated herein by reference.

2.      **Settlement.**

(a)     Caddoa agrees to a full and final release and discharge of all claims asserted or which could have been asserted against Tekell by Caddoa related to Tekell's representation of Caddoa in the Smith Related Matters as set forth in the Tekell Action.

(b)     In exchange for the mutual covenants and agreements herein, including the releases and discharges of claims by Caddoa, Tekell's professional liability carrier (the "**Carrier**") agrees to pay on Tekell's behalf the sum of $30,000.00 to Caddoa via ACH bank transfer on the Closing Date.

(c)     The Manager, agrees he will file, or cause to be filed, a motion to dismiss with prejudice all claims asserted or which could have been asserted against Tekell by Caddoa in the Tekell Action in the form attached hereto as **Exhibit A** within three (3) business days following entry of the Approval Order (as defined herein), provided that the effectiveness of the Approval Order has not been stayed for any reason.

(d)     Tekell agrees to a full and final release and discharge of all claims asserted or which could have been asserted against Caddoa by Tekell related to fees and expenses owed to Tekell arising from Tekell's representation of Caddoa in the Smith Related Matters as set forth in the Tekell Action. This release is only of Caddoa and, except as otherwise set forth herein with respect to CRR, does not extend to any other person or entity that was represented by Tekell in the Smith Divorce Matter (the "**Excluded Parties**").

(e)     Tekell agrees not to assert a claim in the future against Caddoa related to his representation of Caddoa in the Smith Divorce Matter or otherwise.

(f)     Tekell agrees to file an amended proof of claim in the CRR Case (the "**Amended Claim**"), reducing the amount of the Claim from $219,057.48 to $21,905.74 for fees and expenses owed to him arising from his representation of CRR in the Smith Divorce Matter (the "**Reduced Amount**"); provided, however, if the distribution to unsecured creditors in the CRR Case is less than one hundred percent (100%), then the Reduced Amount will be increased by fifty percent (50%) to $32,858.61 (the "**Adjusted Reduced Amount**"). The approval of the Reduced Amount and the Adjusted Reduced Amount shall be included in the Approval Order and Tekell will have an allowed claim in such amount (the "**Allowed Claim**").  The Amended Claim shall be filed by Tekell in the form attached hereto as **Exhibit B** within three (3) business days following entry of the Approval Order (as defined herein) provided that the effectiveness of the Approval Order has not been stayed for any reason.

(g)     Tekell agrees to the continued abatement of the claims asserted by Tekell in the Severed Tekell Action against CRR pending entry of the Approval Order. Tekell agrees to file a motion to dismiss those claims with prejudice in the form

attached as **Exhibit C** within three (3) business days following entry of the Approval Order, provided that the effectiveness of the Approval Order has not been stayed for any reason.

(h)    CRR agrees to a full and final release and discharge of all claims asserted or which could have been asserted in the Severed Tekell Action against Tekell by CRR related to Tekell's representation of CRR in the Smith Related Matters.

(i)    Trustee agrees to file a motion to dismiss with prejudice CRR's claims asserted against Tekell in the Severed Tekell Action in the form attached hereto as **Exhibit D** within three (3) business days following entry of the Approval Order, provided that the effectiveness of the Approval Order has not been stayed for any reason.

(j)    The Trustee agrees he will file, or cause to be filed, the pleadings and papers in the CRR Case, including but not limited to a Rule 9019 motion to compromise controversies (the "**Motion to Compromise**"), required to obtain bankruptcy court approval for the global settlement set forth in this Agreement. Tekell agrees to cooperate in the preparation of the Motion to Compromise and the presentation of same in the CRR Case, as needed (including testimony in support). The Parties will use their commercially reasonable best efforts to obtain entry of an order approving the Motion to Compromise on or before March 10, 2022 (the "**Approval Order**").

3.    **Closing**.  The settlement contemplated by this Agreement shall be consummated on or before the tenth (10th) day (or, if such day is a non-business day, on the next business day thereafter) following the entry of the Approval Order (the "**Closing Date**"), as time is of the essence (such consummation, the "**Closing**").  The Closing Date may be extended by mutual agreement of the Parties.  The Closing shall take place virtually and the time and manner of the Closing shall be as mutually agreed upon by the Parties.

4.    **Delivery of Documents and Funds**.  At the Closing, Tekell agrees to execute and/or deliver, or cause to be delivered, as applicable, to the Trustee and the Manager this Agreement and any other documents that may be necessary in connection with the Closing.  In addition, the Carrier pay via ACH bank transfer $30,000.00 to the Manager.

5.    **Deliveries by the Trustee and Manager**.  At the Closing, the Trustee, on behalf of CRR and the Manager on behalf of Caddoa, shall deliver and/or deliver, or cause to be delivered, this Agreement and any other documents that may be necessary in connection with the Closing.

6.    **Effective Date.** The effective date of this Agreement and all of its terms shall be the date upon which (a) the Approval Order is entered, and (b) the Closing has occurred (the "**Effective Date**").

7.    **Trustee's Release.** Effective on the Effective Date, the Trustee, solely in his capacity as Trustee for CRR and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged Tekell, its attorneys, accountants, financial advisors, directors, employees, and officers,

and the successors and assigns of any of them (collectively, the "**Tekell Releasees**") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which CRR has had, may have or may claim to have against the Tekell Releasees that were asserted or could have been asserted in the Severed Tekell Action and that in any way relate to, arise out of, or are in any way connected to Tekell's representation of CRR in the Smith Related Matters, including, but not limited to, any claims for negligence, legal malpractice, breach of contract, breach of fiduciary duty as well as any and all elements of relief or recovery, whether known or unknown, recognized by the law of any jurisdiction, including but not limited to, actual damages of every description, fee forfeiture, attorneys' fees as damages, equitable relief, economic loss, property loss, pecuniary loss, out-of-pocket expenses, punitive damages, exemplary damages, costs of court or suit, attorneys' fees, expenses, interest of any kind, including pre-judgment interest and post-judgment interest, contribution, indemnity, and any other damage or injury, statutory or otherwise; provided, however, that nothing herein is intended to release the Tekell Releasees from their obligations pursuant to this Agreement.

8.     **Caddoa's Release.** Effective on the Effective Date, Caddoa shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Tekell Releasees from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which Caddoa has had, may have or may claim to have against the Tekell Releasees that were asserted or could have been asserted in the Tekell Action and that in any way relate to, arise out of, or are in any way connected to Tekell's representation of Caddoa in the Smith Related Matters, including, but not limited to, any claims for negligence, legal malpractice, breach of contract, breach of fiduciary duty as well as any and all elements of relief or recovery, whether known or unknown, recognized by the law of any jurisdiction, including but not limited to, actual damages of every description, fee forfeiture, attorneys' fees as damages, equitable relief, economic loss, property loss, pecuniary loss, out-of-pocket expenses, punitive damages, exemplary damages, costs of court or suit, attorneys' fees, expenses, interest of any kind, including pre-judgment interest and post-judgment interest, contribution, indemnity, and any other damage or injury, statutory or otherwise; provided, however, that nothing herein is intended to release the Tekell Releasees from their obligations pursuant to this Agreement.

9.     **Tekell's Release.** Effective on the Effective Date, the Tekell Releasees shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Trustee, CRR, the Manager and Caddoa, their past or present attorneys, accountants, financial advisors and the successors and assigns of any of them (collectively, the "**Debtor Releasees**") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which Tekell has, has

had, may have or may claim to have against the Debtor Releasees; provided, however, that nothing herein is intended to release (i) the Debtor Releasees from their obligations pursuant to this Agreement, (ii) the Excluded Parties, or (iii) the Allowed Claim.

10.    **No Admissions**. This Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the Tekell Action or the Severed Tekell Action.

11.    **Expenses.** The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with this Agreement except as otherwise expressly set forth herein. In the event of any dispute in connection with the enforcement of this Agreement, the prevailing Party shall be entitled to its reasonable attorneys' fees, costs, and all necessary disbursements and out-of-pocket expenses, whether statutorily approved or non-approved costs, incurred in connection with such action or proceeding, as determined by the Bankruptcy Court.

12.    **Severability.** The Parties agree that if any provision of this Agreement is determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, that provision shall not be a part of this Agreement. The legality, validity, and enforceability of the remaining provisions shall not be affected by a provision of this Agreement that is illegal, invalid, or unenforceable.

13.    **Miscellaneous.**

(a)      Neither this Agreement, nor any statement made or action taken in connection with the negotiation of this Agreement, shall be offered or received in evidence in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

(b)      **Notices**.  All demands, notices, requests or other communications required or permitted hereby shall be in writing, and shall be deemed to have been given (i) when hand delivered to the applicable addresses noted below, or (ii) on first attempted delivery at the applicable addresses noted below by express mail or delivery service guaranteeing overnight delivery, provided that in each case a copy is mailed by first class registered or certified mail, postage prepaid, return receipt requested, in each case addressed as follows:

|  |  |
|---|---|
| If to the Trustee: | Gregory S. Milligan, Chapter 11 Trustee for Canadian River Ranch, LLC P. O. Box 90099 Austin, Texas 78709-0099 |
| If to the Manager: | Caddoa Creek Ranch, LLC c/o Gregory S. Milligan, Manager P. O. Box 90099 Austin, Texas 78709-0099 |

With a copy to:    Waller Lansden Dortch & Davis, LLP
           100 Congress Avenue, 18th Floor
           Austin, Texas 78701
           Attn: Morris D. Weiss

If to Tekell:     Tekell & Tekell, LLP
           400 Austin Avenue, Suite 1000
           Waco, Texas 76701
           Attn: David G. Tekell, Esq.

If to the Carrier:    Cobb Martinez Woodward, PLLC
           1700 Pacific Avenue, Suite 3100
           Dallas, Texas 75201
           Attn: Carrie Johnson Phaneuf, Esq.
           and Virginia Cox, Esq.

or at such different address as the Parties shall hereafter specify by written notice as provided herein.

(c)    Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

(d)    No provision of this Agreement is intended to confer any rights, benefits, remedies, obligations, or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

(e)    This Agreement shall be governed by and construed in accordance with the law of the state of Texas without regard to any choice of law provisions.

(f)    This Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

(g)    The Bankruptcy Court shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer, or enforce the terms and provisions of, this Agreement.

(h)    Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity (subject to Bankruptcy Court approval, in the case of the Trustee), and such person or entity has full knowledge of and has consented to this Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

(i)    In executing the Agreement, each of the Parties represents and warrants, for itself, that (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made by any person with regard to the Agreement, other than any

written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Agreement, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of this Agreement.

(j)     The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement.

(k)     This Agreement shall not be modified, altered, amended, or vacated without the written consent of all parties hereto or the entry of an order of the Bankruptcy Court.

(l)     This Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto.

(m)     The Parties each agree to indemnify the other for any and all costs incurred as a result of any breach of any representation, warranty, or covenant set forth in this Agreement, including, without limitation, court costs and reasonable attorneys' fees and expenses.

(n)     The headings of all sections of this Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

14.     **Bankruptcy Court Approval.** Promptly following the Parties' execution of this Agreement, the Trustee shall move for approval of this Agreement by the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019. In the event that the Bankruptcy Court does not enter an order approving this Agreement, this Agreement shall be deemed null and void and of no force and effect, and the Parties shall be returned to the same positions they were in prior to execution of this Agreement, as if this Agreement had never been executed.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, this Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

GREGORY S. MILLIGAN, CHAPTER 11 TRUSTEE


By:_____          February 11, 2022
Gregory S. Milligan, solely in his capacity as
Chapter 11 Trustee for the Estate of Canadian River Ranch, LLC


CADDOA CREEK RANCH, LLC


By:_____          February 11, 2022
Gregory S. Milligan, solely in his capacity as
Manager of Caddoa Creek Ranch, LLC


DAVID TEKELL, INDIVIDUALLY


By:_____          February ___, 2022
David Tekell, in his individual capacity


TEKELL & TEKELL, LLP


By:_____          February ___, 2022
Name: David Tekell
Title: _____

IN WITNESS WHEREOF, this Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

GREGORY S. MILLIGAN, CHAPTER 11 TRUSTEE


By:_____          February __, 2022
Gregory S. Milligan, solely in his capacity as
Chapter 11 Trustee for the Estate of Canadian River Ranch, LLC


CADDOA CREEK RANCH, LLC


By:_____          February __, 2022
Gregory S. Milligan, solely in his capacity as
Manager of Caddoa Creek Ranch, LLC


DAVID TEKELL, INDIVIDUALLY


By:_____          February 11, 2022
David Tekell, in his individual capacity


TEKELL & TEKELL, LLP


By:_____          February 11, 2022
Name: David Tekell
Title: _Managing Partner_

## **Exhibit A**

Manager's Motion to Dismiss Tekell in Tekell Action

NO. 2020-2691-4

| | | |
|---|---|---|
| TEKELL & TEKELL, L.L.P. | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | |
| C2S PROPERTY HOLDINGS, LLC, | § | |
| CANADIAN RIVER RANCH, LLC, | § | |
| CANADIAN RIVER RANCH | § | |
| PARTNERSHIP A/K/A CANADIAN | § | |
| RIVER RANCH PARTNERS, | § | |
| DD FARMS, LLC, | § | McLENNAN COUNTY, TEXAS |
| HIGH POINT RANCH, LLC, | § | |
| LAKESIDE RANCH BC, LLC, | § | |
| DONNA C. MALLERY, | § | |
| DEREK PAUL SMITH, | § | |
| INDIVIDUALLY AND | § | |
| AS TRUSTEE OF THE | § | |
| SMITH IRREVOCABLE TRUST, | § | |
| SMITH LAND & CATTLE, GP, LLC, | § | |
| SMITH RANCHING, LTD., and | § | |
| SMITH RANCH MERIDIAN, LLC | § | |
| | § | |
| Defendants. | § | 170th  JUDICIAL DISTRICT |

## NOTICE OF NON-SUIT AND AGREED MOTION TO DISMISS WITH PREJUDICE

Intervenor, Caddoa Creek Ranch, LLC ("**Caddoa**") hereby gives the Court, and all other interested parties, notice that Caddoa hereby non-suits all claims and causes of action asserted in the Lawsuit by Caddoa against Tekell & Tekell, LLP ("**Tekell**"), and moves this Court to dismiss the claims asserted by Caddoa against Tekell, or that could have been asserted by Caddoa against Tekell, with prejudice because the disputes between Caddoa and Tekell that are the subject of this action have been compromised and settled. The parties therefore request that this Court sign the Agreed Order Granting Motion to Dismiss with Prejudice, with costs of suit taxed to the parties incurring the same.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By:    */s/ Trip Nix*                 
William R. "Trip" Nix
Texas Bar No. 24092902
Trip.nix@wallerlaw.com
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone: (512) 685-6400
Telecopier: (512) 685-6417
**Attorneys For Caddoa Creek Ranch, LLC**

## CERTIFICATE OF SERVICE

Pursuant to Texas Rules of Civil Procedure, a true and correct copy of the foregoing was served on all counsel of record on this ___ day of _____, 2022, via the Court's e-file service.

        */s/Trip Nix*                
        Trip Nix

## CERTIFICATE OF CONFERENCE

I certify that, prior to filing this motion, I have conferred with opposing counsel regarding the Motion to Dismiss and all parties are in agreement with the proposed Agreed Order filed with the Court.

        */s/Trip Nix*                
        Trip Nix

NO. 2020-2691-4

| | | |
|---|---|---|
| TEKELL & TEKELL, L.L.P. | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | |
| C2S PROPERTY HOLDINGS, LLC, | § | |
| CANADIAN RIVER RANCH, LLC, | § | |
| CANADIAN RIVER RANCH | § | |
| PARTNERSHIP A/K/A CANADIAN | § | |
| RIVER RANCH PARTNERS, | § | |
| DD FARMS, LLC, | § | McLENNAN COUNTY, TEXAS |
| HIGH POINT RANCH, LLC, | § | |
| LAKESIDE RANCH BC, LLC, | § | |
| DONNA C. MALLERY, | § | |
| DEREK PAUL SMITH, | § | |
| INDIVIDUALLY AND | § | |
| AS TRUSTEE OF THE | § | |
| SMITH IRREVOCABLE TRUST, | § | |
| SMITH LAND & CATTLE, GP, LLC, | § | |
| SMITH RANCHING, LTD., and | § | |
| SMITH RANCH MERIDIAN, LLC | § | |
| | § | |
| Defendants. | § | 170th JUDICIAL DISTRICT |

## **AGREED ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

On this date, the Court considered Caddoa's Notice of Non-Suit and Agreed Motion to Dismiss with Prejudice (the "**Motion**"). After considering the Motion, and the agreement of counsel represented by the signatures attached hereto, the Court is of the opinion that the Motion should be, and hereby is, granted. It is therefore,

**ORDERED** that the Motion be, and hereby is, **GRANTED**; it is further

**ORDERED** all claims asserted by Caddoa in this lawsuit against Tekell, or that could have been asserted by Caddoa against Tekell, are hereby dismissed with prejudice, and each party shall bear its own costs.

SIGNED this _____ day of _____, 2022.


_____
JUDGE PRESIDING


**AGREED:**

WALLER LANSDEN DORTCH & DAVIS, LLP

By: */s/Trip Nix*_____
William R. "Trip" Nix
Trip.nix@wallerlaw.com
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone:  (512) 685-6400
Telecopier:  (512) 685-6417
**Attorneys For Caddoa**

**COBB MARTINEZ WOODWARD PLLC**

By*: /s/ Carrie Johnson Phaneuf*_____
Carrie Johnson Phaneuf
cphaneuf@cobbmartinez.com
Texas Bar No. 24003790
1700 Pacific Avenue, Suite 3100
Dallas, TX 75201
(214) 220-5229 (direct phone)
(214) 220-5279 (direct fax)
**Attorneys for Tekell**

**Exhibit B**

Tekell's Amended Proof of Claim in CRR Case

**Fill in this information to identify the case:**

Debtor 1    Canadian River Ranch, LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Western District of Texas

Case number    21-60163-rbk

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

## Part 1:  Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Tekell & Tekell, LLP <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☐ No <br> ☐ Yes.  From whom? _____ |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

David G Tekell
Name

400 Austin Avenue, Suite 1000
Number          Street

Waco                        TX          76701
City                    State              ZIP Code

Contact phone  254-776-5095

Contact email  david@tekell-law.com

**Where should payments to the creditor be sent?** (if different)

Name

Number          Street

City                    State              ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☐ No <br> ☑ Yes.  Claim number on court claims registry (if known) 2_____   Filed on 06/02/2021 <br> MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes.  Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**   $_____ 21,905.74   **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Legal representation of Debtor in Smith v Smith Divorce case

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____

**Amount of the claim that is secured:**  $_____

**Amount of the claim that is unsecured:**  $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |

| | |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   02/11/2022
                   MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | David G Tekell | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Managing Partner | | |
| Company | Tekell & Tekell, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 400 Ausitn Avenue, Suite 1000 | | |
| | Number     Street | | |
| | Waco | TX | 76701 |
| | City | State | ZIP Code |
| Contact phone | 254-776-5095 | Email | david@tekell-law.com |

**<u>Exhibit C</u>**

Tekell's Motion to Dismiss CRR in Severed Tekell Action

**CAUSE NO. 2021-2541-4**

| | | |
|---|---|---|
| **TEKELL & TEKELL, LLP** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **MCLENNAN COUNTY, TEXAS** |
| | § | |
| **CANADIAN RIVER RANCH, LLC** | § | **170th JUDICIAL DISTRICT** |

<u>**PLAINTIFF'S MOTION TO DISMISS CLAIMS**</u>
<u>**AGAINST CANADIAN RIVER RANCH, LLC**</u>

Plaintiff Tekell & Tekell, LLP, files this Motion to Dismiss with Prejudice, and would show the Court as follows:

Plaintiff no longer desires to pursue its claims against Canadian River Ranch, LLC, only, and requests that the Court enter an order dismissing all claims asserted, or which could have been asserted, against Defendant Canadian River Ranch, LLC, only, with prejudice to re-filing of same, and with each party bearing their own costs of court.

WHEREFORE, Plaintiff requests that the Court enter an order dismissing all of the claims asserted, or which could have been asserted, against Canadian River Ranch, LLC, in this suit with prejudice to the re-filing of same.

Respectfully submitted,

_____
David G. Tekell
State Bar No. 19763950
david@tekell-law.com
TEKELL & TEKELL, L.L.P.
400 Austin Avenue, Suite 1000
Waco, Texas 76701
Telephone (254) 776-5095
Facsimile (254) 776-5091

**ATTORNEYS FOR PLAINTIFF**

<u>CERTIFICATE OF SERVICE</u>

 I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record by eservice and email on this ___ day of February, 2022.


       */s/ David G. Tekell*    
       **DAVID G. TEKELL**

**CAUSE NO. 2021-2541-4**

| | | |
|---|---|---|
| **TEKELL & TEKELL, LLP** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **MCLENNAN COUNTY, TEXAS** |
| | § | |
| **CANADIAN RIVER RANCH, LLC** | § | **170th JUDICIAL DISTRICT** |

## ORDER OF DISMISSAL WITH PREJUDICE AS TO CANADIAN RIVER RANCH, LLC

On this date came on to be considered the Motion to Dismiss with Prejudice filed by Plaintiff Tekell & Tekell, LLP as to its claims against Canadian River Ranch, LLC.  The Court, having considered the Motion, is of the opinion that the Motion should be GRANTED.

**IT IS THEREFORE ORDERED** that all of the claims asserted by Plaintiff, or those that could have been asserted, against Defendant Canadian River Ranch, LLC in this Lawsuit are dismissed with prejudice to the refiling of same or any part thereof.

**IT IS FURTHER ORDERED** that each party shall bear its own costs of court.

**Signed** this _____ day of _____, 2022.

_____
**JUDGE PRESIDING**

**Exhibit D**

Trustee's Motion to Dismiss Tekell in Severed Tekell Action

NO. 2021-2541-4

| | | |
|---|---|---|
| TEKELL & TEKELL, L.L.P. | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | |
| | § | |
| CANADIAN RIVER RANCH, LLC, | § | |
| | § | |
| Defendant | § | |
| | § | |
| VS. | § | |
| | § | |
| DARYL G. SMITH | § | |
| | § | |
| Intervenor | § | |
| | § | 170th  JUDICIAL DISTRICT |

**NOTICE OF NON-SUIT AND AGREED MOTION TO DISMISS WITH PREJUDICE**

Greg Milligan, Chapter 11 Trustee for the bankruptcy estate of Canadian River Ranch, LLC ("**CRR**") hereby gives the Court, and all other interested parties, notice that CRR hereby non-suits all claims and causes of action asserted in this lawsuit by CRR against Tekell & Tekell, LLP ("**Tekell**"), and moves this Court to dismiss this case with prejudice because the disputes between CRR, and Tekell that are the subject of this action have been compromised and settled. The parties therefore request that this Court sign the Agreed Order Granting Motion to Dismiss with Prejudice, with costs of suit taxed to the parties incurring the same.

Respectfully submitted,


WALLER LANSDEN DORTCH & DAVIS,  LLP

By:  _/s/ Trip Nix_____
William R. "Trip" Nix
Texas Bar No. 24092902
Trip.nix@wallerlaw.com
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone:  (512) 685-6400
Telecopier:  (512) 685-6417
**Attorneys For Chapter 11 Trustee**

### CERTIFICATE OF SERVICE

Pursuant to Texas Rules of Civil Procedure, a true and correct copy of the foregoing was served on all counsel of record on this ___ day of _____, 2022, via the Court's e-file service.

/s/*Trip Nix*_____
Trip Nix


### CERTIFICATE OF CONFERENCE

I certify that, prior to filing this motion, I have conferred with opposing counsel regarding the Motion to Dismiss and all parties are in agreement with the proposed Agreed Order filed with the Court.

/s/*Trip Nix*_____
Trip Nix

NO. 2021-2541-4

| TEKELL & TEKELL, L.L.P. | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | |
| | § | |
| CANADIAN RIVER RANCH, LLC, | § | |
| | § | |
| Defendant | § | |
| | § | |
| VS. | § | |
| | § | |
| DARYL G. SMITH | § | |
| | § | |
| Intervenor | § | |
| | § | 170th JUDICIAL DISTRICT |

## <u>AGREED ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE</u>

On this date, the Court considered Greg Milligan, Chapter 11 Trustee for the bankruptcy estate of and Canadian River Ranch, LLC's Notice of Non-Suit and Agreed Motion to Dismiss with Prejudice (the "**Motion**"). After considering the Motion, and the agreement of counsel represented by the signatures attached hereto, the Court is of the opinion that the Motion should be, and hereby is, granted. It is therefore,

**ORDERED** that the Motion be, and hereby is, **GRANTED**; it is further

**ORDERED** all claims asserted in this lawsuit are hereby dismissed with prejudice, and each party shall bear its own costs.

SIGNED this _____ day of _____, 2022.

_____

JUDGE PRESIDING

**AGREED:**

WALLER LANSDEN DORTCH & DAVIS, LLP

By: */s/Trip Nix*
William R. "Trip" Nix
Trip.nix@wallerlaw.com
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone:  (512) 685-6400
Telecopier:  (512) 685-6417
**Attorneys For Caddoa**

**COBB MARTINEZ WOODWARD PLLC**

By*: /s/ Carrie Johnson Phaneuf*
Carrie Johnson Phaneuf
cphaneuf@cobbmartinez.com
Texas Bar No. 24003790
1700 Pacific Avenue, Suite 3100
Dallas, TX 75201
(214) 220-5229 (direct phone)
(214) 220-5279 (direct fax)
**Attorneys for Tekell**