## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

### MOTION OF CHAPTER 11 TRUSTEE TO HOLD THE DEBTOR IN CONTEMPT

TO THE HONORABLE RONALD B. KING,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Gregory S. Milligan, chapter 11 trustee in the above-captioned bankruptcy cases (the "**Trustee**") and files this *Motion of Chapter 11 Trustee to Hold the Debtor in Contempt* (the "**Motion**"). In support of this Motion, the Trustee respectfully represents as follows:

### SUMMARY[1]

The Debtor Daryl G. Smith is violating the Second Amendment Order entered by this Court on November 17, 2021, that appointed the Trustee as the Manager of Caddoa. As Manager, the Trustee has requested records belonging to Caddoa from Caddoa's current state court litigation counsel, who was retained in September 2021 (while various matters related to Caddoa's exemption status were pending in this Court) at the direction of the Debtor, Daryl Smith. The state court counsel has refused to turn over the requested records of Caddoa to the Manager because Smith has specifically instructed such counsel not to do so. Smith's instruction directly interferes with, and violates, the Second Amendment Order. Accordingly, the Trustee requests that the Court find Smith in contempt and issue an order directing him to cease interference with the Trustee's

---

[1] Any terms used herein shall have the meaning set forth in this Motion.

request for information belonging to Caddoa and directing counsel to turn over all requested records without redaction or delay.

### JURISDICTION AND VENUE

1. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for relief requested in the Motion are sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 7065, 7001, 9014, and 9020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") as well as the provisions of the Second Amendment Order.

### RELIEF REQUESTED

3. The Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), and: (i) find and hold Daryl Greg Smith in contempt for willfully violating the Second Amendment Order; (ii) direct Daryl Greg Smith to cease his continuing interference with the Manager's lawful request for information from Caddoa's counsel (or any other professional acting or purporting to act on behalf of Caddoa), and, *inter alia*, instruct the Snell Law Firm, PLLC (the "**Snell Firm**") to provide information to the Manager and abide by the Manager's requests for Caddoa records held by the Snell Firm in the Trustee's capacity as manager of Caddoa Creek Ranch, LLC.

## BACKGROUND

A.     **General Background**

4.     Daryl Greg Smith ("**Smith**") and Canadian River Ranch, LLC ("**CRR**" and together with Smith, the "**Debtors**") each filed a voluntary petition for relief under the Bankruptcy Code on April 9, 2021 (the "**Petition Date**").

5.     On May 18, 2021, the Court ordered that the Debtors' cases (the "**Chapter 11 Cases**") be jointly administered. *See* Order Granting Debtors' Motion for Joint Administration [Doc. 29].

6.     On June 29, 2021, the United States Trustee requested appointment of the Trustee in this matter, and the Court approved such appointment. *See* Order Approving Appointment of Gregory S. Milligan as Chapter 11 Trustee [Doc. 91].

B.     **Management of Caddoa Creek Ranch, LLC**

7.     Smith and his business partner, Darren Keith Reed ("**Reed**"), are the sole members of Caddoa Creek Ranch, LLC ("**Caddoa**"). Smith holds a 90% economic interest in Caddoa, while Reed holds the remaining 10% interest.

8.     Smith's 90% interest in Caddoa is property of Smith's bankruptcy estate (the "**Smith Estate**"), over which the Trustee has control. Prior to the commencement of these bankruptcy cases, pursuant to the Amendment to the Operating Agreement of Caddoa Creek Ranch, LLC dated April 28, 2016 (the "**First Amendment**"), Caddoa was converted from a member managed LLC to a manager-managed LLC, with Reed serving as the Manager of Caddoa.

9.     In the Final Decree of Divorce, the following finding was made by that Court: "[o]n October 30, 2018, the Court signed an order declaring that Daryl Greg Smith's actions in altering the operating agreements of Canadian River Ranch Partnership, Canadian River Ranch, LLC, and

Caddoa Creek Ranch, LLC, violated the Courts temporary injunctions, constituted a fraud upon the community estate, and the amendments were therefore void."

10. Smith has taken various inconsistent positions regarding the effect of the First Amendment and the Final Decree of Divorce. Smith has testified that Reed was managing Caddoa and at other times has claimed that the Final Decree of Divorce voided the First Amendment while at other times ignores other aspect of the Final Decree of Divorce. Under any scenario, Smith's purported retention of the Snell Firm may or may not have been valid but, irrespective, in light of the Second Amendment Order, Smith has no legal authority to block the legitimate direction of the Manager, which he continues to do.

11. Among other things, Caddoa has intervened in Cause No. 2020-2691-4, *Tekell & Tekell, L.L.P. v. C2S Property Holdings, LLC, et al*, filed in the 170th Judicial District Court of McLennan County, Texas (the "**Tekell Action**[2]"), related to Tekell's representation of Caddoa in connection with Cause No. 325-584465-15, *In the Matter of the Marriage of Karen Annette Smith and Daryl Greg Smith and in the Interest of their children* filed in the 325th Judicial District Court in Tarrant County, Texas. Although without clear authority, and prior to the Trustee's appointment as manager of Caddoa, Smith hired the Snell Firm to represent Caddoa in the Tekell Action and, in September 2021, paid a $9,000.00 retainer to the Snell Firm from Caddoa's bank account at BBVA, which constituted an impermissible use of property of the estate.

12. Notably, Karen Smith had objected to Smith's claimed exemption of his interest in Caddoa in June 2021, and that matter was originally set for hearing in July and then was reset to

---

[2] Contemporaneously herewith, the Trustee has filed his Motion for Entry of an Order Approving the Settlement Agreement Between, Inter Alia, the Trustee and David Tekell and Tekell & Tekell, LLP Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "**Tekell 9019 Motion**"). The granting of the Tekell 9019 Motion will not moot the relief sought in this Motion because Caddoa will remain in existence, and the Manager will still be in control of it. The Manager is entitled to such information and is investigating the prior acts of Caddoa and its control persons, which could necessitate the Manager taking additional actions on behalf of Caddoa.

040122-15051/4877-7538-3822.2

4

November. Further, the Trustee sought to intervene in the objection in August. Consequently, when Mr. Smith retained the Snell Firm, he did so with the knowledge that issues regarding Caddoa were the subject of an ongoing dispute in the Bankruptcy Court. Moreover, Mr. Smith testified that he misappropriated property of the estate and used it to compensate counsel for Caddoa (Transcript 159:24-25; 160:2, 8-11, November 15, 2021). The Trustee reserves all of his rights pursuant to section 549 and otherwise to seeks the return of these misappropriated funds from the Snell Firm.

13. Because of the economic interest of the Smith Estate in Caddoa, and in order to effectuate the efficient administration of the Smith Estate and protect its assets for the benefit of all creditors and parties-in-interest, the Trustee, in the exercise of his business judgment, believed it was prudent to seek the approval of this Court to enter into the Second Amendment to the Operating Agreement of Caddoa and to transfer managerial control of Caddoa from Reed to the Trustee. Reed agreed with this change in control to the Trustee.

14. On August 27, 2021, the Trustee filed his *Motion Seeking Approval of Second Amendment to Operating Agreement of Caddoa Creek Ranch, LLC* (the "**Second Amendment Motion**") [Doc. 180].

15. On November 17, 2021, the Court entered an *Order Approving Second Amendment to Operating Agreement of Caddoa Creek Ranch, LLC* (the "**Second Amendment Order**") [Doc. 245].

16. The Second Amendment Order states that "the Trustee shall have full authority to do that which is necessary to effectuate all terms and conditions of the Second Amendment," which includes the ability to exercise his rights as sole manager of Caddoa. Additionally, pursuant to the

express terms of the Second Amendment Order, this Court specifically "retain[ed] jurisdiction to hear and determine all matters arising from or related to the implementation of this order."

**C. Smith's interference with the Trustee's management of Caddoa**

17. On December 29, 2021, the Trustee, in his capacity as Manager, contacted the Snell Firm, requesting all files related to the Snell Firm's representation of Caddoa, including all communications between the Snell Firm and Caddoa and its representatives, all pleadings, and all correspondence to or from the Snell Firm made on Caddoa's behalf. The Trustee, in his capacity as Manager, also requested an accounting of funds both paid and outstanding for which Caddoa was responsible.

18. On January 14, 2022, the Snell Firm sent the a letter, attached hereto as **Exhibit B**, stating "[o]ur client ***Daryl G. Smith has objected to our office producing privileged communications with our firm***. Therefore, we are unable to produce communications between our office and our clients at this time." Exhibit B (emphasis added).

19. After being provided the documents evidencing the Manager's authority, and solely on the basis of Smith's instruction to not provide Caddoa's records to its manager, the Snell Firm has refused to provide the requested information, including the privileged communications pertaining to the Tekell Action, despite the Trustee's position and authority as manager of Caddoa under the Second Amendment and Second Amendment Order.

**BASIS FOR RELIEF**

20. Bankruptcy courts possess the power to impose civil contempt sanctions that will (a) protect the estate and (b) enforce compliance with court orders and the Bankruptcy Code. *See, e.g., Bartel v. Eastern Airlines*, 133 F.3d 906, 908, 1998 WL 2405, at *2 (2d Cir. 1998), *cert. denied*, 525 U.S. 867 (1998) ("[S]anctions in civil contempt proceedings may be employed for

either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.") (quotations and citations omitted). "Federal Rule of Bankruptcy Procedure 9020 also recognizes Congress's intent to invest civil contempt power in bankruptcy courts." *In re Stockbridge Funding, Corp.*, 145 B.R. 797, 804 (Bankr. S.D.N.Y. 1992), *aff'd in part and vacated in part*, 158 B.R. 914 (S.D.N.Y. 1993).

21. "A bankruptcy court possess the inherent power to enforce compliance with its lawful orders through civil contempt." *Stockbridge*, 145 B.R. at 803. "The ability to enforce orders and judgment through the contempt power is essential to the orderly administration of justice." *In re Patterson*, 111 B.R. 395, 397 (Bankr. N.D.N.Y. 1989). The Supreme Court has stated:

> The power to punish for contempt is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice. The moment the courts of the United States were called into existence, and invested with jurisdiction over any subject, they became possessed of this power.

*Ex Parte Terry*, 128 U.S. 289, 295 (1888).

22. A party seeking civil contempt based on a court order need only establish that: (i) the order is clear and unambiguous; (ii) the proof of noncompliance is clear and convincing; and (iii) the party has not been reasonably diligent in attempting to accomplish what was ordered. *See, e.g., New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989), *cert. denied*, 495 U.S. 947 (1990); *Stockbridge*, 158 B.R. at 917.

23. When the Second Amendment and Second Amendment Order went into effect, the managerial responsibilities of Caddoa fully transferred to the Trustee. As such, the Trustee's duties

as Manager grant him sole control of all Caddoa documents in the Snell Firm's possession, including documents covered by the attorney client privilege[3].

24. Moreover, when the Court entered the Second Amendment Order, it unambiguously gave the Manager "full authority to do that which is necessary to effectuate all terms and conditions of the Second Amendment." Communication with counsel for Caddoa regarding litigation affecting Caddoa's rights and interests falls squarely within the purview of the Manager's management duties under the Second Amendment.

25. Smith's continuing instruction to the Snell Firm to refuse to comply with the Manager's requests was not only made wholly without authority, but it violated the terms of the Second Amendment Order by specifically and intentionally frustrating the Trustee from undertaking his duties as Manager of Caddoa. The Snell Firm's continued commitment to Smith's instructions to withhold information from the Trustee results in continued violation of the Second Amendment Order[4]. Because Smith is intentionally frustrating the Trustee's ability to effectuate the terms of the Second Amendment (i.e., managing Caddoa), the Trustee requests that the Court find Smith in contempt for violating the Second Amendment Order and to order Smith to withdraw his invalid and unauthorized directive to the Snell Firm and also order the Snell Firm to turn over all records of Caddoa in its possession to the Trustee.

---

[3] It is well established that the attorney-client privilege attaches to corporations as well as to individuals. *Upjohn Co. v. United States*, 449 U.S. 383 (1981). Moreover, "when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 349 (1985). To that end, "[d]isplaced managers may not assert the privilege over the wishes of current managers," even with regard to previous statements that the former manager might have made to counsel regarding matters within their corporate duties. *Id.*

[4] The Trustee specifically reserves all rights and remedies against Snell and Smith, including, but not limited to his right to seek injunctive relief, and/or disgorgement of any fees that were improperly diverted by Smith from Caddoa to pay Snell.

**NO PRIOR REQUEST**

26. No prior request for the relief sought in this Motion has been made to this or any other court.

**CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests that the court (i) enter the Proposed Order substantially in the form attached hereto as **Exhibit A**; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: February 14, 2022
Austin, Texas

                    Respectfully submitted,

                    WALLER LANSDEN DORTCH & DAVIS, LLP

                    By: /s/ Morris D. Weiss
                          Morris D. Weiss
                          Texas Bar No. 21110850
                          Courtney K. Stone
                          Texas Bar No. 24093208
                          100 Congress Ave., Suite 1800
                          Austin, Texas 78701
                          Telephone: (512) 685-6400
                          Facsimile: (512) 685-6417
                          Email:    morris.weiss@wallerlaw.com
                                          courtney.stone@wallerlaw.com

                    COUNSEL TO GREGORY S. MILLIGAN,
                    CHAPTER 11 TRUSTEE

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served upon all parties on the attached service list electronically via the Court's ECF system or by first class mail on February 14, 2022.

                    /s/ Morris D. Weiss
                    Morris D. Weiss

040122-15051/4877-7538-3822.2

9

## LIMITED SERVICE LIST

**Debtors**
Daryl Greg Smith
Canadian River Ranch, LLC
5826 Cooksey Lane
Waco, TX 76706

**Counsel to Debtors (via ECF)**
Thomas Daniel Berghman
Davor Rukavina
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Ste. 3800
Dallas, TX 75201

**United States Trustee (via ECF)**
Shane P. Tobin
Office of the United States Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701

**Chapter 11 Trustee (via ECF)**
Gregory S. Milligan
3800 N. Lamar Blvd., Suite 200
Austin, Texas 78756

**Secured Creditors**
Farm Credit of Western Oklahoma
513 S. Mission St.
Anadarko, OK 73005

Farm Credit Of Western Oklahoma, ACA
Brian McEntire, VP/Branch Manager Tuttle
PO Box 790, 4955 Farm Credit Dr.
Tuttle, OK 73089

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Karen Annette Smith
700 Nettleton Dr.
Southlake, TX 76092

**20 Largest Unsecured Creditors (Combined)**
Bank of America
Attn: Bankruptcy Department
475 Cross Point Pkwy
P. O. Box 9000
Getzville, NY 14068

Boomer State Outdoors, LLC
12384 West 81st Street South
Sapulpa, OK 74066-8141

Catherine Aileen Smith
5826 Cooksey Lane
Waco, TX 76706

Central TX Radiological Associates, PA
3206 4th Street
Longview, TX 75695

City of Fort Worth
10000 Throckmorton Street
Fort Worth, TX 76102

Discover Bank
P. O. Box 385908
Minneapolis, MN 55438-5908

Dolcefino Consulting
3701 Kirby Dr., Suite 560
Houston, TX 77098

Griffith, Jay & Michel
2200 Forest Park Blvd.
Ft. Worth, TX 76110

Hanszen Laporte, LLP
14201 Memorial Drive
Houston, TX 77079

Hockley County Cattle Company, Inc.
P.O. Box 825
Levelland, TX 79336

Jessica L. Brown, PLLC
9450 SW Gemini Dr., #99088
Beaverton, OR 97008-7105

Law Offices of Elizabeth Parmer
309 W. 7th St., Ste 900
Ft. Worth, TX 76102

Lazy K Cattle Company, LLC
2956 Via Esperanza
Edmond, OK 73013

Lazy K. Cattle Company, LLC
Dylan Charles Edward
Rosell Law Group LLP
101 North Robinson Ave., Suite 700
Oklahoma City, OK 73102

040122-15051/4891-4672-1803.1

North Texas Tollway Authority
PO Box 660244
Dallas, TX 75266

Providence Health Network
Frost-Arnett Company
PO Box 198988
Nashville, TN 37219

Stipe Law Firm
343 E Carl Albert Pkwy
Mcalester, OK 74501

Tekell & Tekell, LLP
400 Austin Avenue, Suite 1000
Waco, TX 76701

T-Mobile
Credence Resource Management LLC
17000 Dallas Pkwy., Ste 204
Dallas, TX 75248

**Parties Requesting Service (via ECF)**
Eboney Cobb
Perdue, Brandon, Fielder, Collins & Mott
500 E. Border Street, Suite 640
Arlington, TX 76010

Mark Cochran
c/o Mark B. French
1901 Central Drive, Ste. 704
Bedford, TX 76021

Edwin Paul Keiffer
Rochelle McCullough, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201

Jason M. Rudd and Scott Lawrence
Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 500
Dallas, TX 75204

Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P. O. Box 1269
Round Rock, TX 78680


Griffith, Jay & Michel, LLP
c/o Mark J. Petrocchi
2200 Forest Park Blvd.
Fort Worth, TX 76110

Steve Stasio
Stasio & Stasio, P.C.
303 Main Street, Suite 302
Fort Worth, Texas 76102

Marc W. Taubenfeld
McGuire, Craddock & Strother, P.C.
500 N. Akard Street, Suite 2200
Dallas, TX 75201

David G. Tekell
Tekell & Tekell, LLP
400 Austin Avenue, Suite 1000
Waco, TX 76701

Ruben Rene Escobedo
6800 Park Ten Blvd.
Suite 135-E
San Antonio, TX 78213

J. Michael McBride, Esq.
J. Michael McBride, P.C.
6420 Southwest Blvd., Ste. 112
Fort Worth, TX 76109

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

**ORDER GRANTING THE TRUSTEE'S MOTION**
**TO HOLD THE DEBTOR IN CONTEMPT**

CAME ON FOR CONSIDERATION, the *Motion of the Chapter 11 Trustee to Hold the Debtor in Contempt* (the "**Motion**")[5] filed by the Trustee in the Chapter 11 Cases, seeking an order for contempt and granting such other and further relief as the Court deems just and proper; having considered the Motion, this Court finds that the Motion is meritorious; and this Court having jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having

---

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4888-3599-5918.1-1919-7451.1

found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; it is hereby[6]

ORDERED that the Motion is GRANTED; and it is further

ORDERED that pursuant to sections 105(a) and 9020 of the Bankruptcy Code, Daryl Greg Smith is (i) held in contempt for violating the Second Amendment Order; (ii) shall instruct the Snell Law Firm, PLLC (and any other professional acting or purporting to act on behalf of Caddoa) to provide information to and abide by the Trustee's requests in his capacity as Manager of Caddoa Creek Ranch, LLC; and (iii) the Snell Law Firm shall provide such information and abide by the Trustee's requests for information of Caddoa immediately following entry of this Order. It is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order and the Trustee shall not be required to seek authorization from any other jurisdiction with respect the relief granted by this order.

###

*Prepared and submitted by*:

WALLER LANSDEN DORTCH & DAVIS, LLP
Morris D. Weiss
100 Congress Avenue, 18th Floor
Austin, TX 78701
Telephone: 512/685-6400
Telecopier: 512/685-6417
Morris.Weiss@wallerlaw.com

COUNSEL TO THE TRUSTEE

---

[6] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at a hearing conducted on this matter

040122-15051/4877-7538-3822.2

2

# **EXHIBIT B**

**Letter from Snell Firm**



# THE SNELL LAW FIRM, PLLC

**VIA EMAIL TO GMILLIGAN@HARNEYPARTNERS.COM**

January 14, 2022

Greg Milligan
Harney Partners
3800 N. Lamar Blvd., Suite 200
Austin, Texas 78756

Re: *Tekell & Tekell, LLP v. C2S Property Holdings, LLC, et. al.;* In the 170th Judicial District Court of McLennan County, Texas; Cause No. 2020-2691-4 ("the Lawsuit")

Dear Mr. Milligan:

As requested, below is Dropbox link to our firm's file for the Lawsuit. We request you keep this file confidential as it pertains to not only Caddoa Creek Ranch, LLC but other entities and individuals involved in the Lawsuit. Please note, this link will expire on January 21, 2022.

[REDACTED]

As you may know, our firm represents Caddoa Creek Ranch, LLC, Daryl G. Smith, Canadian River Ranch Partnership a/k/a Canadian River Ranch Partners, Donna Mallery, DD Farms, LLC, C2S Property Holdings, LLC, High Point Ranch, LLC, Lakeside Ranch BC, LLC, The Smith Irrevocable Trust, Smith Ranch Meridian, LLC, Smith Land & Cattle, GP, LLC, Smith Ranching, LTD, and Derek Smith. Our client Daryl G. Smith has objected to our office producing privileged communications with our firm. Therefore, we are unable to produce communications between our office and our clients at this time.

Thank you.

Sincerely,
THE SNELL LAW FIRM, PLLC

*/s/ Jason W. Snell*

Jason W. Snell

cc: Daryl Smith (*via email to dsmith1114@gmail.com*)

1615 W. 6TH STREET, SUITE A
AUSTIN, TEXAS 78703
T: (512) 477-5291
F: (512) 477-5294
WWW.SNELLFIRM.COM