IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| In re: | § | Lead Case No. 21-60162-rbk |
| | § | Second Case No. 21-60163-rbk |
| DARYL GREG SMITH and | § | |
| CANADIAN RIVER RANCH, LLC | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered Under |
| | § | Case No. 21-60162-rbk) |

**DEBTOR'S OBJECTION TO MOTION OF CHAPTER 11
TRUSTEE TO HOLD THE DEBTOR IN CONTEMPT**

TO THE HONORABLE RONALD B. KING, U.S. BANKRUPTCY JUDGE:

COMES NOW Daryl Greg Smith ("Smith"), one of the debtors in the above styled and numbered jointly administered Chapter 11 bankruptcy case (the "Bankruptcy Case"), and files this *Objection* to the *Motion of Chapter 11 Trustee to Hold the Debtor in Contempt* (the "Motion"), filed by Gregory S. Milligan (the "Trustee"), respectfully stating as follows:

**I.     SUMMARY**

1.    The Motion is a heavy-handed attempt by the Trustee to short-circuit the appropriate process that the Trustee would have to go through to obtain declaratory relief and an injunction. There is no contempt as a matter of law because the Caddoa Order did not command Smith to do anything or to refrain from doing anything. Without an order for him to violate, there is no contempt. With respect to allegedly "frustrating" the Trustee's management of Caddoa, it is the Trustee who chose to take over that management and, rather than focus on correcting the title issues to the Caddoa property caused by Karen Smith, the Trustee picks a fight over a trivial non-estate issue with Smith. But Caddoa and its assets are not property of the estate, and neither the automatic stay nor the turnover requirements apply; if new management is in conflict with old management about property of the entity, then new management's remedy is to seek declaratory and injunctive relief. The Trustee has filed no adversary proceeding seeking declaratory relief that

Caddoa owns a privilege and he has filed no adversary proceeding seeking injunctive or turnover relief against Smith or the Snell Firm. Even if he did, this Court would lack core jurisdiction over such non-estate issues. The Court should therefore deny the Motion.

## II. FACTS

2. Caddoa Creek Ranch, LLC ("Caddoa") is a non-debtor entity and its assets are not property of the estate, even if the estate controls the Debtors' 90% of the membership interests in Caddoa and even if the Court approved an agreement whereby the Trustee became the manager of Caddoa.

3. On November 15th, 2021, this Court ruled that Caddoa's litigation claims were an asset of Caddoa. One of these assets is a malpractice claim against Tekell & Tekell, LLP ("Tekell").

4. By that certain engagement letter dated September 20, 2021, Smith, for himself, Caddoa, and Canadian River Ranch Partnership; Donna Mallery, for herself, DD Farms, LLC, C2S Property Holdings, LLC, High Point Ranch, LLC, Lakeside Ranch BC, LLC, The Smith Irrevocable Trust, Smith Ranch Meridian, LLC, Smith Land & Cattle, GP, LLC, and Smith Ranching, LTD; and Derek Paul Smith retained The Snell Law Firm, PLLC (the "Snell Firm") to represent all of their interests with respect to claims against Tekell. Thus, the retention of the Snell Firm is by numerous non-debtor entities—a fact known to the Trustee but which he otherwise fails to mention or discuss in his Motion.

5. On November 17, 2021, the Court entered its *Order Approving Second Amendment to Operating Agreement of Caddoa Creek Ranch, LLC* [Docket No. 245] (the "Caddoa Order"). By the Caddoa Order, the Trustee became the manager of Caddoa.

6. Thereafter, the Trustee requested that the Snell Firm provide him with all otherwise privileged communications concerning its representation. Since the Snell Firm represents multiple

other parties over whom the Trustee has no authority and which are not debtors, Smith and the Snell Firm refused to provide all of these communications to the Trustee (to be clear, the Snell Firm provided to the Trustee all other documents, not producing only e-mails between the Snell Firm and Smith). The Trustee has filed no declaratory or other actions to determine which, if any, of the privileged communications in the possession of the Snell Firm are property of Caddoa, and he has filed no action to determine whether, as between joint clients, Caddoa and the Trustee have any right to such privileged communications.

### III. ARGUMENTS AND AUTHORITIES

7. Before addressing the merits of the Trustee's contempt allegations, it is important to note that there is a *bona fide* underlying legal dispute regarding who owns any privilege associated with the Snell Firm. The Trustee merely assumes, *a priori*, that he owns all Caddoa privileges. In concept, this is correct, but there are multiple other clients. In no way is the Trustee entitled to any of their privileged communications, including those of Smith himself, as he retained the Snell Firm after the Trustee was appointed as a debtor-out-of-possession, and Smith's personal post-petition privilege is not the property of the estate.

8. Second, there are issues of joint representation to consider. The factual predicate of the Motion, that Smith has hindered the Trustee from obtaining what the Trustee otherwise has a right to, is not met and Smith in no way consents to any determination of these non-core issues in the form of the Motion. Simply put, if the Trustee seeks a determination that Caddoa owns certain property, and that property is being withheld from him, he must file an appropriate action before the appropriate court seeking declaratory and injunctive relief—the Motion is not the proper vehicle to do so. Smith therefore objects to any attempt by the Trustee to obtain any such declaratory or injunctive relief in the form of a contempt motion heard on nine (9) days' notice.

9. With respect to the discrete issue of contempt, the Trustee cites to Second Circuit case law. This, however, is the Fifth Circuit, and the case law on contempt in the Fifth Circuit is clear: "A party commits contempt when he violates a <u>definite and specific order of the court requiring him to perform or refrain from performing a particular act</u> or acts with knowledge of the court's order." *Travelhost Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (emphasis added). Thus, the crux of civil contempt is that someone failed to do something that a court order required: "the party seeking an order of contempt in a civil contempt proceeding need only establish, by clear and convincing evidence, (1) that a court order was in effect, and (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *In re Highland Capital Management LP*, 2021 Bankr. LEXIS 2074 at *31 (Bankr. N.D. Tex. Aug. 3, 2021). Additionally, "[i]n a civil contempt proceeding, the movant bears the burden of establishing the elements of contempt by clear and convincing evidence." *Travelhost Inc.*, 68 F.3d at 961.

10. The Caddoa Order does not command Smith to do or to refrain from doing anything. The Caddoa Order: (i) grants the underlying motion; (ii) authorizes the Trustee to execute the amendment to the Caddoa operating agreement; (iii) grants the Trustee full authority to manage Caddoa; and (iv) retains jurisdiction. The Caddoa Order does <u>not</u> command Smith to hand over privileged communication of Caddoa he may have to the Trustee or to otherwise cooperate with the Trustee regarding his administration of Caddoa. Nor did the Trustee request any such relief in the underlying motion.

11. The Trustee seeks contempt based on the Caddoa Order as follows:

> Smith's continuing instruction to the Snell Firm to refuse to comply with the Manager's requests was not only made wholly without authority, but it violated the terms of the Second Amendment Order by specifically and intentionally frustrating the Trustee from undertaking his duties as Manager of Caddoa. . . . Because Smith is intentionally frustrating the Trustee's ability to effectuate the terms of the Second

      Amendment (i.e., managing Caddoa), the Trustee requests that the Court find Smith in contempt for violating the Second Amendment Order and to order Smith to withdraw his invalid and unauthorized directive to the Snell Firm and also order the Snell Firm to turn over all records of Caddoa in its possession to the Trustee.

Motion ¶ 25.

12.    Nowhere does the Caddoa Order command Smith to not "frustrate" the Trustee. Nor is the Trustee some super-magistrate such that defying his wish equals civil contempt. The Court's authorization to the Trustee "to do that which is necessary to effectuate all terms and conditions of the Second Amendment" does not somehow mean that one who does not do as the Trustee demands is violating a court order. And, since Caddoa and its assets are not property of the bankruptcy estate, there can be no possible contempt or quasi-contempt for violating the automatic stay or any turnover statute.[1]

13.    Accordingly, any request for contempt must be denied by the Court for the simple reason that there is no order entered by this Court that Smith violated, much less a "definite and specific order of the court requiring him to perform or refrain from performing a particular act." *Travelhost Inc.*, 68 F.3d at 961.

14.    The Trustee seeks more than that, however, for the Trustee seeks to smear Smith with false accusations and then to obtain declaratory relief (regarding property of Caddoa and the estate) and injunctive relief (in the nature of turnover) against both Smith and the Snell Firm. Basically, rather than filing an action for declaratory relief regarding who owns certain documents and legal privileges, and rather than filing an action for injunctive relief regarding the same, the Trustee seeks a finding of contempt and a continuing requirement for Smith to give the Trustee

---

[1] The Debtor still cannot understand how the Trustee, and seemingly every one else in this case, does not care about the receiver not complying with section 543 of the Bankruptcy Code, even if the Trustee believes that there is a "work around" to the title issues the receiver caused and is causing. The Trustee seeks contempt against the Debtor on nine days' notice over a trivial matter and a non-existent court order but seemingly does not care for nine months over the receiver's violation of an express statute.

what the Trustee wants and the Snell Firm to give the Trustee what he wants, no doubt to then be coercly enforced through monetary and other relief—all without any complaint, briefing, process, discovery, and trial. The Trustee simply assumes that the underlying communications are property of Caddoa, ignores that the Snell Firm represents Smith and that there are a host of privilege issues involved, and then asks this Court to also assume this to be the case and to enter the equivalent of a judgment. That is a gross violation of due process and any notion of fairness. And, it is factually baseless.

15. The Trustee states the following:

> Smith hired the Snell Firm to represent Caddoa in the Tekell Action and, in September 2021, paid a $9,000.00 retainer to the Snell Firm from Caddoa's bank account at BBVA, which constituted an impermissible use of property of the estate.

Motion ¶ 11.

16. The Trustee does not explain how Caddoa's money was property of the estate and how Caddoa using its money to seek redress for malpractice committed against it is an impermissible use of property of the estate. The Trustee then makes the following amazing allegation:

> Mr. Smith testified that he misappropriated property of the estate and used it to compensate counsel for Caddoa.

Motion ¶ 12.

17. This is false. Smith never testified that he misappropriated anything. Rather, Caddoa, not his estate, received a check for lease income and Caddoa used that to fund attorney's fees. Nothing about that is misappropriation or anything having to do with property of the estate; Caddoa used its property on legitimate and appropriate Caddoa expenses. The Trustee's whole argument is disingenuous and cynical: because Smith's *position* was that the Caddoa real property that was wrongly transferred by the receiver was property of Smith, then any income derived from

that property should also be property of the estate. That was Smith's legal position but it seems that neither the Court, nor the Trustee, nor Karen Smith agreed. Otherwise, what would have been the point of the Caddoa order in the first place, and the underlying motion, and the Trustee needing special authority to enter into the solar lease?[2]

18. Nor can or should the Motion be used as a substitute for injunctive relief. If the Trustee believes that Smith should be commanded to act in a particular way or to refrain from acting in a particular way, such as to not "frustrate" his administration of Caddoa, then the Trustee is required to file an adversary proceeding and seek a restraining order and preliminary injunction.[3] The same applies to any command to the Snell Firm. *See* FED. R. BANKR. P. 7001(1), (7). But then the Trustee would have to prove the elements required for such relief, including a substantial likelihood of success on the merits and irreparable injury. And, since Caddoa and its assets are not property of the estate, there is no automatic stay or turnover issue or violation. *See* 11 U.S.C. §§ 362(a) and 542.

19. This is not a trivial motion. As mentioned, the Trustee would have to show a substantial likelihood of success on the merits. This would mean that the Court would have to review and then decide, at least on a preliminary basis, who owns the privilege with the Snell Firm. Clearly, the Trustee would have no claim to the Debtor's privilege, given that this representation is post-trustee. Presumably, the Trustee would be able to control Caddoa's privileges, but the Court has very little, if any, jurisdiction over Caddoa. But, where the representation is a joint

---

[2] Likewise, the Trustee accuses Smith of retaining the Snell Firm without authority. Motion ¶ 11. Caddoa, however, did not need permission from this Court to retain counsel. And Smith himself, as a debtor-out-of-possession, did not need authority from this Court to retain counsel to represent him, unlike with respect to representing the estate, which Smith no longer did once the Trustee was appointed (and remembering that Smith retained the Snell Firm months after the Trustee was appointed).

[3] Smith is not suggesting that any such relief would be appropriate and he reserves all rights with respect to any action that the Trustee may take.

DEBTOR'S OBJECTION TO MOTION FOR CONTEMPT—Page 7

representation, such as this one, the privilege issues become even more complicated. The Trustee simply assumes *a priori* that he controls everything. He does not.

20. The Trustee would also have to demonstrate the likelihood of irreparable injury. But the true absurdity of this, and the reason why the Trustee is just being a bully, is simply the question of why the Trustee should care about the Snell Firm's communications with Smith. The Trustee has moved to settle Caddoa's claims with Tekell.[4] He does not need any privileged communications for anything or anytime soon, certainly not to rise to the level of an irreparable injury. Even if the Trustee technically has a legal right to the privileged communication, that he would seek contempt and that he would assert some urgency to the matter is simply over the top.

21. Finally, the Court does not have core jurisdiction over Caddoa or its assets, as Caddoa is not a debtor. The Court may have "related to" jurisdiction over Caddoa or its assets, but Smith does not consent to the Court's entry of final orders with respect to Caddoa. Thus, to the extent that the Trustee believes that any order of this Court is necessary to help him with administering Caddoa, such as an injunction, the Court's jurisdiction would be non-core. Likewise with respect to any action by the Trustee to declare the rights of Caddoa, which would be declaring property rights of a non-debtor and would not be core.

22. The Court's retention of jurisdiction in the Caddoa Order does not change this analysis. That order provides as follows:

> ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order and the Trustee shall not be required to seek authorization from any other jurisdiction with respect to the relief granted by this order.

Caddoa Order at p. 2.

---

[4] Smith also disagrees that the Court has any jurisdiction, much less core jurisdiction, over that settlement since the settlement involves a claim of a non-debtor against a non-debtor.

23. The Court retaining jurisdiction is just that—the retention of jurisdiction that may otherwise exist. It is not a grant of jurisdiction, and it is fundamental that a court may not create for itself jurisdiction that is not conferred on it. Nothing in the Caddoa Order gave the Court jurisdiction over Caddoa or its assets. And, the retention of jurisdiction over "all matters arising from or related to the implementation of this order" in no way addresses the Motion or jurisdiction to declare the property rights of Caddoa or to enjoin actions relating to the assets of Caddoa.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Smith respectfully requests that the Court enter an order: (i) denying the Motion; and (ii) granting Smith such other and further relief to which he may be justly entitled.

RESPECTFULLY SUBMITTED this 21st day of February, 2022.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Thanhan Nguyen, Esq.
Texas Bar No. 24118479
500 North Akard St., Ste. 3800
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
tberghman@munsch.com

**ATTORNEYS FOR DARYL SMITH**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 21st day of February, 2022, he caused a true and correct copy of this document to be served electronically by the CM/ECF system on the following parties:

Thomas Daniel Berghman on behalf of Debtor Canadian River Ranch, LLC
tberghman@munsch.com

Thomas Daniel Berghman on behalf of Debtor Daryl Greg Smith
tberghman@munsch.com

D. Douglas Brothers on behalf of Debtor Daryl Greg Smith
dbrothers@gbkh.com

D. Douglas Brothers on behalf of Debtor Canadian River Ranch, LLC
dbrothers@gbkh.com

Eboney Delane Cobb on behalf of Creditor Whitney ISD
ecobb@pbfcm.com; rgleason@pbfcm.com

Ruben Rene Escobedo on behalf of Interested Party Darren Keith Reed
rene.escobedo@rre-law.com

Mark B. French on behalf of Creditor Mark Cochran
mark@markfrenchlaw.com; Sarah@markfrenchlaw.com

Edwin Paul Keiffer on behalf of Creditor Karen Annette Smith
pkeiffer@romclaw.com; bwallace@romclaw.com

Scott D. Lawrence on behalf of Creditor Farm Credit of Western Oklahoma
scott.lawrence@wickphillips.com; brenda.ramirez@wickphillips.com

Tara LeDay on behalf of Creditor Texas Taxing Authorities
tleday@mvbalaw.com; vcovington@mvbalaw.com; alocklin@mvbalaw.com; bankruptcy@mvbalaw.com; pbowers@mvbalaw.com; vjames@mvbalaw.com

John Michael McBride on behalf of Creditor Law Office of Elizabeth Parmer
enotices@mcbridelegal.com; creeves@mcbridelegal.com

Gregory S. Milligan
gmilligan@harneypartners.com

William R Nix, III on behalf of Trustee Gregory S. Milligan
trip.nix@wallerlaw.com; sherri.savala@wallerlaw.com; annmarie.jezisek@wallerlaw.com

Mark J. Petrocchi on behalf of Creditor Griffith, Jay & Michel, LLP
mpetrocchi@lawgjm.com; mkidd@lawgjm.com

---

DEBTOR'S OBJECTION TO MOTION FOR CONTEMPT—Page 10

Davor Rukavina on behalf of Debtor Canadian River Ranch, LLC
drukavina@munsch.com

Davor Rukavina on behalf of Debtor Daryl Greg Smith
drukavina@munsch.com

Steve Stasio on behalf of Attorney Andrew F. Stasio, Jr.
steve.stasio@stasiolawfirm.com

Marc W. Taubenfeld on behalf of Creditor Boomer State Outdoors, LLC
mtaubenfeld@mcslaw.com; scotton@mcslaw.com

David G. Tekell on behalf of Creditor Tekell and Tekell LLP
david@tekell-law.com; carolyn@tekell-law.com

Shane P. Tobin on behalf of U.S. Trustee United States Trustee - WA12
shane.p.tobin@usdoj.gov; brian.r.henault@usdoj.gov; Carolyn.Feinstein@usdoj.gov; carey.a.tompkins@usdoj.gov; roxana.peterson@usdoj.gov; gary.wright3@usdoj.gov; deborah.a.bynum@usdoj.gov; aubrey.thomas@usdoj.gov; omar.e.jones@usdoj.gov

United States Trustee - WA12
ustpregion07.au.ecf@usdoj.gov

Morris D. Weiss on behalf of Trustee Gregory S. Milligan
morris.weiss@wallerlaw.com; sherri.savala@wallerlaw.com; annmarie.jezisek@waller-law.com

By: */s/ Thanhan Nguyen*
Thanhan Nguyen, Esq.