## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

**FILED**

MAY 0 9 2022

U.S. BANKRUPTCY COURT
BY _____ DEPUTY

| | | |
|---|---|---|
| In re: | § | Case No. 21-60162-rbk |
| DARYL GREG SMITH and | § | |
| CANADIAN RIVER RANCH, LLC | § | |
| | § | Chapter 11 |
| Debtors. | § | |
| DARYL GREG SMITH and | § | |
| CANADIAN RIVER RANCH, LLC | § | |
| | § | |
| Plaintiffs, | § | Adv. No. 21-06007 |
| | § | |
| v. | § | |
| | § | |
| STANLEY W. WRIGHT and | § | |
| KAREN ANNETTE SMITH | § | |
| | § | |
| Defendants. | § | |

### NOTICE OF APPEAL

COME NOW Daryl Greg Smith ("Smith"), the debtor and plaintiff in the above styled and numbered Chapter 11 bankruptcy case and adversary case (the "Bankruptcy Case"), and, pursuant to 28 U.S.C. § 158(a), hereby appeal to the United States District Court for the Western District of Texas that certain *Order (A) Approving the Sale of Real Estate Free and Clear of all Liens, Claims, Encumbrances, and Other Interests pursuant to Bankruptcy Code Sections 105, 363(b), (f), (h) and (m), 365, and 503; and (B) Granting Related Relief* (the "Order to Sell Property") entered by the Bankruptcy Court on April 26th, 2022 [Docket No. 417] in the Bankruptcy Case.

A copy of the Order to Sell Property is attached hereto as Exhibit "A".

A copy of two related orders also entered on April 26th, 2022 that are directly related and premised upon the Order to Sell that are attached hereto as Exhibit "B" and Exhibit "C".[1]

---

[1]    Related Orders. To the extent necessary to avoid any mootness argument, the Appellant also hereby appeals the *Order (I) Authorizing the Chapter 11 Trustee to Execute Certain Documents, pursuant to Section 105 and 363 of the Bankruptcy Code Federal Rule of Civil Procedure 70, made Applicable to this Proceeding through Federal Rule of Bankruptcy Procedure 7070*, entered by the Bankruptcy Court on April 26th, 2022 [Docket No. 416] attached as Exhibit "B"; and the *Order (I) Authorizing the Chapter 11 Trustee to Execute Certain Documents, pursuant to Section 105 and 363 of the Bankruptcy Code Federal Rule of Civil Procedure 70, made Applicable to this Proceeding through Federal Rule of Bankruptcy Procedure 7070*, entered by the Bankruptcy Court on April 26th, 2022 [Docket No. 75] in Adversary Case No. 21-06007 attached as Exhibit "C".

The names of the parties to this appeal and the contact information for their attorneys is

as follows:

A.    <u>Appellant:</u>

**Daryl Greg Smith**
5826 Cooksey Ln.
Robinson, TX 76706
Tel: (254) 214-6590
Email: dsmith1114@gmail.com

B.    <u>Appellee:</u>

**Gregory S. Milligan, Chapter 11 Trustee**

<u>Attorneys:</u>

William R. (Trip) Nix, III
Morris D. Weiss
Courtney Stone
Waller Lansden Dortch & Davis, LLP
100 Congress Avenue, 18th Floor
Austin, TX 78701
Telephone: (512) 685-6400
Facsimile: (512) 685-6417
Email: trip.nix@wallerlaw.com
Email: morris.weiss@wallerlaw.com
Email: courtney.stone@wallerlaw.com


RESPECTFULLY SUBMITTED this 9th day of May, 2022.

By: /s/ Daryl Smith
5826 Cooksey Ln.
Robinson, Texas 76706
Telephone: (254) 214-6590
Email: dsmith1114@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 9th day of April, 2022, true and correct copies of this document were electronically served on parties entitled to notice thereof, including on counsel for the Appellee, as follows:

Karen Smith, c/o Paul Keiffer, Email: pkeiffer@romclaw.com
Gregory S. Milligan, c/o Morris D. Weiss, Email: morris.weiss@wallerlaw.com
Gregory S. Milligan, c/o Courtney Stone, Email: courtney.stone@wallerlaw.com
Tango Lima Land, LP, c/o William R. Davis, Jr., Email: wrdavis@langleybanack.com


By: /s/ Daryl Smith

# NOTICE OF APPEAL

# EXHIBIT A

The relief described hereinbelow is **SO ORDERED.**

Signed April 26, 2022.

Ronald B. King
**United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

### ORDER (A) APPROVING THE SALE OF REAL ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363(B), (F), (H) AND (M), 365, AND 503; AND (B) GRANTING RELATED RELIEF

Came on for consideration the motion (the *"Motion"*)[1] of Gregory S. Milligan, chapter 11 trustee in the above-captioned bankruptcy cases (the *"Trustee"*) pursuant to sections 105, 363, 365 and 503 of title 11 of the United States Code (the *"Bankruptcy Code"*), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*), and the Local Rules of the United States Bankruptcy Court for the Western District of Texas (the *"Local Rules"*) for (i) an order approving (a) bid procedures for the sale of certain real estate (the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in Sales Contract (as defined herein).

"*Property*") owned by Debtor Daryl Greg Smith ("*Smith*") and Darren Keith Reed[2] ("*Reed*"; and together with the Trustee, the "*Sellers*"), including the approval of a Stalking Horse Bidder, (b) establishing a date for an auction if the Trustee receives one or more timely and acceptable Qualified Bids (the "*Auction*") and a final hearing (the "*Sale Hearing*") to approve the sale of the Property (the "*Sale Transaction*"), (c) approving the form and manner of notice of the Auction and Sale Hearing, and (d) granting related relief and (ii) an order (a) approving the sale of the Property free and clear of all liens, claims, encumbrances, and other interests pursuant to sections 105 and 363 of the Bankruptcy Code, and (b) granting related relief, all as more fully described in the Motion; and this Court having entered an order on March 4, 2022 (Doc. 341) (the "*Bid Procedures Order*" and Exhibit 1 attached thereto, the "*Bid Procedures*"); and the Auction having been set for April 25, 2022 in accordance with the Bid Procedures Order; and only the Purchaser (as defined herein) having been deemed a Qualified Bidder and having submitted a Qualified Bid for the Property; and on April 19, 2022, the Trustee having filed a notice of cancellation of the Auction (Doc. 405); and a final hearing (the "*Sale Hearing*") to approve the sale of the Property (the "*Sale Transaction*") having been held on April 25, 2022 to consider approval of the Sales Contract (as defined herein); and the Court having determined that notice of the Motion was adequate and sufficient; and all such parties having been afforded due process and an opportunity to be heard with respect to the Motion and all relief requested therein; and the Court having reviewed and considered: (i) the Motion; (ii) the objections and responsive pleadings filed in connection with the Motion, if any; and (iii) the representations of counsel made, and the evidence proffered, at the Sale Hearing; and the Sale Hearing having been held, and after due deliberation and sufficient cause appearing therefor, hereby finds and determines that:

---

[2] The Smith estate holds an undivided 90% interest in the Property. The remaining 10% interest is held by Reed.

040122-15051/4858-6200-9616.10

Page 2

A. **Jurisdiction and Venue**. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Western District of Texas*, the consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper under 28 U.S.C. §§ 1408 and 1409.

B. **Final Order**. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

C. **Statutory Predicates**. The statutory predicates for the relief sought in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004.

D. **Notice**. The service of the Motion on the Sale Notice Parties (as defined in the Bid Procedures Order) and the Sale Notice and the proposed entry of this Order to the Sale Notice Parties was adequate and sufficient under the circumstances of these chapter 11 cases, and such notice complied with all applicable requirements under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Bid Procedures Order. With respect to entities whose identities were not reasonably ascertained by the Trustee, notice was sufficient and reasonably calculated under the circumstances to reach such entities. Accordingly, no further notice of, or hearing on, the Motion, the Sale Hearing, the Sales Contract, the Sale Transaction, or this Order is necessary or required.

E. **Compliance with Bid Procedures Order**. As demonstrated by (i) evidence adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Trustee has conducted a fair and open sale process in a manner reasonably calculated to produce the highest and otherwise best offer for the Property in compliance with the Bid Procedures Order. The Bid Procedures were substantively and procedurally fair to all

parties. The sale process, Bid Procedures and Auction were non-collusive, duly noticed, and afforded a full, fair, and reasonable opportunity for any Person to make a higher and otherwise better offer to purchase the Property. The bidding and related procedures established by the Bid Procedures Order have been complied with in all material respects by the Trustee and the Purchaser.

F. **Successful Bidder**. The Purchaser offered and the Trustee accepted the highest and best Qualified Bid (as defined in the Bid Procedures), which is a cash bid in the amount of $4,899,425.30 (the "*Purchase Price*"), subject to adjustment as set forth in that certain Sales Contract, dated as of March 1, 2022 (as amended, supplemented, or otherwise modified from time to time, including all Exhibits, Schedules, and Appendices thereto (the "*Sales Contract*," attached hereto as **Exhibit 1**) by and among the Trustee and Tango Lima Land, LP (the "*Purchaser*"). The Purchaser is approved as the Successful Bidder, as such term is defined in the Bid Procedures, for the Property on the terms set forth in the Sales Contract by and among the Purchaser and the Trustee.

G. **Due Authority**. The Trustee and Reed have each approved the Sales Contract and the consummation of the Sale Transaction on behalf of the Sellers and the Sellers' sale of the Property to the Purchaser has been duly and validly authorized by all necessary corporate or other entity action. The Sellers have full power and authority to execute the Sales Contract and all other documents contemplated thereby and to consummate the Sale Transaction. No consents or approvals, other than those expressly provided for in the Sales Contract, are required for the Sellers to consummate the Sale Transaction.

H. **Business Justification**. Approval of the Sales Contract and consummation of the Sale Transaction is in the best interests of the Debtors, their estates, creditors, and other parties in

000061   61702000061232

interest. The Trustee has demonstrated good, sufficient, and sound business purposes and justifications for the sale to the Purchaser pursuant to section 363(b) of the Bankruptcy Code. Such business purposes and justifications include, but are not limited to, that the Sales Contract and the closing thereon will present the best opportunity to realize the value of the Property and avoid decline and devaluation of the Property.

I.    The consideration to be provided by the Purchaser pursuant to the Sales Contract: (i) is fair and reasonable; (ii) is the highest and otherwise best offer for the Property; (iii) will provide a greater recovery for Smith's creditors than would be provided by any other practically available alternative; and (iv) constitutes reasonably equivalent value and fair consideration. In reaching this determination, the Court has taken into account both the consideration to be realized directly by the Smith estate and the indirect benefits of the Sale Transaction for the Debtors' creditors. The Trustee's determination that the Sales Contract constitutes the highest and otherwise best offer for the Property is a result of due deliberation by the Trustee and constitutes a valid and sound exercise of the Trustee's business judgment. Entry of an order approving the Sale Motion, Sales Contract and the Sale Transaction is a necessary condition precedent to the Purchaser consummating the Sale Transaction.

J.    **Arm's-Length Sale**. The Sales Contract was negotiated, proposed, and entered into by the Trustee and the Purchaser without collusion, in good faith, and was the result of arm's-length bargaining between the parties represented by independent counsel. The Trustee and the Purchaser have not engaged in any conduct that would cause or permit the Sales Contract to be avoided under section 363(n) of the Bankruptcy Code. The Purchaser is not an "insider" or "Affiliate" of the Trustee or Debtors, as such terms are defined in the Bankruptcy Code.

000061                    6170200000061241

K.   **Good Faith Purchaser**. The Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Purchaser is acting in good faith within the meaning of section 363(m) in consummating the Sale Transaction. The Purchaser has proceeded in good faith in all respects in that, *inter alia*: (i) the Purchaser recognized that the Trustee was free to deal with any other party interested in acquiring the Property; (ii) the Purchaser complied with the provisions of the Bid Procedures Order; (iii) the Purchaser's bid was subjected to the competitive bid procedures set forth in the Bid Procedures Order; (iv) no common identity of directors or officers exists among the Purchaser, Sellers, and the Debtors, and (v) all payments to be made by the Purchaser and all other material agreements or arrangements entered into by the Purchaser and the Sellers in connection with the Sale Transaction have been disclosed.

L.   **Legal, Valid and Binding Transfer**. The Sellers are the sole and lawful owners of the Property, or otherwise have a valid, enforceable property interest in such, and title to (i) an undivided 90% interest in the Property is vested in the Debtor Smith's estate within the meaning of section 541(a) of the Bankruptcy Code and (ii) the remaining 10% interest is held by Reed. The Sellers have all right, title, and interest in the Property required to transfer and convey the Property to the Purchaser. The transfer of the Property to the Purchaser will be a legal, valid, and effective transfer of the Property and, except as provided in the Sales Contract, will vest the Purchaser with all right, title, and interest of the Sellers to the Property free and clear of all liens, claims, encumbrances, and other interests of any kind and every kind whatsoever (including liens, claims, encumbrances, and other interests of any Governmental Authority, as defined in the Sales Contract) other than those liens, claims, encumbrances, and other interests specifically assumed by the Purchaser pursuant to the Sales Contract. The sale of the Property shall also be

000061   6170200061241

free and clear of those liens, claims, encumbrances, and other interests that purport to give to any party a right or option to effectuate any forfeiture, modification, or termination of the Sellers' interests in the Property, or any similar rights.

M.    The Sales Contract is a valid and binding contract between the Sellers and the Purchaser, which is and shall be enforceable according to its terms.

N.    **Free and Clear**. The Purchaser would not have entered into the Sales Contract and would not consummate the Sale Transaction, thus adversely affecting the Smith estate and its creditors, if the transfer of the Property to the Purchaser was not free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever, or if the Purchaser would, or in the future could, be liable for any such lien, claim, encumbrance, or other interest. A sale of the Property other than one free and clear of any liens, claims, encumbrances, and other interests, would adversely impact Smith's estate and would yield substantially less value for the Smith estate.

O.    Subject to the provisions of this Order and except as may be specifically provided in the Sales Contract, the Sellers may sell the Property free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever, because, in each case, one or more of the standards set forth in section 363(f)(1) through (5) of the Bankruptcy Code have been satisfied. Each entity with a lien, claim, encumbrance, or other interest in the Property to be transferred on the date the Sale Transaction is consummated (the "*Closing Date*"): (i) has, subject to the terms and conditions of this Order, consented to the Sale Transaction or is deemed to have consented; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such lien, claim, encumbrance, or other interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code. Those holders of liens, claims,

encumbrances, and other interests who did not object to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

P.    **Not a Sub Rosa Plan**. The Sales Contract and Sale Transaction do not constitute an impermissible *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford. The Sales Contract and the Sale Transaction neither impermissibly restructure the rights of the Debtors' creditors nor impermissibly dictate the terms of a plan for the Debtors.

Q.    **No Fraudulent Transfer**. The Sales Contract was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States or any state, territory, or possession thereof, or the District of Columbia. The Sellers and the Purchaser are not entering into the Sale Transaction fraudulently.

R.    **No Successor Liability**. The Purchaser (i) is not, and shall not be, considered a successor in interest to the Debtors, (ii) has not, *de facto* or otherwise, merged with or into the Debtors, (iii) is not a continuation or substantial continuation of the Debtors or any enterprise of the Debtors, and (iv) is not holding themselves out to the public as a continuation of the Debtors. Except as otherwise specifically provided in the Sales Contract, the transfer of the Property to the Purchaser does not and will not subject the Purchaser to any liability whatsoever with respect to the operation of the Debtors' businesses before the Closing Date or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of antitrust, successor, transferee, or assignee liability.

000061      61702000061250

S.     **Prompt Consummation**. The Sale Transaction must be approved and consummated promptly because the Stalking Horse Bidder is seeking to purchase the Property via a section 1031 exchange. Time is of the essence in consummating the Sale Transaction.

T.     The Trustee has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the transaction contemplated by the Sales Contract, including, without limitation, the Sale Transaction.

U.     **Good and Sufficient Cause**. There is other good and sufficient cause to grant the relief requested in the Motion and approve the Sales Contract and the Sale Transaction.

V.     **Legal and Factual Bases**. The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such. The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the Sale Hearing.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**General Provisions**

1.     The notice of the Sale Motion and Sale Hearing are approved as being fair, reasonable, and adequate under the circumstances, and any additional notice as may otherwise be required under state and federal law is hereby deemed satisfied.

2.     The Motion is **GRANTED** to the extent set forth herein.

000061                          6170200061269

3.      All objections to the relief requested in the Motion or the entry of this Order, if any, that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing are denied and overruled in their entirety on the merits, with prejudice.

<b><u>Approval of Free and Clear Sale of the Property</u></b>

4.      The Sales Contract, all exhibits and schedules thereto, and all of the terms and conditions thereof are hereby approved. The Trustee shall file final versions of the Sales Contract and all other ancillary documents with the Court upon closing the Sale Transaction.

5.      Pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Trustee is authorized to (i) execute, deliver, and perform under, consummate, and implement the Sales Contract and the Sale Transaction together with all additional instruments and documents that are requested by the Purchaser and may be reasonably necessary or desirable to implement the Sales Contract and the Sale Transaction and (ii) take any and all actions as they deem necessary, appropriate, or advisable for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser, or reducing to possession the Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Sales Contract and the Sale Transaction, including, without limitation, any and all actions reasonably requested by the Purchaser which are consistent with the Sales Contract and the Sale Transaction.

6.      Pursuant to sections 105(a), 363(f), and 365(b) of the Bankruptcy Code, upon the Closing Date: (i) the transfer of the Property to the Purchaser pursuant to the Sales Contract shall constitute a legal, valid, and effective transfer of the Property and shall vest the Purchaser with all right, title, and interest in and to the Property; (ii) the Property shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances, and other interests of any kind and every kind whatsoever (including, but not limited to, any liens, claims, encumbrances, and other interests of any Governmental Authority, any claims or assertions based on any theory of

000061      61702000061269

successor or transferee liability, and any restriction on the use, transfer, receipt of income, or other exercise of any attributes of ownership of the Property) other than those liens, claims, encumbrances, and other interests specifically assumed by the Purchaser pursuant to the Sales Contract; and (iii) all Persons are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, against Purchaser with respect to any such liens, claims, encumbrances, and other interests (including, but not limited to, any liens, claims, encumbrances, and other interests of any Governmental Authority (as defined in the Sales Contract), any claims or assertions based on any theory of successor or transferee liability, and any restriction on the use, transfer, receipt of income, or other exercise of any attributes of ownership of the Property).

7.      All liens, claims, encumbrances, and other interests shall attach to the proceeds of the sale with the same nature, validity, and priority as such liens, claims, encumbrances, or other interests encumbered the Property prior to the proposed sale and shall be distributed pursuant to further order of the Court.

8.      On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Sellers' interest in the Property or a bill of sale transferring good and marketable title in the Property.

9.      Pursuant to the Sales Contract and this Order, the transfer and assignment of the Property shall be effectuated on the terms set forth therein and herein, and shall not be restricted or prohibited, notwithstanding any alleged approval rights, consent rights, preferential purchase rights, rights of purchase, rights of first refusal, rights of first offer, or similar rights with respect to the Sellers' transfer, sale, vesting, assumption, and/or assignment of the Property.

10.    This Order is and shall be effective as a determination that all liens, claims, encumbrances, and other interests shall be and are, without further action by any Person, unconditionally released, discharged, and terminated with respect to the Property as of the Closing Date, except as may otherwise be set forth in the Sales Contract.

11.    Except as otherwise provided herein or in the Sales Contract, on the Closing Date, Smith's creditors are authorized and directed to execute such documents and instruments and to take all other actions as may be reasonably necessary to document and effectuate the release of their liens, claims, encumbrances, and other interests in the Property, if any, as such liens, claims, encumbrances, and other interests may have been recorded or may otherwise exist. If any such creditor fails to execute any such documents or instruments or take any such actions, the Trustee is authorized to execute such documents and instruments and to take such actions on behalf of the creditor so as to document the release of such liens, claims, encumbrances, and other interests.

## No Successor Liability

12.    The Purchaser and its affiliates, successors, and assigns shall not be deemed, as a result of any action taken in connection with the transfer of the Property, to (i) be a successor to the Debtors or the estates, (ii) have, *de facto* or otherwise, merged or consolidated with or into the Debtors or the estates, or (iii) be a continuation or substantial continuation of the Debtors or any enterprise of the Debtors, and the Purchaser shall have no successor, transferee or vicarious liability of any kind or character, including, but not limited to, under any theory of foreign, federal, state or local antitrust, environmental, successor, tax, assignee or transferee liability, labor, product liability, employment, *de facto* merger, substantial continuity, or other law, rule, or regulation, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with

000061      6170200061278

respect to the Debtors or any obligations of the Debtors arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes or other Governmental Authority fees, contributions, or surcharges arising, accruing, or payable under, out of, in connection with, or in any way relating to, the operation of the Property prior to the Closing Date. Except as otherwise provided herein or in the Sales Contract, the transfer of the Property to the Purchaser pursuant to the Sales Contract shall not result in the Purchaser or its affiliates, members, or shareholders, or the Property, having any liability or responsibility for, or being required to satisfy in any manner, whether in law or in equity, whether by payment, setoff or otherwise, directly or indirectly, (i) any claim against the Debtors or against any insider of the Debtors, or (ii) any lien, claim, encumbrance, or other interest.

13.    Upon the Closing, and except as otherwise expressly provided in the Sales Contract, the Purchaser shall not be liable for any claims against, and liabilities of, the Debtors or any of the Debtors' predecessors or affiliates.

14.    The Purchaser has given substantial consideration under the Sales Contract to the Smith estate. The consideration given by the Purchaser shall constitute valid and valuable consideration for the releases of any potential claims of successor or transferee liability of the Purchaser, which releases shall be deemed to have been given in favor of the Purchaser by all holders of liens, claims, encumbrances, and other interests against the Debtors or the Property.

### No Fraudulent Transfer

15.    The consideration provided by the Purchaser under the Sales Contract constitutes (i) reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act, and (iii) reasonably equivalent value, fair consideration, and fair value under any other applicable Laws of the United States, any state, territory, or possession thereof, or the District of Columbia. The consideration

000061                                        6170200061287

provided by the Purchaser for the Property under the Sales Contract is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

### Good Faith

16.     The Sales Contract and the Sale Transaction are undertaken by the Purchaser without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sales Contract and the Sale Transaction shall not affect the validity of the sale of the Property to the Purchaser, unless this Order is duly stayed pending such appeal. The Purchaser is a good faith purchaser of the Property and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

### Rejection of Unexpired Leases

17.     The Hunting Lease is rejected pursuant to section 365 of the Bankruptcy Code as of the Closing Date. The tenant shall have thirty (30) days from the date of this Order to file a rejection damages claim, if any.

### Additional Provisions

18.     This Order is and shall be binding upon and shall govern acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other Persons, who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments that reflect that the Purchaser is the assignee and owner of the Property free and clear of all liens, claims, encumbrances, and other interests (all such entities being referred to as "*Recording Officers*"). All Recording Officers are authorized and specifically directed to strike recorded Liens, claims,

000061        6170200006 1287

encumbrances, and interests against the Property recorded prior to the date of this Order unless the Sales Contract expressly provides that the Purchaser is acquiring the Property subject to such claims, Liens, and interests.

19.    Following the Closing Date, no holder of any lien, claim, encumbrance, or other interest on the Property or other party in interest may interfere with the Purchaser's use and enjoyment of the Property based on or related to such lien, claim, encumbrance, or other interest, or any actions that the Trustee or Debtors may take in their chapter 11 cases, and no party may take any action to prevent, interfere with or otherwise enjoin consummation of the Sale Transaction.

20.    Except as expressly permitted or otherwise specifically provided by the Sales Contract or this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade and other creditors, holding interests of any kind or nature whatsoever against or in the Debtor or the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtors, the Property, the ownership or operation of the Property prior to the closing of the sale, or the sale of the Property are forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its successors or assigns, its property, or the Property, such persons' or entities' interests.

21.    No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the transactions authorized herein, including the Sales Contract and the Sale Transaction.

22.     The terms and provisions of the Sales Contract, the ancillary agreements, and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Trustee, the Purchaser, and its respective affiliates, successors, and assigns, the Debtors' estates, all creditors of (whether known or unknown), and any affected third parties, notwithstanding the dismissal of the Debtors' cases or conversion of the Debtors' cases to cases under chapter 7, as to which trustee such terms and provisions likewise shall be binding and not subject to rejection or avoidance. The Sales Contract, the Sale Transaction and this Order shall be enforceable against and binding upon, and shall not be subject to rejection or avoidance by, any chapter 7 trustee appointed in the Chapter 11 Cases. Further, nothing contained in any plan confirmed in these Chapter 11 Cases or any order confirming any plan or any other order entered in these cases shall conflict with or derogate from the provisions of the Sales Contract or the terms of this Order.

23.     The Sales Contract and any related agreements, documents, or other instruments may be amended by the parties in a writing signed by such parties without further order of the Court, provided that any such amendment does not have a material adverse effect on the Debtors or the Debtors' estates.

24.     The failure to include specifically any particular provision of the Sales Contract in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sales Contract be authorized and approved in its entirety.

25.     To the extent of any inconsistency between the provisions of this Order, the Sales Contract, and any documents executed in connection therewith, the provisions contained in this Order, the Sales Contract, and any documents executed in connection therewith shall govern, in that order.

000061    6170200006129

6

26.     Nothing in this Order, the Sales Contract or any document executed in connection with the consummation thereof shall authorize or constitute a transfer of title to property which is excluded from the property of the Debtors' estates pursuant to section 541(b)(4) of the Bankruptcy Code.

27.     The provisions of this Order are non-severable and mutually dependent. Headings are included in this Order for ease of reference only.

28.     The provisions of this Order authorizing the sale and assignment of the Property free and clear of all liens, claims, encumbrances, and other interests shall be self-executing, and notwithstanding the failure of the Sellers, the Purchaser, or any other party to execute, file, or obtain releases, termination statements, assignments, consents, or other instruments to effectuate, consummate and/or implement the provisions hereof, all liens, claims, encumbrances, and other interests (other than those expressly assumed by the Purchaser or permitted to survive under the Sales Contract) on or against such Property, if any, shall be deemed released, discharged, and terminated.

29.     From time to time, as and when requested by any Party, each Party to the Sales Contract shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the Sale Transaction, including such actions as may be necessary to vest, perfect, or confirm, of record or otherwise, in Purchaser its right, title, and interest in and to the Property.

30.     Notwithstanding the provisions of Bankruptcy Rule 6004(h) and 6006(d), this Order shall be effective and enforceable immediately and shall not be stayed. Time is of the essence in closing the Sale Transaction and the Trustee and the Purchaser intend to close the Sale

000061                                     6170200061304

Transaction as soon as practicable. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being dismissed as moot.

31.     The Trustee is authorized to pay the closing costs set forth on **Exhibit 2** attached hereto at the closing of the Sale Transaction.

32.     In the event this Order is subject to Appeal, and as a result of such Appeal, the Sale Transaction is thereafter unwound and title to the Property is divested from Purchaser and/or re-vested in the Sellers (such resulting divestiture, a "*Divestiture*"),  Purchaser shall be entitled to a full and immediate refund of the Purchase Price from Sellers in cash, in proportionate share to their respective ownership interests (Smith's 90% refund obligation, the "*Smith Refund Obligation*"; Reed's 10% refund obligation, the "*Reed Refund Obligation*," and together with the Smith Refund Obligation, the "*Refund Obligations*"). The Smith Refund Obligation shall be fully secured by a priming, first priority lien on the Smith estate's interest in the Property, which shall be deemed to automatically arise upon the triggering of the Smith Refund Obligation. The Reed Refund Obligation shall be secured by a priming, first priority lien on Reed's interest in the Property, which shall be deemed to automatically arise upon the triggering of the Reed Refund Obligation. Sellers shall discharge the Refund Obligations fully and finally within 60 days following the entry of a final, non-appealable order providing for the Divestiture of the Property. Should the Sellers not timely, fully and finally discharge the Refund Obligations, then the Purchaser may seek an order of this Court judicially foreclosing their priming liens, and/or pursue a non-judicial foreclosure in accordance with the terms of the then current Texas State Bar form of deed of trust, which will be deemed incorporated into this Order to govern the priming liens (with the right of the Purchaser to appoint substitute trustees). A copy of this Order shall be recorded in the real property records of the County in which the Property is

000061      61702000061304

located; if an Appeal is filed, but the Appeal (including any subsequent Appeals of the same subject matter) is dismissed or denied or the sale authorized by this Order is affirmed or otherwise unaffected by said Appeal(s) on account of paragraph 16 of this Order and the Property is thus not subject to Divestiture, then the Sellers may record an affidavit so stating. Nothing in this Order or as to this specific provision of this Order shall be considered to affect paragraph 16 of this Order nor be in any way considered with regard to any determination of what is required to secure a stay pending appeal, if a stay pending appeal is sought by any objecting party.

33.    This Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Sales Contract, all amendments thereto, and any waivers and consents thereunder, and each of the agreements executed in connection therewith, including, but not limited to, retaining jurisdiction to (i) compel delivery of the Property to the Purchaser; (ii) interpret, implement, and enforce the provisions of this Order and the Sales Contract; (iii) adjudicate, if necessary, any and all disputes arising out of, concerning, or otherwise relating in any way to the Sale Transaction; and (iv) protect the Purchaser against any Liens, encumbrances, claims, and interests in the Property of any kind or nature whatsoever.

# # #

ORDER SUBMITTED BY:
Waller Lansden Dortch & Davis LLP
Morris D. Weiss
State Bar No. 21110850
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
morris.weiss@wallerlaw.com
COUNSEL FOR TRUSTEE

040122-15051/4858-6200-9616.10                                    Page 19

# EXHIBIT A

## Sales Contract

000061          61702000061313

# NOTICE OF APPEAL

# EXHIBIT B

**The relief described hereinbelow is SO ORDERED.**

**Signed April 26, 2022.**

_____
Ronald B. King
United States Bankruptcy Judge

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH, | § | CASE NO. 21-60162-RBK |
| | § | |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK |
| | § | |
| DEBTORS. | § | (JOINTLY ADMINISTERED UNDER |
| | § | CASE NO. 21-60162-RBK) |

### ORDER (I) AUTHORIZING THE CHAPTER 11 TRUSTEE TO EXECUTE CERTAIN DOCUMENTS, PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE FEDERAL RULE OF CIVIL PROCEDURE 70, MADE APPLICABLE TO THIS PROCEEDING THROUGH FEDERAL RULE OF BANKRUPTCY PROCEDURE 7070

CAME ON FOR HEARING (the "**Hearing**") the _Trustee's Motion for Entry of Order: Authorizing the Chapter 11 Trustee to Execute Certain Documents Pursuant to Sections 105 and 363 of the Bankruptcy Code and Federal Rule of Civil Procedure 70, Made Applicable to this Proceeding through Federal Rule of Bankruptcy Procedure 7070_ (the "**Motion**"), filed in the

040122-15051/4894-3691-8301.1

Page 1

000061                                    61702000061115

above styled and numbered jointly administered Chapter 11 case[1] (the "**Bankruptcy Cases**") by Gregory S. Milligan, in his capacity as Chapter 11 Trustee for the estates of Daryl Greg Smith ("**Smith**") and Canadian River Ranch, LLC ("**CCR**", with Smith, the "**Debtors**"), the debtors herein.

Based upon the evidence at said Hearing, the Court makes the following findings of fact and conclusions of law[2]:

1.      On April 9, 2021, the Debtors filed their voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), thereby creating their respective bankruptcy estates and initiating the Bankruptcy Cases. Smith's bankruptcy estate is defined hereby as the "**Smith Estate**" and CCR's bankruptcy estate is defined as the "**CCR Estate**". The Smith Estate and the CCR Estate are collectively referred to as the "**Estates**".

2.      On June 29, 2021, an order was entered approving the appointment of Gregory S. Milligan as Chapter 11 Trustee (the "**Trustee**") for the Estates. The Trustee has the duties set forth in sections 1106 and 1108 of the Bankruptcy Code.

3.      Caddoa Creek Ranch, LLC ("**Caddoa**") is a Colorado limited liability company, 90% owned by Smith and 10% owned by Darren Keith Reed ("**Reed**").

4.      On or about July 9, 2021, the Trustee filed his *Trustee's Expedited Motion for Entry of Order: (I) Authorizing Assumption of Solar Lease; (II) Authorizing Entry into Lease Amendment; (III) Providing Protections for Lessee; and (IV) Authorizing the Chapter 11 Trustee to Execute Certain Documents Pursuant to Federal Rule of Civil Procedure 70, Made Applicable*

---

[1] The Motion was filed in both the main bankruptcy case and Adversary Proceeding No. 21-06007-rbk, *Daryl Greg Smith and Canadian River Ranch, LLC v. Stanley W. Wright and Karen Annette Smith* (the "**Adversary Proceeding**").
[2] The findings and conclusions set forth herein and in the record of the Hearing constitute the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

000061    6170200061115

to this Proceeding through *Federal Rule of Bankruptcy Procedure 7070* [Doc. 116[3]] (the "**Solar Motion**") in order to request approval of the execution and delivery of corrective instruments primarily related to the approximately 1,200-acre parcel in Bosque County related to the solar lease that was the subject of the Solar Motion (the "**Solar Tract**").

5.   On or about July 15, 2021, this Court entered that certain *Order (I) Approving Assumption of Solar Lease; (II) Authorizing Entry into Lease Amendment; (III) Providing Protections for Lessee; and (IV) Authorizing the Chapter 11 Trustee to Execute Certain Documents Pursuant to Federal Rule of Civil Procedure 70, Made Applicable to This Proceeding Through Federal Rule of Bankruptcy Procedure 7070* [Doc. 128[4]] (the "**Solar Order**"), pursuant to which the Court authorized the Trustee to assume the Amended Lease and approved the Lease Amendment[5] related to the Solar Tract. The special warranty deed approved by the Court in the Solar Order (the "**Prior Corrective Deed**") included the legal description for separate 913 acre tract in Bosque County (the "**913 Acre Tract**"); however, the 913 Acre Tract was not specifically referenced in the Solar Motion or the Solar Order.

6.   The Court has approved a sales procedure[6] related to the 913 Acre Tract. Thomas Title & Escrow (the "**Title Company**") has provided a title commitment related to the 913 Acre Tract and, in order to provide a title policy that reflects good, clean, marketable title, requested that the Trustee obtain an order authorizing the execution and delivery of a corrective deed to make

---

[3] Doc. 19 in the Adversary Proceeding. Trustee filed the Solar Motion in the bankruptcy case [Doc. 111] and in the Adversary Proceeding on July 9, 2021. Pursuant to the clerk's request, the Trustee withdrew and then re-filed the Solar Motion in the bankruptcy case on July 12, 2021 with a modified caption.
[4] Doc. 31 in the Adversary Proceeding.
[5] The Amended Lease and Lease Amendment are defined in the Solar Motion.
[6] See *Order Approving (A) Bid Procedures, Including Approval of Stalking Horse Bidder, and (B) Notice of Auction and Sale Hearing, and (C) Related Relief* [Doc. 341] (the "**Bid Procedures Order**").

000061   6170200061124

it clear that (a) the Trustee has authority to sell the 913 Acre Tract, and (b) Caddoa no longer has any interest in the 913 Acre Tract.

7. Accordingly, the Title Company has concluded that it is more prudent for this Court to authorize the delivery and execution of a further corrective deed substantially in the form attached to this Order as Exhibit A (the "**Revised Deed**"[7]).

8. The Trustee sought the relief in both the main case (related to the sale of property pursuant to the Bid Procedures Order) and the Adversary Proceeding (related to title issues). Accordingly, the Trustee seeks authority to execute and deliver the Revised Deed.

9. The Court has jurisdiction over the Motion and all matters in this Order under 28 U.S.C. § 1334. Such jurisdiction is core under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Cases before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

10. Due, sufficient, and proper notice of the Motion and of the Hearing thereon was provided by the Trustee to all parties with an interest in the Motion and this Order. Cause exists to grant all relief provided for in this Order, and such relief is in the best interests of the Estates. Any factual predicates for granting any such relief have been satisfied.

11. The Court has exclusive *in rem* jurisdiction over the 913 Acre Tract under 28 U.S.C. § 1334(e), including to make all findings of fact and conclusions of law, and to cause this Order to be recorded against the 913 Acre Tract and to be enforceable against the same both *in rem* and *in personam* as against all parties. The Court has the authority to enter this Order pursuant to 11 U.S.C. §§ 105(a), 363, 365, and 543, and Rule 70 of the Federal Rules of Civil Procedure made applicable by Bankruptcy Rule 7070.

---

[7] The Trustee reserves the right in consultation with the Title Company and Tango Lima Land, LP ("**TL**") to modify the Revised Deed.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, DECREED, and DETERMINED :

That the Motion is GRANTED as set forth herein;

### I. Revised Deed

A.     The Trustee, pursuant to sections 363 and 105 of the Bankruptcy Code and Rule 70 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7070, is authorized and directed to deliver and execute the Revised Deed attached hereto as **Exhibit A**.

### II. Miscellaneous

B.     **Effectiveness of All Actions.** All actions contemplated by this Order are hereby authorized to be taken without further application to or order of the Court.

C.     **Approval of Corrective Document**. The Bankruptcy Court approves the Revised Deed as may be revised with the consent of the Trustee and TL.  The Trustee shall have no personal liability for executing the Revised Deed. The Trustee is authorized to execute and deliver such other documents as the purchaser of the 913 Acre Tract or the Title Company may deem necessary, and shall perform, execute, and deliver or cause to be delivered and undertake any and all further acts, deeds, and assurances as may reasonably be required to provide that good, clean and marketable title to the 913 Acre Tract being conveyed.

D.     **Effect of Conflict**. The provisions of the Revised Deed and this Order shall be construed in a manner consistent with each other so as to effect the purpose of each; *provided, however*, that if there is determined to be any inconsistency between any provision of the Revised Deed and any provision of this Order that cannot be so reconciled, then solely to the extent of such inconsistency, the provisions of this Order shall govern and any provision of this Order shall be deemed a modification of the Revised Deed and shall control and take precedence. The provisions of this Order are integrated with each other and are non-severable and mutually dependent.

E.     The order authorizes the use, sale or lease of property and this order shall be immediately effective upon entry and shall not be stayed pursuant to Bankruptcy Rule 6004(h).

F.     This Court shall retain jurisdiction to the maximum extent possible to interpret and to enforce this Order.

G.     The provisions of this Order shall be binding upon and inure to the benefit of the Debtors, the Trustee and all parties in interest, and all creditors, and each of their respective successors and assigns (including any trustee or other fiduciary hereinafter appointed as a legal representative of the Debtors or with respect to the property of the estates of the Debtors) whether in the Bankruptcy Cases or upon conversion or dismissal of any such chapter 11 or chapter 7 case.

###

APPROVED AS TO FORM AND CONTENT, AND ENTRY REQUESTED BY:

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s/ *Morris D. Weiss*
Morris D. Weiss
Texas Bar No. 21110850
William R. "Trip" Nix, III
Texas Bar No. 24092902
100 Congress Ave., Suite 1800
Austin, Texas 78701
Telephone: (512) 685-6400
Facsimile: (512) 685-6417
Email: morris.weiss@wallerlaw.com
      trip.nix@wallerlaw.com

ATTORNEYS FOR GREGORY S. MILLIGAN,
CHAPTER 11 TRUSTEE

000061     6170200061133

# NOTICE OF APPEAL

# EXHIBIT C

The relief described hereinbelow is SO ORDERED.

Signed April 26, 2022.

_____
Ronald B. King
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |

| | | |
|---|---|---|
| DARYL GREG SMITH and, | § | |
| CANADIAN RIVER RANCH, LLC | § | |
|     Plaintiffs | § | |
| | § | |
| v. | § | Adv. No. 21-06007 |
| | § | |
| STANLEY W. WRIGHT and | § | |
| KAREN ANNETTE SMITH | § | |
|     Defendants | § | |

**ORDER (I) AUTHORIZING THE CHAPTER 11 TRUSTEE TO EXECUTE
CERTAIN DOCUMENTS, PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE FEDERAL RULE OF CIVIL PROCEDURE 70,
MADE APPLICABLE TO THIS PROCEEDING THROUGH
FEDERAL RULE OF BANKRUPTCY PROCEDURE 7070**

CAME ON FOR HEARING (the "**Hearing**") the *Trustee's Motion for Entry of Order:*

*Authorizing the Chapter 11 Trustee to Execute Certain Documents Pursuant to Sections 105 and*

040122-15051/4894-3691-8301.1

6170200061016

363 of the Bankruptcy Code and Federal Rule of Civil Procedure 70, Made Applicable to this Proceeding through Federal Rule of Bankruptcy Procedure 7070 (the "**Motion**"), filed in the above styled and numbered jointly administered Chapter 11 case[1] (the "**Bankruptcy Cases**") by Gregory S. Milligan, in his capacity as Chapter 11 Trustee for the estates of Daryl Greg Smith ("**Smith**") and Canadian River Ranch, LLC ("**CCR**", with Smith, the "**Debtors**"), the debtors herein.

Based upon the evidence at said Hearing, the Court makes the following findings of fact and conclusions of law[2]:

1. On April 9, 2021, the Debtors filed their voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), thereby creating their respective bankruptcy estates and initiating the Bankruptcy Cases. Smith's bankruptcy estate is defined hereby as the "**Smith Estate**" and CCR's bankruptcy estate is defined as the "**CCR Estate**". The Smith Estate and the CCR Estate are collectively referred to as the "**Estates**".

2. On June 29, 2021, an order was entered approving the appointment of Gregory S. Milligan as Chapter 11 Trustee (the "**Trustee**") for the Estates. The Trustee has the duties set forth in sections 1106 and 1108 of the Bankruptcy Code.

3. Caddoa Creek Ranch, LLC ("**Caddoa**") is a Colorado limited liability company, 90% owned by Smith and 10% owned by Darren Keith Reed ("**Reed**").

4. On or about July 9, 2021, the Trustee filed his *Trustee's Expedited Motion for Entry of Order: (I) Authorizing Assumption of Solar Lease; (II) Authorizing Entry into Lease*

---

[1] The Motion was filed in both the main bankruptcy case and Adversary Proceeding No. 21-06007-rbk, *Daryl Greg Smith and Canadian River Ranch, LLC v. Stanley W. Wright and Karen Annette Smith* (the "**Adversary Proceeding**").
[2] The findings and conclusions set forth herein and in the record of the Hearing constitute the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

040122-15051/4894-3691-8301.1

000061    6170200006101016

*Amendment; (III) Providing Protections for Lessee; and (IV) Authorizing the Chapter 11 Trustee to Execute Certain Documents Pursuant to Federal Rule of Civil Procedure 70, Made Applicable to this Proceeding through Federal Rule of Bankruptcy Procedure 7070* [Doc. 116[3]] (the "**Solar Motion**") in order to request approval of the execution and delivery of corrective instruments primarily related to the approximately 1,200-acre parcel in Bosque County related to the solar lease that was the subject of the Solar Motion (the "**Solar Tract**").

5.      On or about July 15, 2021, this Court entered that certain *Order (I) Approving Assumption of Solar Lease; (II) Authorizing Entry into Lease Amendment; (III) Providing Protections for Lessee; and (IV) Authorizing the Chapter 11 Trustee to Execute Certain Documents Pursuant to Federal Rule of Civil Procedure 70, Made Applicable to This Proceeding Through Federal Rule of Bankruptcy Procedure 7070* [Doc. 128[4]] (the "**Solar Order**"), pursuant to which the Court authorized the Trustee to assume the Amended Lease and approved the Lease Amendment[5] related to the Solar Tract. The special warranty deed approved by the Court in the Solar Order (the "**Prior Corrective Deed**") included the legal description for separate 913 acre tract in Bosque County (the "**913 Acre Tract**"); however, the 913 Acre Tract was not specifically referenced in the Solar Motion or the Solar Order.

6.      The Court has approved a sales procedure[6] related to the 913 Acre Tract. Thomas Title & Escrow (the "**Title Company**") has provided a title commitment related to the 913 Acre Tract and, in order to provide a title policy that reflects good, clean, marketable title, requested that the Trustee obtain an order authorizing the execution and delivery of a corrective deed to make

---

[3] Doc. 19 in the Adversary Proceeding. Trustee filed the Solar Motion in the bankruptcy case [Doc. 111] and in the Adversary Proceeding on July 9, 2021. Pursuant to the clerk's request, the Trustee withdrew and then re-filed the Solar Motion in the bankruptcy case on July 12, 2021 with a modified caption.

[4] Doc. 31 in the Adversary Proceeding.

[5] The Amended Lease and Lease Amendment are defined in the Solar Motion.

[6] See *Order Approving (A) Bid Procedures, Including Approval of Stalking Horse Bidder, and (B) Notice of Auction and Sale Hearing, and (C) Related Relief* [Doc. 341] (the "**Bid Procedures Order**").

040122-15051/4894-3691-8301.1

*it clear that (a) the Trustee has authority to sell the 913 Acre Tract, and (b) Caddoa no longer has* any interest in the 913 Acre Tract.

7.     Accordingly, the Title Company has concluded that it is more prudent for this Court to authorize the delivery and execution of a further corrective deed substantially in the form attached to this Order as Exhibit A (the "**Revised Deed**[7]").

8.     The Trustee sought the relief in both the main case (related to the sale of property pursuant to the Bid Procedures Order) and the Adversary Proceeding (related to title issues). *Accordingly, the Trustee seeks authority to execute and deliver the Revised Deed.*

9.     The Court has jurisdiction over the Motion and all matters in this Order under 28 U.S.C. § 1334. Such jurisdiction is core under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Cases before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

10.     Due, sufficient, and proper notice of the Motion and of the Hearing thereon was provided by the Trustee to all parties with an interest in the Motion and this Order. Cause exists to grant all relief provided for in this Order, and such relief is in the best interests of the Estates. Any factual predicates for granting any such relief have been satisfied.

11.     The Court has exclusive *in rem* jurisdiction over the 913 Acre Tract under 28 U.S.C. § 1334(e), including to make all findings of fact and conclusions of law, and to cause this Order to be recorded against the 913 Acre Tract and to be enforceable against the same both *in rem* and *in personam* as against all parties. The Court has the authority to enter this Order pursuant to 11 U.S.C. §§ 105(a), 363, 365, and 543, and Rule 70 of the Federal Rules of Civil Procedure made applicable by Bankruptcy Rule 7070.

---

[7] The Trustee reserves the right in consultation with the Title Company and Tango Lima Land, LP ("**TL**") to modify the Revised Deed.

040122-15051/4894-3691-8301.1

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, DECREED, and DETERMINED :

That the Motion is GRANTED as set forth herein;

**I. Revised Deed**

A.     The Trustee, pursuant to sections 363 and 105 of the Bankruptcy Code and Rule 70 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7070, is authorized and directed to deliver and execute the Revised Deed attached hereto as **Exhibit A**.

**II. Miscellaneous**

B.     **Effectiveness of All Actions.** All actions contemplated by this Order are hereby authorized to be taken without further application to or order of the Court.

C.     **Approval of Corrective Document.** The Bankruptcy Court approves the Revised Deed as may be revised with the consent of the Trustee and TL. The Trustee shall have no personal liability for executing the Revised Deed. The Trustee is authorized to execute and deliver such other documents as the purchaser of the 913 Acre Tract or the Title Company may deem necessary, and shall perform, execute, and deliver or cause to be delivered and undertake any and all further acts, deeds, and assurances as may reasonably be required to provide that good, clean and marketable title to the 913 Acre Tract being conveyed.

D.     **Effect of Conflict.** The provisions of the Revised Deed and this Order shall be construed in a manner consistent with each other so as to effect the purpose of each; *provided, however*, that if there is determined to be any inconsistency between any provision of the Revised Deed and any provision of this Order that cannot be so reconciled, then solely to the extent of such inconsistency, the provisions of this Order shall govern and any provision of this Order shall be deemed a modification of the Revised Deed and shall control and take precedence. The provisions of this Order are integrated with each other and are non-severable and mutually dependent.

040122-15051/4894-3691-8301.1

E.      The order authorizes the use, sale or lease of property and this order shall be

immediately effective upon entry and shall not be stayed pursuant to Bankruptcy Rule 6004(h).

F.      This Court shall retain jurisdiction to the maximum extent possible to interpret and

to enforce this Order.

G.      The provisions of this Order shall be binding upon and inure to the benefit of the

Debtors, the Trustee and all parties in interest, and all creditors, and each of their respective

successors and assigns (including any trustee or other fiduciary hereinafter appointed as a legal

representative of the Debtors or with respect to the property of the estates of the Debtors) whether

in the Bankruptcy Cases or upon conversion or dismissal of any such chapter 11 or chapter 7 case.

### 

APPROVED AS TO FORM AND CONTENT, AND ENTRY REQUESTED BY:

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s/ *Morris D. Weiss*
Morris D. Weiss
Texas Bar No. 21110850
William R. "Trip" Nix, III
Texas Bar No. 24092902
100 Congress Ave., Suite 1800
Austin, Texas 78701
Telephone: (512) 685-6400
Facsimile: (512) 685-6417
Email: morris.weiss@wallerlaw.com
        trip.nix@wallerlaw.com

ATTORNEYS FOR GREGORY S. MILLIGAN,
CHAPTER 11 TRUSTEE