UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

**FIRST AND FINAL FEE APPLICATION OF O'CONNELL LAW PLLC,
SPECIAL COUNSEL TO CHAPTER 11 TRUSTEE,
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED**

> **This pleading requests relief that may be adverse to your interests.**
>
> **If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**
>
> **A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE RONALD B. KING,
UNITED STATES BANKRUPTCY JUDGE:

The Firm of O'Connell Law PLLC ("**O'Connell**" or "**Applicant**"), special counsel to Gregory S. Milligan (the "**Trustee**"), chapter 11 trustee in the above-captioned bankruptcy cases, submits its First and Final Application for Allowance of Compensation for Services Rendered and Reimbursement for Expenses Incurred ("**Application**") and hereby requests: (i) final approval of fees earned in the amount of $9,440.00; and (ii) authority to receive payment for such amount from the Trustee. As detailed herein and summarized in the Fee Application Summary, submitted pursuant to Rule 2016(a)(1) of the Local Bankruptcy Rules and attached hereto as **Exhibit A**, O'Connell has expended 23.6 hours in this representation of the Trustee, at an average hourly rate

of $400.00 in representation of the Trustee during the Application Period (as defined below). In support thereof, O'Connell respectfully states and represents:

## NARRATIVE SUMMARY

1.      Daryl Greg Smith ("**Smith**") and Canadian River Ranch, LLC (together with Smith, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code  (the "**Bankruptcy Code**") on April 9, 2021 (the "**Petition Date**").

2.      On May 18, 2021, the Court ordered that the Debtors' cases (the "**Chapter 11 Cases**") be jointly administered. *See* Order Granting Debtors' Motion for Joint Administration [Doc. 29].

3.      On June 29, 2021, the United States Trustee requested appointment of the Trustee in this matter, and the Court approved such appointment. *See* Order Approving Appointment of Gregory S. Milligan as Chapter 11 Trustee [Doc. 91].

4.      The Court approved the retention of the law firm of O'Connell as special counsel for the Trustee in this case effective as of February 21, 2022, by an order entered March 23, 2022 [Doc. 380] (the "**Retention Order**").

5.      O'Connell did not receive a retainer for this matter.

6.      Pursuant to the Retention Order and Local Rules, O'Connell has served as the Trustee's special counsel with all fees and expenses subject to Bankruptcy Court approval. As stated above, the Fee Application Summary required by Rule 2016(a)(1) of the Local Bankruptcy Rules is attached hereto as **Exhibit A**.

7.      For O'Connell's representation of the Trustee, the Application requests fees on an overall blended hourly rate of $400.00. Specifically, the professionals and paraprofessionals

involved in the representation and their hourly rates for bankruptcy and non-bankruptcy representations are listed below:

| PROFESSIONAL/ PARAPROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| Stephen B. O'Connell | Partner | $400 | 23.6 | $9,440.00 |
| **TOTAL** | | | **23.6** | **$9,440.00** |

8.     No prior applications for compensation or reimbursement of expenses have been made by O'Connell.

9.     The Trustee and his representatives have reviewed the invoice requesting fees and have approved the amounts requested herein.

10.     This Application covers the period from February 21, 2022 through April 4, 2022 (the "**Application Period**").[1]

11.     The Compensation Support Exhibit and Reimbursement Support Exhibit required by Rule 2016(a)(2) and (3) of the Local Bankruptcy Rules is given in the form of detailed time entries for O'Connell, attached hereto as **Exhibit B**.

## CASE STATUS

12.     This Application constitutes O'Connell's first and final fee application for services rendered in the Chapter 11 Cases during the Application Period, from the retention of O'Connell on February 21, 2022 through April 4, 2022.  O'Connell was retained by the Trustee for the limited purpose of analyzing and providing an opinion on the fee mineral estate of certain property owned by the Debtors in connection with the sale of such property (the "**Property**").

---

[1]  The Application does not request approval of fees or expenses incurred after that date at this time.

## SERVICES RENDERED BY APPLICANT

13. O'Connell's detailed time entries for the Application Period are attached hereto as **Exhibit B**. O'Connell has expended a total of 23.6 hours, totaling fees in the amount of $9,440.00.

## EXPENSES INCURRED BY O'CONNELL

14. O'Connell did not incur any expenses related to its representation of the Trustee during the Application Period.

## LEGAL STANDARDS

15. Pursuant to section 330 of the Bankruptcy Code, this Court may award to professional persons employed under section 327 reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses incurred.

16. The Fifth Circuit has "made clear that the lodestar, *Johnson* factors, and § 330 [of the Bankruptcy Code] coalesce[ ] to form the framework that regulates the compensation of professionals employed by the bankruptcy estate." *In re Pilgrim's Pride*, 690 F.3d 650, 656 (5th Cir. 2012); *see e.g. Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974).

17. "Under this framework, bankruptcy courts must first calculate the amount of the lodestar." *Pilgrim's Pride*, 690 F.3d at 656. To apply the lodestar approach, the Court determines a reasonable attorney fee in a case by multiplying the number of hours expended by an hourly rate. *Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*, 478 U.S. 456 (1987).

18. After calculating the lodestar, the Court "then may adjust the lodestar up or down based on the factors contained in § 330 and [its] consideration of the twelve factors listed in *Johnson*." *Pilgrim's Pride*, 690 F.3d at 656 (quoting *In re Cahill*, 428 F.3d 536, 540 (5th Cir. 2005)).

19.     Section 330 of the Bankruptcy Code instructs the Court to "tak[e] into account all relevant factors", including—

a.      The time spent on such services;

b.      The rates charged for such services;

c.      Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

d.      Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

e.      With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

f.      Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Pilgrim's Pride*, 690 F.3d at 655-56 (quoting 11 U.S.C. § 330(a)(3)).

20.     The twelve *Johnson* factors include the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal service properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or circumstances; the amount involved and the results obtained; the experience, reputation and ability of the attorneys; the undesirability of the case; the nature and length of the profession of relationship with the client; and awards in similar cases. *See Johnson,* 488 F.2d at 717-19.

21.     Further, the Fifth Circuit has clarified that section 330 of the Bankruptcy Code "explicitly contemplates compensation for attorneys whose services were reasonable when rendered but which ultimately may fail to produce an actual, material benefit." *In re Woerner*, 783

F.3d 266, 274 (5th Cir. 2015). Accordingly, whether the services rendered were reasonable or necessary must be considered as of the time such services were rendered and not assessed post-hoc with the advantage of hindsight.

22.     Under each of the guidelines, O'Connell submits the fees requested herein are fair and reasonable.

## APPLICATION OF GUIDELINES

23.     As required by the first step of the two-step analysis imposed by section 330(a)(1) analysis, all services rendered in this case by O'Connell were necessary and appropriate. The actions taken by O'Connell were essential to preserving the value of the assets for the estate for the benefit of all creditors.

24.     Likewise with respect to the second step of the analysis, the compensation sought by O'Connell is competitive. O'Connell committed the expertise of partner Stephen B. O'Connell who, during the Application Period, worked closely with the Trustee to control fees and expenses related to these bankruptcy proceedings. Because Stephen B. O'Connell is the only attorney at O'Connell who worked on this project, the issues in this bankruptcy case have been addressed promptly, properly and with no duplication.

25.     Under the lodestar method, in aggregate, O'Connell rendered 23.6 hours of service at an overall blended hourly rate of $400.00. O'Connell has ensured that time was spent efficiently and efforts were not duplicated.

26.     The twelve *Johnson* factors also support approval of the fees requested in this case.

a.     <u>Time and Labor Required</u>.  O'Connell expended 23.6 hours to represent the Trustee in the Application Period.  Because Stephen B. O'Connell is the only attorney that worked

on this project, O'Connell's retention avoided any overlap and layering of attorneys, thereby avoiding any duplicative costs.

> b. <u>Novelty and Difficulty of the Questions</u>.  Representation of the Trustee and the nature of this bankruptcy case involved attempting to navigate complex issues of mineral, oil, and property law. Because Texas title companies do not opine on mineral law, O'Connell was instrumental in providing advice and guidance on the mineral estates of the Property that were not otherwise available.

> c. <u>Skill Required</u>.  This project required a high amount of skill because of the specialized nature of the issues at hand, and the numerous real property related issues. O'Connell was employed specifically for its specialized skills in providing legal advice and interpretation of the fee mineral estate of the Property.

> d. <u>Preclusion of Other Employment</u>.  This representation has not caused significant dislocation or preclusion of other employment by O'Connell.

> e. <u>Customary Fee</u>.  If this case were not one under the Bankruptcy Code, O'Connell would charge the Trustee, and expect to receive on a current basis, an amount at least equal to the amounts herein requested for the professional services rendered. O'Connell represents and would demonstrate that the fees are competitive for this region and customary for the degree of skill and expertise required in the representation of the Trustee by other experienced professionals in this district.

> f. <u>Fixed or Contingent Fee</u>.  O'Connell accepted this representation on an hourly basis approved by the Bankruptcy Court. Collection of all amounts are, by their nature, contingent on the ability of the Trustee to pay.

> g. <u>Time Limitations</u>.  Time limitation was not a significant factor.

h.    <u>Amounts and Results</u>.  O'Connell assisted the Trustee in opining on the mineral estate rights of the Property, where such advice was not otherwise available. O'Connell's representation provided valuable information used to preserve and maximize the value of the Property to the estate.

i.    <u>Experience, Reputation and Ability</u>.  Stephen B. O'Connell is highly experienced in the examination of mineral rights. O'Connell enjoys a reputation as providing quality legal services without inefficiencies and duplications which occasionally occur in representations by larger, full service firms.

j.    <u>Undesirability of the Case</u>.  There are no particular undesirable features of this case.

k.    <u>Relationship with Client</u>.  Prior to the retention of O'Connell by the Trustee, O'Connell (or its attorneys while employed by another firm) had represented Mr. Milligan, Harney Partners and/or other partners in Harney Partners in other matters unrelated to these Debtors, or had otherwise been involved in cases in which Mr. Milligan, Harney Partners or other partners in Harney Partners were employed in other matters unrelated to these Debtors. The Trustee chose O'Connell because of its reputation in matters of this type.

l.    <u>Awards in Similar Cases</u>.  The compensation sought by O'Connell is this case is the commensurate with the rates sought by professionals in other cases in this district.

*[Remainder of page left intentionally blank]*

## CONCLUSION

For the foregoing reasons, O'Connell requests approval of the fees and expenses as set forth above.

DATED:     May 17 , 2022
             Austin, Texas

Respectfully submitted,

By:    */s/ Stephen B. O'Connell*
     Stephen B. O'Connell
     O'Connell Law PLLC
     711 West Seventh Street
     Austin, TX 78701
     Telephone: (512) 327-4028
     Email: soconnell@sbolaw.net

SPECIAL COUNSEL TO GREGORY S. MILLIGAN, CHAPTER 11 TRUSTEE

WALLER LANSDEN DORTCH & DAVIS, LLP

By: */s/ Morris D. Weiss*
     Morris D. Weiss
     Texas Bar No. 21110850
     Courtney K. Stone
     Texas Bar No. 24093208
     100 Congress Ave., Suite 1800
     Austin, Texas 78701
     Telephone: (512) 685-6400
     Facsimile: (512) 685-6417
     Email:    morris.weiss@wallerlaw.com
               courtney.stone@wallerlaw.com

COUNSEL TO GREGORY S. MILLIGAN, CHAPTER 11 TRUSTEE

**CERTIFICATION PURSUANT TO UNIFORM RULES, EXHIBIT H, SECTION I.G**

I hereby certify that I have (1) read this Application; (2) to the best of my knowledge, information and belief, the compensation and expense reimbursement sought is in conformity with the Guidelines for Compensation and Expense Reimbursement for Professionals, except as may be specifically noted in the Application; and (3) the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by the Applicant and generally accepted by the Applicant's clients.

By: */s/ Stephen B. O'Connell*
Stephen B. O'Connell

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing Application has been served by the Court's ECF e-filing notification on all parties on the attached service list on May 17, 2022. The Fee Application Summary, attached hereto as **<u>Exhibit A</u>**, has been served on all parties on the service list attached thereto as specified in its Certificate of Service.

*/s/ Morris D. Weiss*
Morris D. Weiss

## SERVICE LIST - ECF PARTIES ONLY

**Debtors (via email)**
Daryl Greg Smith
Canadian River Ranch, LLC
5826 Cooksey Lane
Waco, TX 76706
Dsmith1114@gmail.com

**United States Trustee**
Gary W. Wright & Shane P. Tobin
Office of the United States Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701

**Chapter 11 Trustee**
Gregory S. Milligan
3800 N. Lamar Blvd., Suite 200
Austin, Texas 78756

**Parties Requesting Service**
Eboney Cobb
Perdue, Brandon, Fielder, Collins & Mott
500 E. Border Street, Suite 640
Arlington, TX 76010

Mark Cochran
c/o Mark B. French
1901 Central Drive, Ste. 704
Bedford, TX 76021

Edwin Paul Keiffer
Rochelle McCullough, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201

Jason M. Rudd and Scott Lawrence
Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 500
Dallas, TX 75204

Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P. O. Box 1269
Round Rock, TX 78680

Griffith, Jay & Michel, LLP
c/o Mark J. Petrocchi
2200 Forest Park Blvd.
Fort Worth, TX 76110

Steve Stasio
Stasio & Stasio, P.C.
303 Main Street, Suite 302
Fort Worth, Texas 76102

Marc W. Taubenfeld
McGuire, Craddock & Strother, P.C.
500 N. Akard Street, Suite 2200
Dallas, TX 75201

David G. Tekell
Tekell & Tekell, LLP
400 Austin Avenue, Suite 1000
Waco, TX 76701

Ruben Rene Escobedo
6800 Park Ten Blvd.
Suite 135-E
San Antonio, TX 78213

J. Michael McBride, Esq.
J. Michael McBride, P.C.
6420 Southwest Blvd., Ste. 112
Fort Worth, TX 76109

Ray Battaglia
Law Offices of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX 78218

William R. Davis, Jr.
David S. Gragg
Langley & Banack, Inc.
745 E. Mulberry, Suite 700
San Antonio, TX 78212

David Wise
Law Offices of David Wise
P.O. Box 1102
Friendswood, TX 77549

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

**SUMMARY FOR FIRST AND FINAL FEE APPLICATION OF
O'CONNELL LAW PLLC, SPECIAL COUNSEL TO CHAPTER 11 TRUSTEE, FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED**

**This pleading requests relief that may be adverse to your
interests.**

**If no timely response is filed within 21 days from the date of
service, the relief requested herein may be granted without a
hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE RONALD B. KING,
UNITED STATES BANKRUPTCY JUDGE:

The Firm of O'Connell Law PLLC ("**O'Connell**" or "**Applicant**"), special counsel to

Gregory S. Milligan (the "**Trustee**"), chapter 11 trustee in the above-captioned bankruptcy cases

(the "**Chapter 11 Cases**"), submits its Summary for its First and Final Application for Allowance

of Compensation for Services Rendered and Reimbursement for Expenses Incurred

("**Application**"). The following is a summary of the information detailed in the Application.

A.      **Client.** Gregory S. Milligan, Chapter 11 Trustee to the Debtors in these cases.

B.      **Requesting Applicant/Firm.** O'Connell is special counsel to the Trustee in the
Chapter 11 Cases.

C.    **Total Amount of Fees and Expenses Requested:**

Fees: $9,440.00

Expenses: $0.00

D.    **Pre-Petition Retainer:**

None.

E.    **Application Period**

February 21, 2022 through April 4, 2022

F.    **Timekeepers billing time to this representation are:**

| PROFESSIONAL/ PARAPROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| Stephen B. O'Connell | Partner | $400 | 23.6 | $9,440.00 |
| **TOTAL** | | | **23.6** | **$9,440.00** |

G.    **Minimum Fee Increments**: O'Connell bills time in tenth of hours.

H.    **Expenses**: O'Connell is not requesting reimbursement for any expenses.

I.    **Amount Allocated for Preparation of this Fee Application**: O'Connell has not requested fees incurred in drafting this Application.

J.    **Prior Applications.**  O'Connell has not filed any previous Applications in this case.

K.    **Other Co-equal or Administrative Claimants in this Case:**

a.    Munsch Hardt Kopf & Harr, P.C., counsel to the Debtors;

b.    Waller Lansden Dortch & Davis, LLP, counsel to the Trustee;

c.    HMP Advisory Holdings, LLC d/b/a Harney Partners, financial advisors to the Trustee;

d.    Weaver and Tidwell, L.L.P., as accountant and tax return preparer for the Trustee;

e.    Keen-Summit Capital Partners LLC, as real estate broker for the Trustee

f.    Land Doctors, Inc., as real estate broker for the Trustee

g.     Riley-McLean Land, LLC, as real estate broker for the Trustee

Allowance of O'Connell's Application will not result in the Debtors' estates not being able to pay all co-equal or superior administrative claims in this case.

L.     **Result Obtained.**  As detailed in the application, O'Connell assisted the Trustee in laying the necessary groundwork to protect and monetize the estates' assets by analyzing and providing an opinion on the fee mineral estate of certain properties owned by the Debtors in connection with the sale of such properties. O'Connell expended 23.6 hours, totaling fees in the amount of $9,440.00, in performing this work.

DATED:     May 17, 2022
          Austin, Texas

                                   Respectfully submitted,

                                   By:   */s/ Stephen B. O'Connell*
                                        Stephen B. O'Connell
                                        O'Connell Law PLLC
                                        711 West Seventh Street
                                        Austin, TX 78701
                                        Telephone: (512) 327-4028
                                        Email: soconnell@sbolaw.net

                                   SPECIAL COUNSEL TO GREGORY S.
                                   MILLIGAN, CHAPTER 11 TRUSTEE

                                   WALLER LANSDEN DORTCH & DAVIS, LLP

                                   By: */s/ Morris D. Weiss*
                                        Morris D. Weiss
                                        Texas Bar No. 21110850
                                        Courtney K. Stone
                                        Texas Bar No. 24093208
                                        100 Congress Ave., Suite 1800
                                        Austin, Texas 78701
                                        Telephone:  (512) 685-6400
                                        Facsimile:  (512) 685-6417
                                        Email:     morris.weiss@wallerlaw.com
                                                   courtney.stone@wallerlaw.com

                                   COUNSEL TO GREGORY S. MILLIGAN,
                                   CHAPTER 11 TRUSTEE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing document has been served upon all parties on the attached Service List either electronically (as an exhibit to the Application) on those parties receiving the Court's ECF service and/or by United States mail on May 17, 2022.

*/s/ Morris D. Weiss*
Morris D. Weiss

## LIMITED SERVICE LIST

**Debtors (via mail and email)**
Daryl Greg Smith
Canadian River Ranch, LLC
5826 Cooksey Lane
Waco, TX 76706
Dsmith1114@gmail.com

**Former Counsel to Debtors (via ECF)**
Thomas Daniel Berghman
Davor Rukavina
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Ste. 3800
Dallas, TX 75201

**United States Trustee (via ECF)**
Gary W. Wright & Shane P. Tobin
Office of the United States Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701

**Chapter 11 Trustee (via ECF)**
Gregory S. Milligan
3800 N. Lamar Blvd., Suite 200
Austin, Texas 78756

**Secured Creditors**
Farm Credit of Western Oklahoma
513 S. Mission St.
Anadarko, OK 73005

Farm Credit Of Western Oklahoma, ACA
Brian McEntire, VP/Branch Manager Tuttle
PO Box 790, 4955 Farm Credit Dr.
Tuttle, OK 73089

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Karen Annette Smith
700 Nettleton Dr.
Southlake, TX 76092

**20 Largest Unsecured Creditors (Combined)**
Bank of America
Attn: Bankruptcy Department
475 Cross Point Pkwy
P. O. Box 9000
Getzville, NY 14068

Boomer State Outdoors, LLC
12384 West 81st Street South
Sapulpa, OK 74066-8141

Catherine Aileen Smith
5826 Cooksey Lane
Waco, TX 76706

Central TX Radiological Associates, PA
3206 4th Street
Longview, TX 75695

City of Fort Worth
10000 Throckmorton Street
Fort Worth, TX 76102

Discover Bank
P. O. Box 385908
Minneapolis, MN 55438-5908

Dolcefino Consulting
3701 Kirby Dr., Suite 560
Houston, TX 77098

Griffith, Jay & Michel
2200 Forest Park Blvd.
Ft. Worth, TX 76110

Hanszen Laporte, LLP
14201 Memorial Drive
Houston, TX 77079

Hockley County Cattle Company, Inc.
P.O. Box 825
Levelland, TX 79336

Jessica L. Brown, PLLC
9450 SW Gemini Dr., #99088
Beaverton, OR 97008-7105

Law Offices of Elizabeth Parmer
309 W. 7th St., Ste 900
Ft. Worth, TX 76102

Lazy K Cattle Company, LLC
2956 Via Esperanza
Edmond, OK 73013

Lazy K. Cattle Company, LLC
Dylan Charles Edward
Rosell Law Group LLP
101 North Robinson Ave., Suite 700
Oklahoma City, OK 73102

North Texas Tollway Authority
PO Box 660244
Dallas, TX 75266

Providence Health Network
Frost-Arnett Company
PO Box 198988
Nashville, TN 37219

Stipe Law Firm
343 E Carl Albert Pkwy
Mcalester, OK 74501

Tekell & Tekell, LLP
400 Austin Avenue, Suite 1000
Waco, TX 76701

T-Mobile
Credence Resource Management LLC
17000 Dallas Pkwy., Ste 204
Dallas, TX 75248

**Parties Requesting Service**
**(via ECF)**
Eboney Cobb
Perdue, Brandon, Fielder, Collins & Mott
500 E. Border Street, Suite 640
Arlington, TX 76010

Mark Cochran
c/o Mark B. French
1901 Central Drive, Ste. 704
Bedford, TX 76021

Edwin Paul Keiffer
Rochelle McCullough, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201

Jason M. Rudd and Scott Lawrence
Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 500
Dallas, TX 75204

Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P. O. Box 1269
Round Rock, TX 78680

Griffith, Jay & Michel, LLP
c/o Mark J. Petrocchi
2200 Forest Park Blvd.
Fort Worth, TX 76110

Steve Stasio
Stasio & Stasio, P.C.
303 Main Street, Suite 302
Fort Worth, Texas 76102

Marc W. Taubenfeld
McGuire, Craddock & Strother, P.C.
500 N. Akard Street, Suite 2200
Dallas, TX 75201

David G. Tekell
Tekell & Tekell, LLP
400 Austin Avenue, Suite 1000
Waco, TX 76701

Ruben Rene Escobedo
6800 Park Ten Blvd.
Suite 135-E
San Antonio, TX 78213

J. Michael McBride, Esq.
J. Michael McBride, P.C.
6420 Southwest Blvd., Ste. 112
Fort Worth, TX 76109

Ray Battaglia
Law Offices of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX 78218

William R. Davis, Jr.
David S. Gragg
Langley & Banack, Inc.
745 E. Mulberry, Suite 700
San Antonio, TX 78212

David Wise
Law Offices of David Wise
P.O. Box 1102
Friendswood, TX 77549

# EXHIBIT B

# O'CONNELL LAW PLLC
### ATTORNEYS AND COUNSELORS
711 WEST SEVENTH STREET
AUSTIN, TEXAS 78701-2711
———

STEPHEN B. O'CONNELL
DIRECT TELEPHONE: (512) 327-4028
EMAIL: SOCONNELL@SBOLAW.NET

April 22, 2022

Mr. Gregory S. Milligan
Chapter 11 Trustee for Daryl Smith
c/o Haney Partners
8911 Capital of Texas Highway, Suite 2120
Austin, TX  78759

*Via Email: gmilligan@haneypartners.com*

> *Re:      Invoice No. 22112*
> *Daryl Greg Smith-Chapter 11 BR*

## *--Invoice--*

| **Date** | **Hour** | **Atty** | **Description of Services** | **Amount** |
|---|---|---|---|---|
| 2-23 | .50 | SBO | Receipt and review of email and attachments from Mr. Milligan to Stuart Cammack with regard to the 913.325 acres in Bosque County. | $ 200.00 |
| 3-07 | .40 | SBO | Receipt and review of emails from Ms. Stone regarding my Declaration on Application to Employ Special Counsel, Application to Employ Oil and Mineral Counsel and proposed order; review documents submitted. | 160.00 |
| 3-08 | .30 | SBO | Receipt and review of additional emails from Ms. Stone regarding Application to Employ Special Counsel; review conflicts list. | 120.00 |
| 3-11 | .50 | SBO | Receipt and cursory review of Dropbox file with runsheet and documents compiled by Stuart Cammack; receipt, review and respond to emails from Mr. Milligan and Ms. Stone. | 200.00 |
| 3-17 | 2.40 | SBO | Download and examine runsheet and associated documents submitted by Mr. Cammack regarding 913.325 acres in Bosque County. | 960.00 |

Mr. Gregory S. Milligan, Trustee
April 22, 2022
Page 2

_____

| | | | | |
|---|---|---|---|---:|
| 3-19 | .40 | SBO | Receipt, review and respond to emails from Mr. Milligan and Ms. Stone regarding retention and hearing set on Tuesday 3/22/22. | 160.00 |
| 3-22 | 1.20 | SBO | Receipt, review and respond to emails among Mr. Weiss, Mr. Milligan and Ms. Stone regarding title insurance; preparation for hearing, attend hearing and testify at same. | 480.00 |
| 3-26 | 3.20 | SBO | Continued examination/analysis of title to 913.325 acres in Bosque County. | 1,280.00 |
| 3-28 | 4.00 | SBO | Continued analysis of title and begin preparation of draft of Limited Title Opinion. | 1,600.00 |
| 3-29 | 2.40 | SBO | Continued analysis of title and work on opinion. | 960.00 |
| 3-30 | 3.30 | SBO | Exchange numerous emails regarding mineral title with Mr. Weiss; continued analysis of title and work on preparation of Limited Title Opinion. | 1,320.00 |
| 4-4 | 5.00 | SBO | Exchange emails with Stuart Cammack and Mr. Weiss regarding runsheet and title; continued work on Limited Title Opinion; review, revise and finalize Limited Title Opinion. | 2,000.00 |

Total Fees:                                   $ 9,440.00

**BALACE DUE:**                         **$ 9,440.00**