**The relief described hereinbelow is SO ORDERED.**

**Signed January 12, 2023.**

_____
**Ronald B. King**
**United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

### ORDER APPROVING (A) BID PROCEDURES, INCLUDING APPROVAL OF STALKING HORSE BIDDER, (B) PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND RELATED NOTICES, (C) NOTICE OF AUCTION AND SALE HEARING, AND (D) RELATED RELIEF

Came on for consideration the motion (the "***Motion***")[1] of Gregory S. Milligan, chapter 11 trustee in the above-captioned bankruptcy cases (the "***Trustee***") for an order pursuant to sections 105, 363, 365 and 503 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), (i) approving the bid procedures (the "***Bid Procedures***," attached hereto as __Exhibit 1__) for the sale

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

of certain real estate owned by Sellers and set forth in the Owens Contract (the "***Property***"), including the approval of the Stalking Horse Bidder and the provision of bid protections to such Stalking Horse Bidder (the "***Bid Protections***"), (ii) approving the procedures for the assumption, assignment, and sale of executory contracts and unexpired leases, including notice of proposed cure costs (the "***Assumption and Assignment Procedures***"), (iii) establishing a date for an auction (the "***Auction***") and a final hearing (the "***Sale Hearing***") to approve the sale of the Property (the "***Sale Transaction***"); (iii) approving the form and manner of notice of the Auction and Sale Hearing, and the Assumption and Assignment Procedures, and (iv) granting related relief, and the Court having determined that notice of the Motion was adequate and sufficient; and all parties having been afforded due process and an opportunity to be heard with respect to the Motion and all the relief requested therein; and the Court having reviewed and considered: (i) the Motion; (ii) the objections and responsive pleadings filed in connection with the Motion, if any; and (iii) the representations of counsel made and the evidence proffered at the hearing to approve the Motion (the "***Bid Procedures Hearing***"); and the Bid Procedures Hearing having been held, and after due deliberation and sufficient cause appearing therefor, hereby finds and determines that:

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for relief sought in the Motion are sections 105(a), 363, 365, and 503 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006.

C.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  The entry of this Order is in the best interests of the Debtors, their estates and creditors, and other parties in interest.

D.      The notice of the Motion, the Bid Procedures Hearing, and the proposed entry of this Order was adequate and sufficient under the circumstances of these Chapter 11 Cases, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Accordingly, no further notice of the Motion, the Bid Procedures Hearing, or this Order is necessary or required.

E.      The Trustee has articulated good and sufficient reasons for the Court to (i) approve the Bid Procedures for the sale of the Property, (ii) approve Logan Owens ("***Owens***" or the "***Stalking Horse Bidder***") as the stalking horse bidder for the Property and the provision of the Bid Protections, including the Break-Up Fee and the Expense Reimbursement as set forth in the Addendum to the Owens Contract and the Bid Procedures, (iii) approve the Assumption and Assignment Procedures, (iv) establish a date for the Auction (if necessary) and the Sale Hearing, (v) approve the form and manner of notice of the Auction and Sale Hearing, and the Assumption and Assignment Procedures, and (vi) grant related relief. Such good and sufficient reasons were set forth in the Motion and on the record at the Bid Procedures Hearing, are incorporated by reference herein and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

F.      The proposed *Notice of Auction and Sale Hearing* (the "***Sale Notice***,") substantially in the form attached hereto as __Exhibit 2__ and the proposed *Notice of Assumption and Assignment* to be served on the Contract Notice Parties (the "***Notice of Assumption and Assignment***,") substantially in the form attached hereto as __Exhibit 3__, are each calculated to provide adequate notice

concerning the proposed sale of the Property and the proposed assumption, assignment, and sale of the Leases (the "*365 Contracts*"), and will provide due and adequate notice of the relief sought in the Motion.

       G.     The Trustee has demonstrated that the Bid Procedures and the Bid Protections, including the Break-Up Fee and the Expense Reimbursement, (i) are fair, reasonable, and appropriate, (ii) are designed to maximize the value of the Smith estate, and (iii) have been negotiated by the Trustee and the Stalking Horse Bidder in good faith and at arms' length.

       H.     The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED** to the extent set forth herein.

2.     All objections to the relief requested in the Motion, if any, that have not been withdrawn, waived, settled or ruled upon as announced to the Court at the Bid Procedures Hearing are denied and overruled in their entirety except as otherwise set forth herein.

3.     The Bid Procedures are hereby approved in their entirety in the form attached hereto as **Exhibit 1**.  Notwithstanding the foregoing, the consummation of the Sale Transaction shall remain subject to the entry of the Sale Order; *provided* that Sections 1, 3, 11, 12 and 13 of the Addendum to the Owens Contract are hereby approved and are and shall be enforceable against Sellers in accordance with their terms.

4.     The Trustee may proceed with the Sale Transaction in accordance with the Bid Procedures and is authorized to take any and all actions necessary or appropriate to implement the

Bid Procedures. Furthermore, the Trustee, in his sole discretion (subject, however, to the Bid Protections), may elect to remove the Property from the market.

5.  The process for submitting Qualified Bids (as defined in the Bid Procedures) is fair, reasonable and appropriate and is designed to maximize recoveries for the benefit of the Smith estate, its creditors, and other parties in interest. Any disputes as to the selection of a Qualified Bid, Initial Topping Bid and/or Successful Bid (all as defined in the Bid Procedures) shall be resolved by this Court.

6.  The Trustee is authorized to conduct the Auction in the event he receives one or more timely and acceptable Qualified Bids. The Auction is necessary to ensure that the Trustee receives the highest or best purchase offer for the Property, thus maximizing value to the Smith estate and resulting distributions to its creditors.

7.  Owens and the Owens Contract are each approved as the Stalking Horse Bidder and the Stalking Horse Bid, respectively, for the Property. The Court finds that the Bid Protections as described in the Owens Contract and the Bid Procedures are reasonable and necessary and are designed to maximize the value of the Smith estate, and are hereby approved. Specifically, the Stalking Horse Bidder shall be and hereby is granted the right to the Break-Up Fee in an amount equal to two and five tenths percent (2.5%) of the Purchase Price, plus the Expense Reimbursement not to exceed $90,000 of documented reasonable out-of-pocket expenses incurred by Buyer in connection with the Sale Transaction, including legal fees and expenses. The Break-Up Fee and the Expense Reimbursement, to the extent payable to Buyer, each shall be an allowed super-priority administrative expense claim against the Smith estate until paid.

8.  The form of Sale Notice attached hereto as **<u>Exhibit 2</u>** is hereby approved.

9.      Within three (3) business days after the Court enters this Order, the Trustee (or his agents) shall serve the Sale Notice by first class United States mail on (i) the Office of the United States Trustee for the Western District of Texas; (ii) all entities known by the Trustee to have asserted any lien, claim, encumbrance, or other interest in the Property (for whom identifying information and addresses are available to the Trustee); (iii) any governmental authority known to have a claim in the bankruptcy cases; (iv) all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002; (v) all of the Debtors' known creditors; and (vii) all other Persons known to Trustee that have expressed an interest in purchasing the Property and as directed by the Court (for whom identifying information and addresses are available to the Trustee) (collectively, the "***Sale Notice Parties***").

10.      Service of the Sale Notice as approved and set forth herein shall be deemed proper, due, timely, good, and sufficient notice of, among other things, the entry of this Order, the Bid Procedures, the Auction, the Sale Hearing, the deadline to object to the Motion, and the proposed Sale Transaction, including the transfer of the Sellers' right, title and interest in, to and under the Property free and clear of any and all liens, claims, encumbrances, and other interests, and no other or further notice is necessary.

11.      The form of Notice of Assumption and Assignment attached hereto as **Exhibit 3** is approved. In combination with the Sale Notice, the Notice of Assumption and Assignment contains the type of information required under Bankruptcy Rule 2002 that is currently known to the Trustee and (ii) is reasonably calculated to provide due, adequate and timely notice to all counterparties of (a) the potential assumption and assignment of the 365 Contracts and rights thereunder, (b) the maximum amount and manner offered to satisfy any defaults, or arrears or other damages under the 365 Contracts (the "***Cure Costs***"), and (c) the deadline to file objections to such assumption and

assignment, applicable Cure Costs, the existence of any defaults, and/or adequate assurance of future performance.

12.     Within two (2) business days after the Court enters this Order, the Trustee shall file the Notice of Assumption and Assignment with the Court and serve on all counterparties to the Leases and all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "***Contract Notice Parties***"). Service of such Notice of Assumption and Assignment as approved and set forth herein shall be deemed proper, due, timely, good, and sufficient notice of, among other things, the proposed assumption and assignment of the 365 Contracts and rights thereunder, the Cure Costs, and the procedures for objecting thereto, and no other or further notice is necessary.

13.     If at any time after the entry of this Order, the Trustee identifies additional prepetition executory contracts or unexpired leases to be assumed and assigned to the Purchaser, the Trustee shall serve a supplemental notice of assumption and assignment (the "***Supplemental Assumption and Assignment Notice***") by facsimile, electronic transmission, hand delivery or overnight mail on the counterparty (and its attorney, if known) to each supplemental 365 Contract at the last known address available to the Trustee by no later than ten days before the proposed effective date of the assignment.

14.     Any counterparty to any 365 Contract must file any objection to (i) the proposed assumption, assignment and sale of the applicable 365 Contract (and must state in its objection, with specificity, the legal and factual basis thereof) and (ii) if applicable, the proposed Cure Costs (and must state in its objection, with specificity, what Cure Costs are required with appropriate documentation in support thereof) no later than **January 19, 2023 at 5:00 p.m.** (prevailing Central Time) (the "***Assumption and Assignment Objection Deadline***" and, together with the Sale

Objection Deadline (as defined herein), the "**Objection Deadlines**") and must serve the objection on (i) the Trustee, Gregory Milligan, 8911 N. Capital of Texas Highway, Suite 2120, Austin, TX 78759, gmilligan@harneypartners.com; (ii) the Broker, Lindsey Holubec, Riley-McLean Land, LLC, 505 Walsh Street, Austin, TX 78703, LLH@rileymclean.com; and (iii) attorneys for the Trustee, Waller Lansden Dortch & Davis LLP, Attn: Morris Weiss, 100 Congress Avenue, 18th Floor, Austin, Texas 78701, morris.weiss@wallerlaw.com; (iv) the Office of the United States Trustee, Attn: Gary W. Wright, 903 San Jacinto Blvd., Room 230, Austin, TX 78701, gary.wright3@usdoj.gov; (v) counsel to the Stalking Horse Bidder, Kelley Drye & Warren LLP, Attn: James Carr and Benjamin D. Feder, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007, jcarr@kelleydrye.com and bfeder@kelleydrye.com; (vi) counsel to Karen Annette Smith, Edwin Paul Keiffer, Rochelle McCullough, LLP, 325 N. St. Paul Street, Suite 4500, Dallas, TX 75201, pkeiffer@romclaw.com; and (vii) counsel to Keith Reed, Rene Escobedo, 6800 Park Ten Blvd., Suite 135-E, San Antonio, TX 78213, rene.escobedo@rre-law.com (the "**Objection Recipients**").

15.     If a counterparty to a 365 Contract files a timely objection asserting a higher cure amount than the maximum Cure Costs set forth in the Notice of Assumption and Assignment, and the parties are unable to consensually resolve the dispute regarding the amount of the cure prior to the Assumption/Assignment Hearing to be held on February 15, 2023 at 10:00 a.m. (prevailing Central Time) via Webex[2] at https://us-courts.webex.com/meet/King, the amount to be paid or reserved with respect to such objection shall be determined at the Assumption/Assignment Hearing. All other objections to the proposed assumption and assignment of the Sellers' right, title and

---

[2] Additional instructions and information on using Webex may be found on the Court's website at https://www.txwb.uscourts.gov/txwbvirtualhearings.

interest in, to and under the 365 Contracts shall also be heard at the Assumption/Assignment Hearing.

16.     If no objection is timely filed and served, the counterparty to a 365 Contract shall be deemed to have consented to the assumption, assignment and sale of the 365 Contract to the Purchaser if such 365 Contract is designated by the Purchaser as a Desired 365 Contract and shall be forever barred from asserting any objection with regard to such assumption, assignment and sale, except with respect to the adequate assurance of future performance by the Purchaser. Any objections to any Purchaser's proposed form of adequate assurance of future performance must be raised at the Sale Hearing and shall be resolved at the Sale Hearing. The Cure Costs set forth in the Notice of Assumption and Assignment shall be controlling, notwithstanding anything to the contrary in any 365 Contract, or any other document, and the counterparty to the 365 Contract shall be deemed to have consented to the Cure Costs and shall be forever barred from asserting any other claims related to such 365 Contract against the Sellers or the Purchaser, or the property of any of them.

17.     Any and all objections, if any, to any Sale Transaction, including objections to the Auction and the selection of any Purchaser, must be filed by 5:00 p.m. (prevailing Central Time) on March 7, 2023 (the "*Sale Objection Deadline*") and be served on the Objection Recipients.

18.     Any party failing to timely file an objection to any Sale Transaction shall be forever barred from objecting and shall be deemed to have consented to any Sale Transaction, including the transfer of the Sellers' right, title, and interest in, to and under the Property free and clear of any and all liens, claims, encumbrances, and other interests in accordance with a definitive agreement for a Sale Transaction.

19.     If any party asserts that any property or right cannot be transferred, sold, assumed, and/or assigned free and clear of all liens, claims, encumbrances, and other interests in accordance with a definitive agreement for a Sale Transaction and sections 363 and/or 365 of the Bankruptcy Code on account of one or more alleged rights, then such party shall file and serve a notice with all supporting documentation (a "***Rights Notice***") so that the Rights Notice is actually received by the Objection Recipients on or before the Sale Objection Deadline. Each Rights Notice must identify the properties or rights that are subject to such alleged right, identify the type of right(s) claimed by such party, identify the agreement, document, or statute giving rise to such right, and identify the portion of the agreement, document, or statute giving rise to such right. The assertion of a Rights Notice shall not require an exercise of the underlying right asserted and any such right asserted shall be subject to the terms and conditions of a definitive agreement for a Sale Transaction.

20.     Any party failing to timely file and serve a Rights Notice shall be (i) forever barred from objecting to the transfer, sale, assumption, and/or assignment of the Sellers' right, title and interest in, to and under the properties of the Sellers to be sold, assumed and/or assigned pursuant to a definitive agreement for a Sale Transaction, and from asserting any alleged rights with respect to the Sellers' transfer, sale, assumption, and/or assignment of the Sellers' right, title and interest in, to and under such properties, as set forth in a definitive agreement for a Sale Transaction and deemed to consent to and approve of the transfer, sale, assumption, and/or assignment of such right, title and interest in, to and under such properties, free and clear of all liens, claims, encumbrances, and other interests in accordance with a definitive agreement for a Sale Transaction (regardless of whether such consent must be in writing).

21.     If a party timely files and serves a Rights Notice, but the objection is not resolved at or before the closing of the Sale Transaction, the property or right to which that party has alleged a

right may, at the option of the Purchaser, be excluded from the Property to be acquired under the definitive agreement for a Sale Transaction, and the purchase price shall be reduced in accordance therewith.

22.     As contemplated by the Motion and the Stalking Horse Bid, and subject only to the requirements in the Notice of Assumption and Assignment for Solar Tenant to assert by the Assignment and Assumption Objection Deadline any Cure Costs with respect to the Solar Lease, nothing in this Bid Procedures Order or the Bid Procedures shall alter or affect the current posture of the Solar Lease (including without limitation Solar Tenant's position that the Solar Lease has not been terminated and instead remains in full force and effect, and any other rights, claims and interests which Solar Tenant has or may have under or in connection with the Solar Lease) so long as the Solar Lease is proposed to be assigned to the Stalking Horse Bidder (as Purchaser) in connection with a Sale Transaction.  Notwithstanding any provision in this Bid Procedures Order or the Bid Procedures which is or may be to the contrary (including without limitation the Sale Objection Deadline), Solar Tenant may timely raise and pursue (including at the Sale Hearing) any and all procedural and substantive objections, rights, claims, interests or positions under or in connection with the Solar Lease, the Bankruptcy Code and applicable law with respect to any Modified Sales Contract which may be offered by the Stalking Horse Bidder or any other Qualified Bidder for the purposes of becoming the Purchaser in connection with a Sale Transaction and which would not include an assignment of the Solar Lease or otherwise would materially alter any arrangements for or treatment of the Solar Lease as contemplated by the Motion and the Stalking Horse Bid.

23.     Any party desiring to submit a bid for the Sellers' right, title and interest in, to and under the Property must comply with the Bid Procedures.

24.     To the extent that one or more timely and acceptable Qualified Bid(s) is received, an auction shall be conducted in open Court via Webex at https://us-courts.webex.com/meet/King (see fn. 2) on March 8, 2023 at 10:00 a.m., presided over by the Judge.  The Trustee may adjourn or cancel the Auction at or prior to the Auction in the event no Qualified Bids are received.

25.     The Trustee may request Court authority to alter the Bid Procedures (other than the Bid Protections or the amount of the minimum Initial Topping Bid), including changes so as to modify deposit amounts and to modify or eliminate the requirements with respect to Back-Up Bidders. The Trustee may terminate discussions with any and all prospective acquirers at any time and without specifying the reasons therefor, but only to the extent not materially inconsistent with the Bid Procedures.

26.     The Sale Hearing shall be held on March 8, 2023 at 10:00 a.m. via Webex at https://us-courts.webex.com/meet/King (see fn. 2); *provided* that if no other Qualified Bids are received, the Trustee, in his sole discretion, may request the Court set a Sale Hearing at any time following the expiration of the Bid Deadline.

27.     Notwithstanding Bankruptcy Rule 6004 or otherwise, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.  To the extent applicable, the stays described in Bankruptcy Rule 6004(h) are hereby waived.

28.     The terms of this Order shall control to the extent of any conflict with the Motion.

29.     The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

###

ORDER SUBMITTED BY:
Waller Lansden Dortch & Davis LLP
Morris D. Weiss (State Bar No. 21110850)
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
morris.weiss@wallerlaw.com
COUNSEL FOR TRUSTEE

## **Exhibit 1**

**Bid Procedures**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

**BID PROCEDURES FOR THE SALE OF THE PROPERTY**

Gregory S. Milligan, chapter 11 trustee in the above-captioned bankruptcy cases (the "***Trustee***"), sets forth the following bid procedures (the "***Bid Procedures***") to be employed in connection with an auction, if the Trustee receives one or more timely Qualified Bids (the "***Auction***"), for the sale of certain real estate set forth in the Owens Contract (the "***Property***") owned by (i) the estate of Daryl Greg Smith and (ii) Darren Keith Reed (together, the "***Sellers***"). At a hearing following the Auction (the "***Sale Hearing***"), the Trustee will seek the entry of an order (the "***Sale Order***") from the United States Bankruptcy Court for the Western District of Texas, Waco Division (the "***Court***") authorizing and approving the sale of the Property among the Sellers and the Qualified Bidder(s) (as defined herein) that the Trustee determines to have made the highest or otherwise best bid (the "***Purchaser***"). These Bid Procedures have been approved and authorized pursuant to the *Order Approving (A) Bid Procedures, Including Approval of Stalking Horse Bidder, (B) Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Related Notices, (C) Notice of Auction and Sale Hearing, and (D) Related Relief* (the "***Bid Procedures Order***") entered by the Court on [DATE], 2023.[1]

**A.    Approvals**

The proposed sale(s) shall in all respects be subject to approval by the Court and in compliance with: (i) the applicable provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"); (ii) the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"); and (iii) other applicable rules and law, including, without limitation, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of Texas (the "***Local Rules***") and Orders of the Court.

**B.    Assets to Be Sold**

The Auction shall consist of the Property.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bid Procedures Order.

## C.     Preliminary Diligence

Any prospective competing bidder (each, a "*Potential Bidder*") identified by the Trustee or the Broker as reasonably likely to be a Qualified Bidder (as defined herein) and which has executed a non-disclosure agreement substantially similar to the non-disclosure agreement between the Stalking Horse Bidder and the Trustee shall be provided a copy of the Owens Contract, current title commitment for the Property (and any updates thereto along with any documents reflected in the title commitment), current survey of the Property (and any updates thereto), and copies of current leases on the Property. Potential Bidders may conduct additional, non-destructive diligence at their own option and expense, including tours of the Property and the engagement of customary engineers and contractors.

All bidders must complete their due diligence prior to the Bid Deadline. There shall be no other provision for the completion of due diligence after the Bid Deadline.

## D.     Bid Deadline

Any person or entity interested in participating in the Auction must submit a Qualified Bid (as defined below) on or before March 2, 2023 by 5:00 p.m. (prevailing Central Time) in writing, to (i) the Trustee, Gregory Milligan, 8911 N. of Capital Texas Highway, Suite 2120, Austin, TX 78759, gmilligan@harneypartners.com; (ii) the Broker, Lindsey Holubec, Riley-McLean Land, LLC, 505 Walsh Street, Austin, TX 78703, LLH@rileymclean.com; and (iii) attorneys for the Trustee, Waller Lansden Dortch & Davis LLP, Attn: Morris Weiss, 100 Congress Avenue, 18th Floor, Austin, Texas 78701, morris.weiss@wallerlaw.com (collectively, the "*Trustee Notice Parties*").

## E.     Stalking Horse Bid

The Trustee has entered into a sales contract with Logan Owens ("*Owens*" or the "*Stalking Horse Bidder*") for the sale of the Property (the "*Owens Contract*" or the "*Stalking Horse Bid*"). The Owens Contract provides, in summary, as follows[2]:

     a)     Purchase Price: $7,126,378

     b)     $712,637 deposit, refundable only if the Stalking Horse Bidder is outbid at the Auction or if the Owens Contract terminates for any reason other than a default by the Stalking Horse Bidder.

     c)     Bid Protections: 2.5% Break Up Fee; up to $90,000 Expense Reimbursement (the "**Bid Protections**").

     d)     Conditions: Standard and customary, including (i) entry of the Sale Order in form and substance reasonably acceptable to the Stalking Horse Bidder, (ii) delivery of insurable and marketable title to the Property, (iii) the Bid Procedures Order and the Sale Order both being in full force and effect and not having been modified, amended or stayed unless approved by the Stalking Horse Bidder in

---

[2] The summary below is qualified in its entirety by the Owens Contract.

its sole discretion, and (iv) there being no Cure Costs due under any Lease or 365 Contract with respect to the Property in excess of $50,000.

    e)       Closing: On or before March 24, 2023.

The Court has approved Owens as the Stalking Horse Bidder and the Owens Contract as the Stalking Horse Bid.

## F.    <u>Qualified Bids</u>

To participate in the bidding process and be deemed a "**_Qualified Bidder_**," each Potential Bidder must submit a "**_Qualified Bid_**" by the Bid Deadline. No competing bid will be accepted by the Trustee unless the Purchase Price stated therein is equal to the amount of the Stalking Horse Bid, plus the Bid Protections and an initial overbid amount of no less than $75,000 (the "**_Initial Topping Bid_**"). By way of example only, because the Stalking Horse Bid is for $7,126,378, with a break-up fee of 2.5% (equal to $178,159) plus $90,000 in expense reimbursement, an Initial Topping Bid must be in the amount of no less than $7,469,537 ($7,126,378 + $178,159 + $90,000 + $75,000). In addition, to constitute a Qualified Bid, a bid must:

    (a)      be in writing that must be a bid for the entirety of the Property for cash at closing;

    (b)      identify the Property;

    (c)      include a proposed list of the 365 Contracts that the Potential Bidder proposes be assumed, assigned, and sold to it in connection with the transaction (the "**_Desired 365 Contracts_**") and proposed adequate assurance of future performance;

    (d)      fully disclose the legal identity of each entity that will be bidding or otherwise participating in connection with such bid;

    (e)      fully disclose any connections or agreements with the Debtors or Trustee, any other known Potential Bidder or Qualified Bidder, and/or any officer or director of the foregoing;

    (f)      provide an irrevocable offer in the form of an executed copy of a Modified Sales Contract on terms and conditions no less favorable to the Smith estate than the terms and conditions of the Owens Contract, including all exhibits and schedules contemplated thereby;

    (g)      include a marked copy of the Modified Sales Contract reflecting the differences between the Modified Sales Contract and the Owens Contract;

    (h)      with the exception of the Stalking Horse Bid, expressly state that the bid does not entitle the Potential Bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment or reimbursement;

(i)     demonstrate that such bidder is financially capable of consummating the transactions contemplated by (i) the Modified Sales Contract and (ii) any additional bids, overbids, or modifications to the Modified Sales Contract such Potential Bidder may make during the Auction, and detail the source(s) of funds that will be used to consummate the transaction;

(j)     include satisfactory evidence of committed financing or other financial ability to consummate the transactions contemplated by the Modified Sales Contract in a timely manner;

(k)     expressly acknowledge and represent that the Potential Bidder (i) has had an opportunity to conduct any and all due diligence relating to the Property prior to making its bid, (ii) has relied solely upon its own independent review, investigation, and/or inspection of the Property in making its Bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Property, except as expressly stated in the representations and warranties contained in the Modified Sales Contract ultimately accepted and executed by the Trustee;

(l)     not contain any financing or diligence contingencies of any kind;

(m)     not contain any condition to closing of the transaction on the receipt of any third party approvals (excluding required Court approval and any required governmental and/or regulatory approval, if any);

(n)     include evidence of authorization and approval from the bidder's board of directors (or comparable governing body), if applicable, with respect to the submission, execution, delivery and closing of the Modified Sales Contract;

(o)     be able to close the transaction as specified in Section 6 of the Addendum to the Owens Contract; and

(p)     include a good faith deposit (the "***Good Faith Deposit***") in the form of a certified or bank check (or other form acceptable to the Trustee in its sole and absolute discretion) deposited with the title company in an amount equal to ten percent (10%) of such Potential Bidder's Initial Topping Bid.  All Good Faith Deposits shall be held in a segregated account by the Trustee and thereafter returned to the respective bidders in accordance with these Bid Procedures, unless the bidder has been selected as the Back-Up Bidder (as defined herein).

The Trustee shall make a determination in his sole and absolute business judgment regarding whether a bid is a Qualified Bid (as set forth in the Bid Procedures) and shall notify bidders whether their bids have been determined to be Qualified Bids by March 6, 2023.  The Stalking Horse Bidder will be deemed a Qualified Bidder, and the Stalking Horse Bid will constitute a Qualified Bid for all purposes.

## G.    Auction, Auction Procedures, and Overbids

In the event that the Trustee receives one or more timely Qualified Bids, the Trustee shall conduct the Auction. The Auction, if required, will be in the courtroom and supervised by the Court. The Trustee may adjourn or cancel the Auction at or prior to the Auction if no Qualified Bids are received.

No later than two (2) business days prior to the Auction, the Trustee shall notify the Stalking Horse Bidder and all other Qualified Bidders of all Qualified Bids received and the highest Initial Topping Bid.

The Auction shall be governed by the following procedures, subject to modification by the Trustee at the Auction, with the approval of the Court:

(a)    The Qualified Bidders shall appear via WebEx[3] at the Auction, or through a duly authorized representative.

(b)    Only the Qualified Bidders shall be entitled to make any subsequent bids at the Auction.

(c)    Each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

(d)    Bidding shall commence at the amount of the highest Initial Topping Bid received by the Trustee that is a Qualified Bid from a Qualified Bidder.

(e)    Qualified Bidders may then submit successive bids higher than the previous bid, based on and increased from the Initial Topping Bid, in increments of at least $75,000.  All Qualified Bidders shall have the right to submit additional bids and make additional modifications to their respective Modified Sales Contracts, as applicable, at the Auction to improve such bids.  The Auction may include negotiations with the Qualified Bidders and open bidding in the presence of all other Qualified Bidders.  The potential cost to the Smith estate of the Bid Protections shall be used by the Trustee in determining the "highest or otherwise best" bid during each round of the Auction.

(f)    The Auction among Qualified Bidders shall continue according to these procedures until the Trustee determines, subject to Court approval, that the Trustee has received the highest or otherwise best bid (the "*Successful Bid*"). In making this decision, the Trustee may consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the Qualified Bidder's ability to close a given transaction, the proposed timing thereof, and rights of such Qualified Bidder and the Trustee with respect to the termination thereof, the number, type and nature of any

---

[3] Parties shall attend via Webex video at https://us-courts.webex.com/meet/King.  Additional instructions and information on using Webex may be found on the Court's website at https://www.txwb.uscourts.gov/txwbvirtualhearings.

changes reflected in the Modified Sales Contract requested by each Qualified Bidder, and the net benefit to the Smith estate. The Qualified Bidder submitting the Successful Bid(s) for the Property shall become the Purchaser and shall have such rights and responsibilities of a purchaser, as set forth in the Modified Sales Contract or Owens Contract, as applicable.

Bids made after the close of the Auction shall not be considered by the Trustee. All Qualified Bidders at the Auction shall be deemed to have consented to the exclusive jurisdiction of the Court and waived any right to a jury trial in connection with any disputes relating to the Auction.

On or before March 13, 2023, the Trustee shall cause the results of the Auction, including a copy of the Successful Bid, the identity of the Purchaser and Back-Up Bidder (defined below), and the Purchaser's proposed form of adequate assurance of future performance, to be filed with the Bankruptcy Court.

## H.    Back-Up Bidder and Return of Good Faith Deposits

If an Auction is conducted, the Qualified Bidder with the next highest or otherwise best Qualified Bid for the Property at the Auction (the "**Back-Up Bid**") shall be required to serve as the back-up bidder (the "**Back-Up Bidder**") for the Property and keep such Back-Up Bid open and irrevocable until the first to occur of (i) sixty (60) days after the completion of the Auction, (ii) consummation of the transaction with the Purchaser, or (iii) the Back-Up Bidder's receipt of notice from the Trustee of the release by the Trustee of the Back-Up Bidder's obligations. Following the Sale Hearing, if the Purchaser fails to consummate an approved Sale Transaction because of a breach or failure to perform on the part of such Purchaser or otherwise, the Back-Up Bidder will be deemed to be the new Purchaser, and the Trustee will be authorized, but not required, to consummate the sale with the Back-Up Bidder without further order of the Court.

Except as provided herein, Good Faith Deposits shall be returned without interest to each bidder not selected by the Trustee as the Purchaser or the Back-Up Bidder by no later than the third (3rd) business day following the conclusion of the Auction. The Good Faith Deposit of the Back-Up Bidder shall be held by the Trustee until three (3) business days after the closing of the Sale Transaction with the Purchaser or termination of the Back-Up Bid as provided above.

## I.    Reservation of Rights

The Trustee reserves the right to request Court authority to alter the Bid Procedures (other than the Bid Protections or the amount of the minimum Initial Topping Bid). The Trustee may terminate discussions with any and all prospective acquirers at any time and without specifying the reasons therefor, but only to the extent not materially inconsistent with the Bid Procedures.

## J.    Sale Hearing

The Successful Bid(s) will be subject to approval by the Bankruptcy Court. The Sale Hearing will take place on March 8, 2023 at 10:00 a.m. Parties shall attend via Webex at https://us-courts.webex.com/meet/King (see fn. 3 above). The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court on the date scheduled for the Sale Hearing or on the Court's docket. If

no other Qualified Bids are received, the Trustee, in his sole discretion, may request the Court set a Sale Hearing at any time following the expiration of the Bid Deadline.

The Trustee's presentation to the Bankruptcy Court for approval of a Successful Bid does not constitute the Trustee's acceptance of the bid.  The Trustee will be deemed to have accepted a bid only when the bid has been approved by order of the Bankruptcy Court.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: */s/ Morris D. Weiss*
    Morris D. Weiss
    Texas Bar No. 21110850
    Courtney K. Stone
    Texas Bar No. 24093208
    100 Congress Ave., Suite 1800
    Austin, Texas 78701
    Telephone:  (512) 685-6400
    Facsimile:  (512) 685-6417
    Email:    morris.weiss@wallerlaw.com
            courtney.stone@wallerlaw.com

    COUNSEL TO GREGORY S. MILLIGAN,
    CHAPTER 11 TRUSTEE

## **Exhibit 2**

**Sale Notice**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

**NOTICE OF AUCTION AND SALE HEARING**

PLEASE TAKE NOTICE that on April 9, 2021 (the "***Petition Date***"), Daryl Greg Smith ("***Smith***") and Canadian River Ranch, LLC ("***CRR***" and together with Smith, the "***Debtors***") each filed a voluntary petition for relief under the Bankruptcy Code filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. On June 29, 2021, the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "***Bankruptcy Court***") approved the appointment of Gregory S. Milligan as chapter 11 trustee for the Debtors (the "***Trustee***").

PLEASE TAKE NOTICE that on _____, 2023, the Bankruptcy Court entered an order (the "***Bid Procedures Order***") approving the *Trustee's Motion for (I) Order Approving: (A) Bid Procedures, Including Approval of Stalking Horse Bidder; (B) Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Related Notices, (C) Notice of Auction and Sale Hearing, and (D) Related Relief and (II) Order (A) Approving the Sale of Real Estate Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(B), (F), (H) and (M), 365, and 503, (B) Approving Assumption, Assignment And Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Bankruptcy Code Sections 363 and 365 and Related Cure Amounts, and (C) Granting Related Relief* (the "***Sale Motion***[1]"), filed by the Trustee. The Sale Motion and Bid Procedures Order also sought to establish (i) an auction (the "***Auction***") and (ii) a final hearing (the "***Sale Hearing***") to approve the sale of certain real estate set forth in the Owens Contract (the "***Property***") owned by (i) the estate of Daryl Greg Smith and (ii) Darren Keith Reed (together, the "***Sellers***"), all as more fully described in the Sale Motion.

PLEASE TAKE FURTHER NOTICE that pursuant to the Bid Procedures Order, the Trustee is authorized to enter into the Owens Contract with the Stalking Horse Bidder for the Property.

PLEASE TAKE FURTHER NOTICE that pursuant to the Bid Procedures Order, if the Trustee receives one or more timely and acceptable Qualified Bids (as defined in the Bid Procedures Order) for the Property, the Auction shall take place **March 8, 2023 at 10:00 a.m. (prevailing Central Time)** in open Court or such other location as designated by the Trustee in a notice to all

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

Qualified Bidders. Parties shall appear via Webex[2] video at https://us-courts.webex.com/meet/King. Only parties that have submitted a Qualified Bid, as set forth in the Bid Procedures Order, by no later than **March 2, 2023 at 5:00 p.m. (prevailing Central Time)** (the "*Bid Deadline*") may bid at the Auction. Any party that wishes to take part in this process and submit a bid for the Property must submit their competing bid prior to the Bid Deadline and in accordance with the Bid Procedures.

PLEASE TAKE FURTHER NOTICE that the Sale Hearing to consider approval of the sale of the Property to the winning bidder at the Auction, free and clear of all liens, claims, encumbrances and other interests, will be held before the Honorable Ronald B. on **March 8, 2023 at 10:00 a.m. (prevailing Central Time)**, or at such other time as the Court is available. Parties shall appear via Webex video at https://us-courts.webex.com/meet/King (see fn. 2).

PLEASE TAKE FURTHER NOTICE that objections to the sale, if any, must be filed with the Bankruptcy Court and served so as to be actually received by the Objection Recipients no later than **March 7, 2023 at 5:00 p.m. (prevailing Central Time)**.

PLEASE TAKE FURTHER NOTICE that the Objection Recipients are (i) the Trustee, Gregory Milligan, 8911 N. Capital of Texas Highway, Suite 2120, Austin, TX 78759, gmilligan@harneypartners.com; (ii) the Broker, Lindsey Holubec, Riley-McLean Land, LLC, 505 Walsh Street, Austin, TX 78703, LLH@rileymclean.com; and (iii) attorneys for the Trustee, Waller Lansden Dortch & Davis LLP, Attn: Morris Weiss, 100 Congress Avenue, 18th Floor, Austin, Texas 78701, morris.weiss@wallerlaw.com; (iv) the Office of the United States Trustee, Attn: Gary W. Wright, 903 San Jacinto Blvd., Room 230, Austin, TX 78701, gary.wright3@usdoj.gov; (v) counsel to the Stalking Horse Bidder, Kelley Drye & Warren LLP, Attn: James Carr and Benjamin D. Feder, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007, jcarr@kelleydrye.com and bfeder@kelleydrye.com; (vi) counsel to Karen Annette Smith, Edwin Paul Keiffer, Rochelle McCullough, LLP, 325 N. St. Paul Street, Suite 4500, Dallas, TX 75201, pkeiffer@romclaw.com; and (vii) counsel to Keith Reed, Rene Escobedo, 6800 Park Ten Blvd., Suite 135-E, San Antonio, TX 78213, rene.escobedo@rre-law.com.

**PLEASE TAKE FURTHER NOTICE THAT UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT, AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION WITHOUT FURTHER HEARING AND NOTICE.**

PLEASE TAKE FURTHER NOTICE that this Notice of Auction and Sale Hearing is subject to the fuller terms and conditions of the Sale Motion and the Bid Procedures Order, with such Bid Procedures Order controlling in the event of any conflict, and the Trustee encourage parties in interest to review such documents in their entirety. Parties interested in receiving more information regarding the sale of the Property and/or copies of any related document, including the Sale Motion, the Owens Contract filed in connection with the Sale Motion, or the Bid Procedures Order, may make a written request to Waller Lansden Dortch & Davis, LLP, Morris D. Weiss,

---

[2] Additional instructions and information on using Webex may be found on the Court's website at https://www.txwb.uscourts.gov/txwbvirtualhearings.

100 Congress Avenue, 18th Floor, Austin, Texas 78701, morris.weiss@wallerlaw.com. In addition, copies of the Sale Motion, the Bid Procedures Order and this Notice may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at PACER for a fee (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).

Dated: _____, 2023
Austin, Texas

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s/ Morris D. Weiss
    Morris D. Weiss
    Texas Bar No. 21110850
    Courtney K. Stone
    Texas Bar No. 24093208
    100 Congress Ave., Suite 1800
    Austin, Texas 78701
    Telephone: (512) 685-6400
    Facsimile: (512) 685-6417
    Email:    morris.weiss@wallerlaw.com
            courtney.stone@wallerlaw.com

COUNSEL TO GREGORY S. MILLIGAN, CHAPTER 11 TRUSTEE

## **Exhibit 3**

**Notice of Assignment and Assumption**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

**NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**WHICH MAY BE ASSUMED AND ASSIGNED IN CONNECTION**
**WITH THE SALE OF CERTAIN REAL ESTATE AND**
**THE PROPOSED CURE AMOUNT WITH RESPECT THERETO**

You are receiving this *Notice of Executory Contracts and Unexpired Leases Which May Be Assumed and Assigned in Connection With the Sale of Certain Real Estate and the Proposed Cure Amount With Respect Thereto* (the "*Notice of Assumption and Assignment*") because you may be a counterparty to an executory contract or unexpired lease with the Sellers. Please read this notice carefully as your rights may be affected by the transactions described herein.

PLEASE TAKE NOTICE that on April 9, 2021 (the "*Petition Date*"), Daryl Greg Smith ("*Smith*") and Canadian River Ranch, LLC ("*CRR*" and together with Smith, the "*Debtors*") each filed a voluntary petition for relief under the Bankruptcy Code filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. On June 29, 2021, the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "*Bankruptcy Court*") approved the appointment of Gregory S. Milligan as chapter 11 trustee for the Debtors (the "*Trustee*").

PLEASE TAKE NOTICE that on [date], the United States Bankruptcy Court for the Western District of Texas, Waco Division (the "*Bankruptcy Court*") entered an order (the "*Bid Procedures Order*") approving the *Trustee's Motion for (I) Order Approving: (A) Bid Procedures, Including Approval of Stalking Horse Bidder; (B) Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Related Notices, (C) Notice of Auction and Sale Hearing, and (D) Related Relief and (II) Order (A) Approving the Sale of Real Estate Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(B), (F), (H) and (M), 365, and 503, (B) Approving Assumption, Assignment And Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Bankruptcy Code Sections 363 and 365 and Related Cure Amounts, and (C) Granting Related Relief* (the "*Sale Motion*"), filed by the Trustee.[1] The Sale Motion and Bid Procedures Order set forth certain procedures (the "*Bid Procedures*") to approve the sale of certain real estate set forth in the Owens Contract (the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

"***Property***") owned by (i) the estate of Daryl Greg Smith and (ii) Darren Keith Reed (together, the "***Sellers***"), all as more fully described in the Sale Motion (the "***Sale Transaction***").

PLEASE TAKE FURTHER NOTICE that the Auction and hearing to approve the sale of the Property (the "***Sale Hearing***") before the Honorable Ronald B. King on **March 8, 2023 at 10:00 a.m. (prevailing Central Time)**, or at such other time as the Court is available. Parties shall appear via Webex[2] video at https://us-courts.webex.com/meet/King.

PLEASE TAKE FURTHER NOTICE that pursuant to the Bid Procedures Order, the Trustee has established procedures for the assumption, assignment and sale of certain executory contracts and unexpired leases (collectively, the "***365 Contracts***") to a potential purchaser and the determination of related Cure Costs (as defined herein). The Sellers are parties to certain 365 Contracts and, in accordance with the Bid Procedures Order, hereby file this notice identifying (i) the 365 Contracts, which may be assumed and assigned to the Stalking Horse Bidder or such other Purchaser in connection with the Sale Transaction and (ii) the proposed amounts, if any, the Trustee believes are owed to the counterparty to the 365 Contract to cure any defaults, arrears or other damages existing under the 365 Contract (the "***Cure Costs***"), both as set forth on **Exhibit 1** attached hereto.

PLEASE TAKE FURTHER NOTICE that the listing of a 365 Contract on **Exhibit 1** does not constitute an admission that the agreement is an executory contract or unexpired lease as contemplated by section 365(a) of the Bankruptcy Code or that the Sellers have any liability thereunder, and the Sellers expressly reserve all of their rights, claims, causes of action and defenses with respect to the 365 Contracts listed on **Exhibit 1**.

PLEASE TAKE FURTHER NOTICE that any objections to the assumption, assignment, and sale of any 365 Contract identified in this notice (except with respect to the adequate assurance of future performance by any successful bidders), including to the Cure Costs set forth in **Exhibit 1** must be (i) in writing, (ii) filed with the Bankruptcy Court and (iii) served on (i) the Trustee, Gregory Milligan, 8911 N. Capital of Texas Highway, Suite 2120, Austin, TX 78759, gmilligan@harneypartners.com; (ii) the Broker, Lindsey Holubec, Riley-McLean Land, LLC, 505 Walsh Street, Austin, TX 78703, LLH@rileymclean.com; and (iii) attorneys for the Trustee, Waller Lansden Dortch & Davis LLP, Attn: Morris Weiss, 100 Congress Avenue, 18th Floor, Austin, Texas 78701, morris.weiss@wallerlaw.com; (iv) the Office of the United States Trustee, Attn: Gary W. Wright, 903 San Jacinto Blvd., Room 230, Austin, TX 78701, gary.wright3@usdoj.gov; (v) counsel to the Stalking Horse Bidder, Kelley Drye & Warren LLP, Attn: James Carr and Benjamin D. Feder, 3 World Trade Center, 175 Greenwich Street, New York, NY 10007, jcarr@kelleydrye.com and bfeder@kelleydrye.com; (vi) counsel to Karen Annette Smith, Edwin Paul Keiffer, Rochelle McCullough, LLP, 325 N. St. Paul Street, Suite 4500, Dallas, TX 75201, pkeiffer@romclaw.com; and (vii) counsel to Keith Reed, Rene Escobedo, 6800 Park Ten Blvd., Suite 135-E, San Antonio, TX 78213, rene.escobedo@rre-law.com (the "***Objection Recipients***") by **January 19, 2023 at 5:00 p.m. (prevailing Central Time)** (the "***Assignment and Assumption Objection Deadline***"). Any such objections must set forth the proposed assumption, assignment, and sale of the 365 Contracts (and must state, with specificity, the legal and factual

---

[2] Additional instructions and information on using Webex may be found on the Court's website at https://www.txwb.uscourts.gov/txwbvirtualhearings.

basis thereof) and, if applicable, the proposed Cure Costs (and must state, with specificity, what Cure Costs are required with appropriate documentation in support thereof). Other than the Cure Costs listed on **Exhibit 1**, the Sellers are not aware of any amounts due and owing under the 365 Contracts listed therein.

PLEASE TAKE FURTHER NOTICE that if a counterparty to a 365 Contract files a timely objection asserting a higher cure amount than the maximum Cure Costs set forth in this Notice of Assumption and Assignment, and the parties are unable to consensually resolve the dispute prior to the hearing to resolve any such objection **on February 15, 2023 at 10:00 a.m. (prevailing Central Time) via Webex**[3] **at https://us-courts.webex.com/meet/King** (the "*Assumption/Assignment Hearing*"), the amount to be paid or reserved with respect to such objection shall be determined at the Assumption/Assignment Hearing. All other objections to the proposed assumption and assignment of the Sellers' right, title and interest in, to and under the 365 Contracts shall also be heard at the Assumption/Assignment Hearing.

**PLEASE TAKE FURTHER NOTICE that each counterparty to any 365 Contract that does not timely file an objection by the Assignment and Assumption Objection Deadline shall be forever barred from asserting any objection with regard to the assumption, assignment, sale, and/or Cure Costs set forth in Exhibit 1, except with respect to the adequate assurance of future performance by the Successful Bidder(s). Any objections to any Purchaser's proposed form of adequate assurance of future performance must be raised at the Sale Hearing and shall be resolved at the Sale Hearing. The Cure Costs set forth in the Notice of Assumption and Assignment shall be controlling, notwithstanding anything to the contrary in any 365 Contract or any other document, and the counterparty to the 365 Contract shall be deemed to have consented to the Cure Costs and shall be forever barred from asserting any other claims related to such 365 Contract against the Sellers or the Purchaser, or the property of any of them.**

PLEASE TAKE FURTHER NOTICE that although the Trustee has made a good faith effort to identify all 365 Contracts to be assumed and assigned in connection with the Sale Transaction, he may discover additional contracts that the Sellers and the Purchaser desire to assume and assign in connection therewith. Accordingly, if at any time after the entry of the Bid Procedures Order, the Trustee identifies additional prepetition executory contracts to be assumed and assigned to the Purchaser, the Trustee shall serve a supplemental notice of assumption and assignment (the "*Supplemental Assumption and Assignment Notice*") by facsimile, electronic transmission, hand delivery or overnight mail on i) the counterparty to each supplemental 365 Contract at the last known address available to the Trustee and ii) all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 at any time prior to the Assumption/Assignment Hearing. Each such Supplemental Assumption and Assignment Notice shall set forth (i) the name and address of the contract counterparty, (ii) notice of the proposed effective date of the assignment (subject to the right of Purchaser to withdraw such request for assumption and assignment of the contract prior to the Closing), (iii) identification of the 365 Contract, (iv) the Cure Costs, if any, and (v) the proposed adequate assurance.

---

[3] Additional instructions and information on using Webex may be found on the Court's website at https://www.txwb.uscourts.gov/txwbvirtualhearings.

PLEASE TAKE FURTHER NOTICE that this Notice of Assumption and Assignment is subject to the fuller terms and conditions of the Sale Motion and the Bid Procedures Order, with such Bid Procedures Order controlling in the event of any conflict, and the Trustee encourages parties-in-interest to review such documents in their entirety. Parties with questions regarding the proposed assumption, assignment, and sale procedures contained herein should contact the Trustee's counsel at the contact information provided below.

The inclusion of a 365 Contract on **Exhibit 1** does not mean that such 365 Contract will be assumed or assigned in connection with the Sale Transaction or that the Trustee or any Purchaser will make any cure payment in connection with such 365 Contract.

Dated: _____, 2023
Austin, Texas

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s/ Morris D. Weiss
    Morris D. Weiss
    Texas Bar No. 21110850
    Courtney K. Stone
    Texas Bar No. 24093208
    100 Congress Ave., Suite 1800
    Austin, Texas 78701
    Telephone: (512) 685-6400
    Facsimile: (512) 685-6417
    Email:    morris.weiss@wallerlaw.com
            courtney.stone@wallerlaw.com

COUNSEL TO GREGORY S. MILLIGAN, CHAPTER 11 TRUSTEE

## EXHIBIT 1

**365 Contracts**

| Counterparty | Contract | Proposed Cure Cost |
|---|---|---|
| Angus Solar, LLC | Ground Lease, dated October 31, 2017, originally between Caddoa Creek Ranch, LLC as Landlord and Angus Solar, LLC as Tenant, as amended | $0.00 |
| Robert C. Heise | Cattle Grazing Lease, dated August 17, 2020, originally between Caddoa Creek Ranch, LLC and Robert C. Heise, as amended | $0.00 |