

**The relief described hereinbelow is SO ORDERED.**

**Signed March 24, 2023.**

_____
**Ronald B. King**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DARYL GREG SMITH and, | § | CASE NO. 21-60162-RBK-11 |
| CANADIAN RIVER RANCH, LLC | § | CASE NO. 21-60163-RBK-11 |
| | § | Jointly Administered Under |
| | § | Case No. 21-60162-rbk |
| Debtors. | § | |

**ORDER: (A) AUTHORIZING AND APPROVING THE SALE
OF CERTAIN OF DEBTOR DARYL GREG SMITH'S
MINERAL INTERESTS FREE AND CLEAR OF LIENS, CLAIMS,
AND ENCUMBRANCES, AND (B) GRANTING RELATED RELIEF**

This matter comes before the Court on *Motion of the Trustee for: (I) Entry of an Order (A) Approving Bid Procedures, (B) Scheduling a Hearing to Consider Approval of the Sale of Assets; and (C) Granting Related Relief; and (II) Entry of an Order (A) Authorizing and Approving the Sale of Certain of Debtor Daryl Greg Smith and Keith Reed's Mineral Interests Free and Clear of Liens, Claims, and Encumbrances, and (B) Granting Related Relief* (the "**Motion**") filed by Gregory S. Milligan (the "**Trustee**"), chapter 11 trustee in the above-captioned bankruptcy cases,

Page 1

in which Trustee moved this Court for entry of an order (this "**Order**") authorizing and approving the sale of the Mineral Interests[1] free and clear of liens, claims, and encumbrances;

All parties in interest having been served with a copy of the Motion and Notice of Hearing and the Court having reviewed the Motion and evidence and arguments of counsel, finds there is good cause to grant the Motion.

It is therefore **ORDERED**:

1. The relief sought in the Motion is GRANTED and APPROVED to the extent set forth in this Order.

2. The Successful Bidder's purchase agreement (the "***Purchase Agreement***"), a copy of which is attached hereto as **Exhibit 1** and the terms and conditions thereof are hereby APPROVED, and the Trustee is authorized and directed to enter into all related agreements and such other ancillary documents consistent with the terms hereof and in furtherance thereof.

3. Pursuant to section 363(b) of the Bankruptcy Code, the Trustee is authorized and directed to take any and all actions necessary or appropriate to (i) consummate the sale of the 90% of the Mineral Interests owned by the estate of Daryl Greg Smith (the "***Smith Mineral Interests***") to the Successful Bidder pursuant to and in accordance with the terms and conditions of the Purchase Agreement, (ii) close the sale of the Smith Mineral Interests as contemplated in the Purchase Agreement and this Order, and (iii) execute and deliver, close, perform under, consummate, and implement the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and the sale of the Smith Mineral Interests or as may be reasonably necessary or appropriate to the

---

[1] Except as otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

#185996091_v5 838496.15051

performance of the obligations as contemplated by the Purchase Agreement and such ancillary documents.

4. This Order shall be binding in all respects upon the Debtors, their estates, all holders of equity interests in the Debtors, all holders of any Claim(s) (as defined in the Bankruptcy Code) against the Debtors, whether known or unknown, any holders of liens, claims, encumbrances, and other interests on all or any portion of the Mineral Interests, the Successful Bidder, all successors and assigns of the Successful Bidder, any other bidders for the Mineral Interests, and the Trustee. This Order and the Purchase Agreement shall inure to the benefit of the Debtors, their estates, creditors, the Successful Bidder, and each of their respective successors and assigns. Nothing contained in any plan of reorganization or liquidation or order of any type or kind entered in this Chapter 11 Case or any subsequent chapter 7 or chapter 11 case for the Debtors or any related proceedings subsequent to the entry of this Order shall directly conflict with or derogate from the provisions of the Purchase Agreement or the terms of this Order.

5. Pursuant to sections 105(a), 363(b), 363(f), 365(b), and 365(f) of the Bankruptcy Code, the Trustee is authorized and directed to transfer the Smith Mineral Interests on the applicable closing date. The Smith Mineral Interests shall be transferred to the Successful Bidder upon and as of the applicable closing date, and such transfer shall constitute a legal, valid, binding and effective transfer of the Smith Mineral Interests and, upon the Trustee's receipt of the Purchase Price (as defined in the Purchase Agreement), shall be free and clear of all Encumbrances (as defined in the Purchase Agreement), and except for the Permitted Encumbrances and Assumed Liabilities under the Purchase Agreement, if any. Upon the closing, the Successful Bidder shall take title to and possession of the Smith Mineral Interests subject only to the Assumed Liabilities (as set forth in the Purchase Agreement). All Encumbrances (other than the Permitted

Encumbrances) shall attach to the proceeds of the sale of Smith Mineral Interests with the same validity, priority, force, and effect that they now have as against the Smith Mineral Interests, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

6. The Successful Bidder is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Successful Bidder is acting in good faith within the meaning of section 363(m) in consummating the sale. The Successful Bidder has proceeded in good faith in all respects in that, *inter alia*: (i) the Successful Bidder recognized that the Trustee was free to deal with any other party interested in acquiring the Smith Mineral Interests; (ii) the Successful Bidder complied with the provisions of the Bid Procedures Order; (iii) the Successful Bidder's bid was subjected to the competitive bid procedures set forth in the Motion and Auction Agreement and approved by the Bid Procedures Order; (iv) no common identity of directors or officers exists among the Successful Bidder and the Debtors, and (v) all payments to be made by the Successful Bidder and all other material agreements or arrangements entered into by the Successful Bidder and the Trustee in connection with the sale have been disclosed.

7. Except as expressly provided by the Purchase Agreement, all persons and entities holding Encumbrances (other than the Permitted Encumbrances) on all or any portion of the Smith Mineral Interests are forever barred, estopped, and permanently enjoined from asserting against the Successful Bidder or its successors or assigns, their property, or the Smith Mineral Interests, such Encumbrances (other than the Permitted Encumbrances) and all claims and rights relating thereto. On the applicable closing date, each holder of an Encumbrances (other than the Permitted Encumbrances) is authorized and directed to execute such documents and take all other actions as may be deemed by the Successful Bidder to be necessary or desirable to release its Encumbrances

#185996091_v5 838496.15051

on the Smith Mineral Interests, as provided for herein, as such Encumbrances may have been recorded or may otherwise exist.

8. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors or Trustee to sell and transfer the Smith Mineral Interests to the Successful Bidder.

9. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the appropriate recorder to cancel any Encumbrances (other than the Permitted Encumbrances).

10. If any person or entity that has filed statements or other documents or agreements evidencing Encumbrances on all or any portion of the Smith Mineral Interests shall not have delivered to the Successful Bidder prior to the applicable closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of Encumbrances and any other documents necessary or desirable to the Successful Bidder for the purpose of documenting the release of all Encumbrances, which the person or entity has or may assert with respect to all or any portion of the Smith Mineral Interests, the Trustee is hereby authorized and directed, and the Successful Bidder is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Smith Mineral Interests.

11. This Order shall govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or

otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby authorized and directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

12. Pursuant to Rules 4001, 6004(h), 6006(d), 7062, and 9014 of the Bankruptcy Rules, this Order shall be effective immediately upon its entry, and the Trustee and the Successful Bidder are authorized to close the sale of Smith Mineral Interests immediately.

13. The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety.

14. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates or on the interests of the Successful Bidder.

15. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion filed in this Chapter 11 Case, the terms of this Order shall govern.

16. The Court shall retain jurisdiction to, among other things, interpret, implement and enforce the terms and provisions of this Order, the Purchase Agreement, and all amendments thereto and any releases, waivers and consents hereunder and thereunder, and each of the agreements executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors to the Successful Bidder, and to adjudicate, if necessary, any and all

disputes concerning or relating in any way to any of the foregoing. So long as the Debtors' Chapter 11 Cases are not closed (or, if closed but then reopened), the Court shall retain jurisdiction to enforce the injunctions and other rights of the Successful Bidder described in this Order, in the event that after an applicable closing date any third parties attempt to or actually interfere with such rights of any Successful Bidder, even if the Debtors are not directly involved or named in any such actions or disputes between the Successful Bidder and such third parties.

17. Notwithstanding the provisions of Bankruptcy Rule 6004(h) and 6006(d), this Order shall be effective and enforceable immediately and shall not be stayed. Time is of the essence in closing the sale and the Trustee and the Successful Bidder intend to close the sale as soon as practicable. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being dismissed as moot.

# # #

Entry Requested By:

Morris D. Weiss
HOLLAND & KNIGHT LLP
100 Congress Avenue, 18th Floor
Austin, Texas 78701
Telephone: (512) 685-6400
Facsimile: (512) 685-6417
morris.weiss@hklaw.com

## EXHIBIT 1

**Purchase Agreement**



7201 I-40 West, Suite 319  /  Amarillo, TX 79106  /  phone 806-351-2953  /  fax 806-351-2835

## AGREEMENT FOR NEGOTIATED SALE

The undersigned Seller agrees to sell, and the undersigned Buyer agrees to buy the Property described as Lot No. __104059__ as set forth on EnergyNet.com, Inc. internet website, reference to which is hereby made for a more particular description of said Property, for the purchase price of __$46,000.00__ (plus applicable fees and recording as stated by separate invoice), payable in accordance with and subject to the terms and conditions of the Seller's Agreement for the Sale of Oil and Gas Properties and Buyer's Agreement to Purchase Properties heretofore executed by both Seller and Buyer. The effective date of the sale and purchase shall be __03/01/2023__.

Lot 104059 - Gregory Milligan, Chapter 11 Trustee for Daryl Greg Smith - Non-Producing Minerals (9,922.54 NMA) - Bent County, Colorado.

To facilitate the execution of this Agreement, any number of counterparts of this Agreement may be executed, and each counterpart which is executed by or on behalf of one or more of the Parties will be deemed an original instrument, but all counterparts together will constitute only one agreement. This Agreement will be deemed fully executed by all Parties if the counterparts, together, bear the signatures of all Parties. An electronic copy of the signature of a Party will be binding on the signing party and Delivery of this Agreement by electronic copy will constitute Delivery of this Agreement for all purposes and will thus be binding on the Party sending the electronic copy.

| SELLER: | BUYER: |
|---|---|
| Dated: _____ | Dated: __3/15/2023__ |
| Company Name: | Company Name: |
| Chapter 11 Trustee for Daryl Greg Smith | The Termo Company |
| Address: | Address: |
| 8911 N Capital of TX Hwy, Suite 2120 | P.O. Box 2767 |
| Austin, Texas 78759 | Long Beach, California 90801 |
| Signature: | Signature: *David Combs* (DocuSigned: 743781630FCF4F4...) |
| Printed Name: | Printed Name: |
| Gregory Milligan | David Combs |